Stephen Shaiken, Esq. (CA Bar No. 90915)
LAW OFFICES OF STEPHEN SHAIKEN
170 Columbus Avenue, Suite 100
San Francisco, CA 94133
Telephone: (415) 248-1012
Fax: (415) 248-0019
e mail: stephenshaikenesq@shaikenlaw.com

Attorney for Defendant
Jerry Wang

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE

| UNITED STATES OF AMERICA, | ) | **NO: CR 12-581 EJD** |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MOTION TO DISMISS COUNT SIX OF INDICTMENT** (Unauthorized Access to a Government Computer[18 U.S.C.§1030(a)(3) And 2]) |
| Jerry Wang | ) | Date: January 7, 2013 |
| Defendant | ) | Time: 1:00 p.m. |

**TO THE ABOVE ENTITLED COURT AND TO THE GOVERNMENT:**

**PLEASE TAKE NOTICE THAT** defendant Jerry Wang moves this Court for an order dismissing count Six of the indictment, alleging Unauthorized Access of a Government Copmuter in violation of 18 U.S.C. §§ 1030(a)(3) and 2;

The basis of this motion is that the statute as applied is overbroad and the conduct alleged is not within the intended ambit of this criminal statute.

Dated December 7, 2012 at San Francisco, CA.

Respectfully submitted,        THE LAW OFFICES OF STEPHEN SHAIKEN

By:         s/sshaikenesq
            Stephen Shaiken, Esq.

**BACKGROUND**

**A.    INTRODUCTION**

Defendant was the Chief Executive Officer and President of Herguan University (HGU) and University of East West Medicine (UEMW), which shared a campus in Sunnyvale, CA.

Defendant was also the Designated School Official (DSO), authorized by SEVIS, a unit of the Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE). SEVIS administers the program by which U.S. schools are authorized to admit foreign students and to issue them visas for their studies. The DSO is given an access code by SEVIS to enable them to enter the name and other information about the student and then print out an I-20 which is essentially their proof of a lawful student visa.

On July 24, 2012, the Grand Jury returned an indictment against Defendant. He was charged with the following offenses:

Count One:    Conspiracy to commit visa Fraud (18 U.S.S. § 371);

Count Two through Five:    Aiding and abetting Visa Fraud (18 U.S.C. §§ 1546(a) and 2;

Count Six: Aiding and abetting Unauthorized Access to Government Computer (18 U.S.C. §§ 1030(a)(3) and 2;

Count Seven through Thirteen: Use of False Document (18 U.S.C. § 1001(a)(3)

Count Six is based upon defendant allegedly having delegated his authority as DOS to his subordinates at HGU and allowing them to input data about new and continuing students and to issue and sign the I-20 cards [1] which are the basis of a foreign student obtaining a visa to study and work in the U.S.

The acts underlying Count Six are contained in §15(f) of the indictment under "Overt Acts. In addition, defendant has filed motions to suppress evidence obtained through search warrants and the acts alleged in support of Count six are contained in the search warrant affidavits attached to the motions.

---

[1] Even if true, signing the I-20s does not appear to be in any way covered by a statute criminalizing unauthorized access of a government computer as it does not require any computer usage in its commission.

2

(See Mackey Affidavit at §§28-32 within the search warrant for the school premises, attached to that motion as Exhibit A)

## POINTS AND AUTHORITIES

Defendant is accused of violating §1030(a) of the Computer Fraud and Abuse Act (CFAA).

The relevant statute at issue, 18 U.S.C.§ 1030(a)(3), reads as follows:

(a) Whoever -

(3) intentionally, without authorization to access any nonpublic computer of a department or agency of the United States, accesses such a computer of that department or agency that is exclusively for the use of the Government of the United States or, in the case of a computer not exclusively for such use, is used by or for the Government of the United States and such conduct affects that use by or for the Government of the United States;

shall be punished as provided in subsection © of this section.

## ARGUMENT

## I

## THE ACTS ALLEGED IN THE INDICTMENT TO NOT VIOLATE THE STATUTE

There is limited authority on the statute, possibly because it is not used often aside from hacking cases.

The Ninth Circuit has described the CFAA as "an anti-hacking statute" as opposed to "an expansive misappropriation statute." U.S. v. Nosal, 676 F.3d 854, 853 (9th Cir. 2012).[2] The court noted

---

[2] Nosal was a criminal prosecution for use of an employer's computer fro personal business. Nosal had convinced former colleagues at his former employer to download and forward to him confidential information which he was planning to use in competition with the former employer. The former colleagues had authorization to access the computer but not for these purposes. While the facts are different, the interpretation of the reach of the statute is on point as it explains that the statute is aimed at hackers, not unauthorized employees. The Court stated that under the principle of statutory construction, when the Court establishes a definition, it applies to the entire statute. Nosal, supra, 676 F.3d at 859.

its prior decision in <u>LVRC Holdings LLC v. Brekka</u>, 581 F.3d 1127 (9th Cir. 2009), "which construed narrowly" the phrase "without authorization." 676 F.3d at 856. In <u>Nosal</u>, the Court noted that "Congress enacted the CFAA in 1984 primarily to address the growing problem of computer hacking, recognizing that, "[i]n intentionally trespassing into someone's computer files, the offender obtains at the very least information as to how to break into that computer system." [citing S.Rep No.99-432, at 9 (1986)] 676 F.3d 858. The court noted that "The government agrees that the CFAA was concerned with hacking..." (Id).

The <u>Nosal</u> court did not rest its decision solely on people being ignorant of the law and unintentionally violating it, the went further and held that "While ignorance of the law is no excuse, we can properly be skeptical as to whether congress, in 1984, meant to criminalize conduct beyond that which is inherently wrongful, such as breaking into a computer."  676 F.3d 859

Here, defendant did not ask his employees to break into any computer or to obtain information to which he himself was not authorized to receive. He delegated his authority to access a government computer so that he could input information about students HGU had enroled and issue them I-20 cards as part of the process. [3]

In <u>Nosal,</u> the Court was unpersuaded by the government's assurances that they would not apply the statute overbroadly and would not prosecute minor violations. 676 F.3d 862. The court rejected contrary authority in other circuits, finding that in those cases, the circuits had looked only at the culpability of the defendants before them and had not considered the impact on millions of other Americans if the statute were applied so broadly.  (Id).

Here, defendant is charged criminally because instead of inputting data himself ands printing and signing the I-20 himself, he delegated this administrative function to his subordinates. This may well be a violation of SEVP regulations, bit it does not remotely approach hacking or breaking into a system or theft, nor was there any criminal intent. If this conduct were allowed to be prosecuted, than employees

---

[3]   While Count Six alleges that defendant was aiding and abetting, presumably the employees. There is no claim that the employees  acted criminally as opposed to violating other laws or regulations,  and they are not charged with any crimes.

like those in this case, as well as defendant and other employers, would face criminal prosecution for what are administrative violations.

The allegation that defendant allowed others without authorization to access a computer using his access account is precisely the kind of conduct that the Court in <u>Nosal</u> held did not fall within the criminal statute.

The court cited numerous district court cases which had followed the Ninth Circuit decision in <u>Brekka, supra</u>.  676 F.3d 863The Court held that  the rule of lenity requires that criminal statutes be strictly construed so that citizens know exactly what conduct is prohibited, . (Id).

## CONCLUSION

For the reasons set forth herein, Count Six should be dismissed.

Dated December 7, 2012                    Respectfully submitted,

                                       THE LAW OFFICES OF STEPHEN SHAIKEN

                    By:         s/sshaikenesq

                                       Stephen Shaiken, Esq.

**CERTIFICATION OF ELECTRONIC SERVICE**

I certify that on December 10, 2012, I caused to be filed the defendant's Motion to Dismiss Count Six, and that counsel for both parties are registered users of the electronic filing system of the Court:

Hartley West, AUSA

N.D. CA

450 Golden Gate Ave., 11th Floor

San Francisco, CA 94102

Dated December 10, 2010

                                        s/sshaikenesq

                                        Stephen Shaiken, Esq.