## ATTACHMENT A

ADMINISTRATIVE OFFICES OF HERGUAN UNIVERSITY AND THE UNIVERSITY OF EAST-WEST MEDICINE LOCATED AT 595 LAWRENCE EXPRESSWAY, SUNNYVALE, CALIFORNIA



595 Lawrence Expressway is a two-story commercial structure located at the intersection of Lawrence Expressway and Oakmead Parkway in Sunnyvale, CA. Located inside are classrooms and the offices of Herguan University and University of East West Medicine. The offices include a registrar office, finance office, and offices of Jerry WANG, Ying WANG, and Su TONG. The numbers "595" appear on the Northeast top corners of the building. A large sign reading "Herguan University" is located above the front entrance of the building on the top east side. A sign reading "University of East West Medicine" is located on the top north side of the building, and a sign reading "Medical Center University of E W Medicine" is located on the top west side of the building. The front entrance is located under the "Herguan University" sign. A rear door is located below the "Medical Center University of E W Medicine" sign. Numerous side doors are located on both the north and south sides.

## ATTACHMENT B

### ITEMS TO BE SEIZED

All items and records which constitute evidence, fruits, or instrumentalities of violations of 18 U.S.C. § 371 (Conspiracy to Commit Visa Fraud); 18 U.S.C. § 1546(a) (Visa Fraud); 18 U.S.C. § 1030(a)(3) (Unauthorized Access to a Government Computer); 18 U.S.C. § 1001(a)(3) (Use of False Documents); 18 U.S.C. § 1028A (Aggravated Identity Theft); and 18 U.S.C. § 2 (Aiding and Abetting) as identified below.

As used in this Attachment, the term "records" includes all of the items described in whatever form and by whatever means they may have been created and/or stored. This includes any handmade, photographic, mechanical, electrical, electronic, paper, digital, and/or magnetic forms. It also includes items in the form of computer hardware, software, documentation, passwords, e-mail, and/or data security devices.

The items and records to be seized from the SUBJECT PREMISES (described in Attachment A) include:

1. Records related the acquisition and maintenance of foreign student ("F-1") status for current and former foreign HERGUAN UNIVERSITY (HGU) and UNIVERSITY OF EAST-WEST MEDICINE (UEWM) students and applicants for the period between July 6, 2007, and the present, including visa applications, Forms I-20, Student an Exchange Visitor Information System (SEVIS) manuals and printouts, admissions applications and supporting documents, letters of acceptance/denial, supporting financial records, records of tuition and fee payments, attendance records, transcripts, diplomas, and records of any courses currently and previously held;

2. Records related to HGU and UEWM's authorization to admit foreign nationals, including Forms I-17 and I-17A, and all supplemental documentation in support of those applications, including transfer letters, articulation agreements, employment letters, employment and academic records related to individuals named in such documents, payments related to the acquisition of transfer letters or articulation agreements, and correspondence related to the acquisition and filing of such documents;

3. Applications, attendance sheets, and transcripts for Candace Zheng, Shane Guan, and David Wang.

4. Travel records related to Jerry WANG, Su Tong, and Ying Wang for the period between February 14, 2008, and the present, including passports, visas, airline tickets, boarding passes, and airline ticket receipts;

5. Address books, telephone lists and directories, and telephone records for Jerry WANG, Su Tong, and Ying Wang, between July 6, 2007, and the present;

6. Financial records related to HGU, UEWM, Vital Core Biosystems, Inc.; International Institutes for Health and Healing; Jerry WANG, Su Tong, and Ying Wang, for the period between July 6, 2007, and the present, including but not limited to tax records, investment account records, bank account records, account applications, account statements, signature cards, withdrawal slips, debit and credit memos, checkbooks, deposit slips, canceled checks, client checks, cashier's checks, financial statements, wire transfer records, wiring instructions, loan records, and credit reports;

7. Title, deed, escrow, lease, or other records for property purchased or leased by Jerry WANG, Su Tong, Ying Wang, HGU, or UEWM, for the period between February 14, 2008, and the present;

8. Money orders, personal checks, cashier's checks, credit card receipts, and other receipts relating to or constituting proceeds from the production or filing of fraudulent visa applications or visa-related forms, or relating to or constituting payments from foreign nationals for the maintenance of immigration status, for the period between February 14, 2008, and the present;

9. Items, documents, and effects showing residency and/or dominion and control of the place to be searched, including but not limited to keys, receipts, bills, canceled checks, mail envelopes, rental agreements, telephone records and bills, utility bills, and internet/cable provider statements for the period between July 6, 2007, and the present;

10. Computer equipment and/or storage devices used to create or store the items, data, or records referenced in the paragraphs of this Attachment, pursuant to the protocol set forth in Attachment C; and

11. Passwords, password files, test keys, encryption codes, operating manuals, and other information necessary to access the computer equipment, storage devices or data, as limited by Attachment C.

United States District Court for the Northern District of California

## *PROTOCOL FOR SEARCHING DEVICES OR MEDIA THAT STORE DATA ELECTRONICALLY*

THIS PROTOCOL WILL BE ATTACHED TO EACH SEARCH WARRANT THAT AUTHORIZES A SEARCH OF ANY DEVICE OR MEDIA THAT STORES DATA ELECTRONICALLY

It Also Will Be Incorporated, At Least As An Attachment, in the Affidavit Supporting the Warrant

1. In executing this warrant, the government will begin by ascertaining whether all or part of a search of a device or media that stores data electronically ("the device") reasonably can be completed at the location listed in the warrant ("the site") within a reasonable time. If the search reasonably can be completed on site, the government will remove the device from the site only if removal is necessary to preserve evidence, or if the item is contraband, a forfeitable instrumentality of the crime, or the fruit of a crime.

2. If the government determines that a search reasonably cannot be completed on site within a reasonable time period, the government must determine whether all or part of the authorized search can be completed by making a mirror image of, or in some other manner duplicating, the contents of the device and then conducting the forensic review of the mirror image or duplication off site. The government will complete a forensic review of that mirror image within 120 days of the execution of the search warrant.

3. In a circumstance where the government determines that a mirror image of the contents of a device cannot be created on site in a reasonable time, the government may seize and retain that device for 60 days in order to make a mirror image of the contents of the device.

4. When the government removes a device from the searched premises it may also remove any equipment or documents ("related equipment or documents") that reasonably appear to be necessary to create a mirror image of the contents of the device or conduct an off-site forensic review of a device.

5. When the government removes a device or related equipment or documents from the site in order to create a mirror image of the device's contents or to conduct an off-site forensic review of the device, the government must file a return with a magistrate judge that identifies with particularity the removed device or related equipment or documents within 14 calendar days of the execution of the search warrant.

6. Within a reasonable period of time, but not to exceed 60 calendar days after completing the forensic review of the device or image, the government must use reasonable efforts to return, delete, or destroy any data outside the scope of the warrant unless the government is otherwise permitted by law to retain such data.

7. The time periods set forth in this protocol may be extended by court order for good cause.

8. In the forensic review of any device or image under this warrant the government must make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, or other electronically-stored information that are identified with particularity in the warrant, while minimizing exposure or examination of irrelevant, privileged, or confidential files, to the extent reasonably practicable.

9. For the purposes of this search protocol, the phrase "to preserve evidence" is meant to encompass reasonable measures to ensure the integrity of information responsive to the warrant and the methods used to locate same.