JAMES McMANIS (40958)
MATTHEW SCHECHTER (212003)
TYLER ATKINSON (257997)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:   (408) 279-8700
Facsimile:    (408) 279-3244
Email:  tatkinson@mcmanislaw.com

Attorneys for Defendant
JERRY WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>JERRY WANG,<br><br>   Defendant. | Case No. CR 12-581 EJD<br><br>**NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS**<br><br>Date:          August 9, 2013<br>Time:         1:30 p.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

TO THE ABOVE ENTITLED COURT AND TO THE GOVERNMENT:

Defendant, Jerry Wang, moves this Court for an order granting a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure that will:

a)   Name the persons, other than defendant, who are referred to as "and others" in the indictment who are alleged to be co-conspirators and whose names are known;

b)   Specify the substance of, parties to, date of, and place of, the alleged oral fraudulent statements, representations, or promises, and various conspiratorial agreements referred to in the Indictment;

c)   Set out copies or the verbatim text of any written and allegedly false statements, representations, promises, and conspiratorial agreements;

1
NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS; Case No. CR 12-581 EJD

d) Specify the substance of alleged concealments by defendant;

e) Set out copies or the verbatim text and date of letters that the Indictment alleges were unlawfully communicated to SEVP;

f) Set out the substance of, parties to, date of, and place of the wire communications that the Indictment alleges were transmitted or caused to be transmitted by the defendants, and any details as to the government's monitoring of those transmissions;

g) Set out the dates, places, and particulars concerning each alleged overt act alleged in the Indictment;

h) Provide copies or verbatim texts of the items the Indictment states were provided by defendant;

i) Specify the identities of the documents allegedly forged, including who forged them and when;

j) Specify which Herguan employee was allegedly caused by defendant to access defendant's SEVIS account, as alleged in Count One;

k) Identify the Herguan students, identified in paragraph 13 of the Indictment, who allegedly paid defendant in exchange for maintaining active F-1 status.

l) Identify which transfer letter is alleged in paragraph 15 (c) of the Indictment to be false;

m) Identify the Herguan employee alleged in paragraph 15 (f) who was purportedly given instructions to access SEVIS.

n) Identify the "false claim and statement" alleged in paragraph 17 of the Indictment.

o) Name the individuals listed by their initials in paragraph 17 of the Indictment.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

Rule 7(f) of the Federal Rules of Criminal Procedure, which expressly provides for the court to order the Government to prepare a Bill of Particulars, was amended in 1966 for the

express purpose of encourage courts to be more liberal towards bills of particulars in federal criminal cases. See Fed. R. Civ. P. 7(f), advisory committee note of 1966.  The Bill of Particulars "is to furnish to the defendant further information respecting the charge stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial," and when necessary for those purposes, is to be granted even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature," and an accused is entitled to this "as of right." *United States v. United States Gypsum Co.*, 37 F.Supp. 398, 402 (D.C. Cir. 1941).

There is no discovery means in criminal cases, such as provided by the civil rules for civil cases, and the only means open to a defendant, in a criminal case, for the securing of the details of the charge against him is that afforded by Rule 7(f) of the Federal Rules of Criminal Procedure. " 'Bills of particulars have grown from very small and technical beginnings into most important instruments of justice.  . . . While they are not intended to advise a party of his adversary's evidence or theory, they will be required, even if that is the effect, in cases where justice necessitates it.' " *U.S. v. Balaban*, 26 F. Supp. 491, 499 (N.D. Ill. 1939).

A defendant is presumed innocent, and the government is not permitted to assume a charged individual "knows what he did, and therefore, has all the information necessary." Presumed innocent, the defendant "is ignorant of the facts on which the pleader founds his charges." *Fontana v. United States*, 262 F. 283, 286 (8th Cir. 1919).

///
///
///
///
///
///
///
///
///

3

NOTICE OF MOTION AND MOTION FOR BILL OF PARTICULARS; Case No. CR 12-581 EJD

## CONCLUSION

The motion for a bill of particulars should be granted with respect to each item listed above.

Respectfully submitted,

DATED: July 26, 2013						McMANIS FAULKNER

/s/ Tyler Atkinson
JAMES McMANIS
MATTHEW SCHECHTER
TYLER ATKINSON

Attorneys for Defendant
JERRY WANG