JAMES McMANIS (40958)
MATTHEW SCHECHTER (212003)
TYLER ATKINSON (257997)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:    (408) 279-8700
Facsimile:    (408) 279-3244
Email:  tatkinson@mcmanislaw.com

Attorneys for Defendant
JERRY WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JERRY WANG,<br><br>　　　　　Defendant. | Case No. CR 12-581 EJD<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE**<br><br>Date:　　　August 9, 2013<br>Time:　　　1:30 p.m.<br>Courtroom:　4, 5th Floor<br>Judge: Hon. Edward J. Davila |

TO THE ABOVE ENTITLED COURT AND TO THE GOVERNMENT:

**Relief Sought**

Defendant Jerry Wang moves this Court for an order compelling the government to produce, to the extent that it is available to the government, the following exculpatory and impeachment material:

1.　　The name and address of every person that the government has interviewed in connection with this case, that possesses information relevant to the issue of the defendant's guilt or innocence, and whom the government does not intend to call as a witness at trial.

2.　　Any written statements, transcripts, recordings, summaries, or notes of oral statements given by any person described in Request No. 1, above.  This includes any

1

NOTICE OF MOTION AND MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE; Case No. CR 12-581 EJD

1 handwriting exemplars provided or obtained by the government.

2     3. Documents or tangible evidence bearing on the guilt or innocence of the defendant, on the credibility of any witness, or on the reliability of any document or tangible evidence.

    4. The name, address, and telephone number of any person who has received or benefitted from any payment or grant or promise of immunity or other favorable consideration, direct or indirect, from the government in connection with the investigation or prosecution of this case.

    5. Copies of or permission for the defense to inspect and copy any document in the possession of the government that authorizes, approves, implements, or evidences a payment, promise, or grant described in Request No. 4, above.

    6. Any documents or discs created for this case and bates numbered JW 006 through JW 011

    7. Any Report of Investigation for this case and numbered 25-26 and 28 or above.

### Grounds for Relief

    1. Each of the requests sought by this motion is justified under the doctrine established in the leading case of *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

    2. The identity and statements of witnesses that are not favorable to the government and that the government does not intend to call may be essential. The defense does not appear to have received all exculpatory evidence in the government's control, including relevant SEVP reports, and the bates-stamped documents identified above.

    3. The defense has no comparable resources to the government. Because the prosecution is, under *Brady*, "presumed to have knowledge of all information gathered in connection with the government's investigation" *United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995), there is no burden in charging the prosecutor with reviewing this evidence to determine whether there is any exculpatory or impeachment evidence that should be disclosed under Brady. Any conviction obtained without fulfilling this obligation may well be overturned on that basis. After all, the Supreme Court has explicitly stated that "[i]f evidence highly

probative of innocence is in [the prosecutor]'s file, [the prosecutor] should be presumed to recognize its significance, even if he [or she] has actually overlooked it." *United States v. Agurs*, 427 U.S. 97, 110 (1976).

4. The requests for information concerning payments or promises made to government witnesses has been explicitly held to be Brady material that the government must disclose. See, e.g., *Giglio v. United States*, 405 U.S. 150, 154–155 (1972); *United States v. Schaffer*, 789 F.2d 452, 454–455 (9th Cir. 1986) (failure to disclose cooperation agreement mandated new trial); *United States v. Boyd*, 55 F.3d 239, 244 (7th Cir. 1995) (conviction reversed for failure to disclose benefits paid to government witness).

5. Because the material sought in this motion is so clearly authorized by *Brady* and its progeny, it is essential that the government be ordered to disclose it in a prompt manner. The courts have recognized that any tardiness on the part of the government may prevent the defense "from employing the material to good effect." *United States v. Innamorati*, 996 F.2d 456, 480 (1st Cir. 1993).

**Supporting Materials**

This motion is based on this document, on all of the pleadings and papers already on file in this action, and on any such further evidence that may be adduced at hearing.

Respectfully submitted,

DATED: July 26, 2013      McMANIS FAULKNER

/s/ Tyler Atkinson
JAMES McMANIS
MATTHEW SCHECHTER
TYLER ATKINSON

Attorneys for Defendant
JERRY WANG

NOTICE OF MOTION AND MOTION TO COMPEL DISCLOSURE OF EXCULPATORY EVIDENCE; Case No. CR 12-581 EJD