JAMES McMANIS (40958)
MATTHEW SCHECHTER (212003)
TYLER ATKINSON (257997)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:   (408) 279-8700
Facsimile:    (408) 279-3244
Email:  tatkinson@mcmanislaw.com

Attorneys for Defendant
JERRY WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    vs.<br><br>JERRY WANG,<br><br>          Defendant. | Case No. CR 12-581 EJD<br><br>**NOTICE OF MOTION AND MOTION FOR IMMEDIATE DISCLOSURE OF FAVORABLE EVIDENCE**<br><br>Date:       August 9, 2013<br>Time:       1:30 p.m.<br>Courtroom:  4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

TO THE ABOVE ENTITLED COURT AND TO THE GOVERNMENT:

Defendant, Jerry Wang, moves the Court to require the government to disclose immediately any previously undisclosed evidence or information in its possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, that is favorable to the defendant and is material to the issues of his guilt, innocence, or sentencing, or that bears on the credibility of a government witness, or that consists of documents or tangible objects that are material to the preparation of the defense or are intended for use by the government as evidence at trial.

The information requested includes, but is not limited to, the following:

1.     The name, last known address, and prior statements, grand jury testimony, or

1
NOTICE OF MOTION AND MOTION FOR IMMEDIATE DISCLOSURE OF FAVORABLE
EVIDENCE; Case No. CR 12-581 EJD

memoranda of interview, if any, of any individual whose testimony would be favorable to the defendant in any way or consistent with the defendant's innocence.

2. The name, last known address, and prior statements or memoranda of interview, if any, of any individual whose testimony would contradict or be inconsistent with the expected testimony of any witness for the government, regardless of whether the government intends to call that person as a government witness.

3. Any documentary evidence or information that contradicts or is inconsistent with the expected testimony of any witness for the government.

4. Any prior statements of a witness for the government that are inconsistent with his or her expected trial testimony.

5. The name, address, and prior statements or memoranda of interview, if any, of any individual who has been interviewed by the government who had knowledge of the activity alleged in the indictment or was present when the events in question occurred and who failed to implicate the defendant in this activity.

6. Any and all books, papers, records, or documents that contain evidence favorable to the defendant or are consistent with the defendant's innocence or are material to the preparation of the defense or are intended for use by the government as evidence at trial.

7. Any grants of immunity, favors, or promises of any kind made to a witness in connection with obtaining his or her testimony. This includes any plea agreement entered into between the government and the witness pursuant to which, or as a result of which, the witness is testifying against the accused in this case or on behalf of the government at any other trial, grand jury, or other proceeding, or is furnishing data or information to the government.

8. An accounting of any money paid to any witness by the government including, but not limited to, rewards, subsistence payments, expenses, or payments made for specific information supplied to the government.

9. Any assistance provided by any attorney or agent of the government to a witness for any reason.

10. The criminal identification and history sheet of each government witness,

1  including but not limited to Ling Li aka Lin Li.

2      11.    Any criminal charges pending against any government witness that have not been
3  disposed of either by conviction, plea, or acquittal, including but not limited to Ling Li aka Lin
4  Li.

5      12.    Any criminal activity in which a government witness has engaged that has not
6  resulted in prosecution or conviction, including but not limited to Ling Li aka Lin Li.

7      13.    The results of reports of any scientific, or any other, examinations or tests
8  performed by the government on any evidence in this case.

### Grounds for Relief

10     1.    Defense counsel has received from the government certain information and
11 documents. As the Court and the government are aware, the government must provide defense
12 counsel with, among other things, any evidence favorable to the defendant.

13     2.    This motion is necessary in order to preserve on the record any issues under
14 *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and its progeny, as the protections afforded under
15 those authorities are, to a certain extent, contingent on a defense request. See *United States v.*
16 *Agurs*, 427 U.S. 97, 106 (1976) (in post-trial claims for denial of due process, there is lower
17 standard for measuring relevancy of material not disclosed than when no request has been made).

18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27
28

NOTICE OF MOTION AND MOTION FOR IMMEDIATE DISCLOSURE OF FAVORABLE EVIDENCE; Case No. CR 12-581 EJD

**Record on Motion**

This motion is based on this document on all of the pleadings and papers already on file in this action, and on any such further evidence that may be adduced at hearing.

Respectfully submitted,

DATED: July 26, 2013     McMANIS FAULKNER

/s/ Tyler Atkinson
JAMES McMANIS
MATTHEW SCHECHTER
TYLER ATKINSON

Attorneys for Defendant
JERRY WANG