MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

HARTLEY M. K. WEST (CABN 191609)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6747
    FAX: (415) 436-7234
    Hartley.West@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR 12-0581 EJD |
| Plaintiff, | ) |
| vs. | ) UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR BILL OF PARTICULARS |
| JERRY WANG, | ) Date: December 13, 2013 |
| Defendant. | ) Time: 1:30 p.m. |

## I.   INTRODUCTION

The United States opposes defendant Jerry Wang's motion for a bill of particulars. The Indictment is sufficient and full discovery has been provided. Accordingly, a bill of particulars is unnecessary and inappropriate.

## II.   ARGUMENT

"A bill of particulars is appropriate when the indictment is insufficient to permit the preparation of an adequate defense." *United States v*. DiCesare, 765 F.2d 890 (9th Cir. 1985). "It is designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to

aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *see also United States v. Ayers*, 924 F.2d 1468, 1483-84 (9th Cir. 1991). "In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054.  A bill of particulars is unnecessary where an Indictment is sufficient and full discovery has been provided. *See Ayers*, 924 F.2d at 1484 ("Where an indictment is sufficient, the court is within its discretion in denying a request for a bill of particulars."); *Long*, 706 F.2d at 1054 ("Full discovery will obviate the need for a bill of particulars." ).

The specific information that the defense seeks through a bill of particulars is already available to it through the Indictment and through full discovery, including all Reports of Investigation (ROIs), all evidence seized during the search warrants, all records obtained in the investigation, and all grand jury testimony.

As for the identities of the alleged co-conspirators (Def. Mtn. ¶ (a)), the Indictment identifies them by the initials Y.W. and S.T. and describes their relationship to defendant (his father and mother, respectively), as well as their role in the conspiracy, set forth in the "Manner and Means" and "Overt Acts" sections. *See* Indictment (Ind.) ¶¶ 2-3, 11-15.  Further, the discovery contains summaries of every statement by every witness interviewed in this case, which provide the defense with even more detail. In any event, a desire "to obtain the names of any unknown coconspirators . . . do[es] not warrant a bill of particulars." *DiCesare*, 765 F.2d at 897.

The Manner and Means and Overt Act sections of the Indictment also provide sufficient detail about the alleged false representations (Def. Mtn. ¶ (b) & (c)). Ind. ¶¶ 11-15.  Again, the discovery provides yet more detail regarding the falsity of the transfer letter, employment letters, transcripts, and Herguan Academic Warning Letter. Ind. ¶ 21. While the defendant seeks a bill of particulars regarding "the substance of alleged concealments by the defendant" (Def. Mtn. ¶ (d)), the Indictment does not allege a concealment.

The defense requests "copies of or the verbatim text and date of letters" referenced in the Indictment (Def. Mtn. ¶ (e)); the "substance of, parties to, date of, and place of, the wire

U.S. OPP. TO DEFT'S MTN.
FOR BILL OF PARTICULARS
CR 12-0581 EJD                                      2

communications that the Indictment alleges were transmitted or caused to be transmitted by the defendants, and any details as to the government's monitoring of those transmissions" (Def. Mtn. ¶ (f)); "the dates, places, and particulars concerning each alleged overt act" (Def. Mtn. ¶ (g)); "copies or verbatim texts of the items the Indictment states were provided by defendant" (Def. Mtn. ¶ (h)); "the identities of the documents allegedly forged, including who forged them and when" (Def. Mtn. ¶ (i)); the identity of the Herguan employees and students referenced in Count One and paragraphs 13 and 15 of the Indictment (Def. Mtn. ¶ (j), (k) & (m)); identification of "which transfer letter is alleged in paragraph 15(c) of the Indictment to be false" (Def. Mtn. ¶ (l)); and the names of the "individuals listed by their initials in paragraph 17 of the Indictment" (Def. Mtn. ¶ (o)). The government has produced in discovery all of the transfer and employment letters, forged documents, and other records referenced, which are specifically described in the Indictment, and ROIs of every employee and student interviewed, including the individuals listed by initials in paragraph 17. The Indictment also specifically describes the overt acts, including the date of occurrence (¶ 15), and the transfer letter (¶¶ 15(c) & 21 (Count 7)).

Finally, the defense seeks a bill of particulars identifying the "'false claim and statement' alleged in paragraph 17 of the Indictment." (Def. Mtn. ¶ (n).) Paragraph 17 alleges visa fraud, committed through forged and falsely made I-20 Forms. As the Indictment specifies, the government intends to prove that the defendant's signatures on the I-20s were forged. Indeed, the defendant concedes that he had other people sign his name on the I-20s. (Def. Mtn. to Dismiss Cts. 2-6 at 4:22.) The government also intends to argue that the I-20s contain false certifications. Specifically, the forged signature appears as a certification under penalty of perjury of the defendant, when the signature is not truly that of the defendant, and certifies that the signatory is a "designated official . . . authorized to issue this form," when in fact the signor was not a designated official and by regulation was therefore *not* authorized to issue the form. All of the forged and falsely made I-20 Forms referenced in the Indictment have been provided in discovery.

/ / /

/ / /

/ / /

U.S. OPP. TO DEFT'S MTN.
FOR BILL OF PARTICULARS
CR 12-0581 EJD 3

### III. CONCLUSION

The Court should deny the defendant's motion for a bill of particulars, as the Indictment is sufficiently specific and the discovery full and complete.

DATED: November 8, 2013

Respectfully submitted,

MELINDA HAAG
United States Attorney

/s/

HARTLEY M. K. WEST
Assistant United States Attorney