JAMES McMANIS (40958)
MATTHEW SCHECHTER (212003)
TYLER ATKINSON (257997)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:     (408) 279-8700
Facsimile:      (408) 279-3244
Email:  tatkinson@mcmanislaw.com

Attorneys for Defendant
JERRY WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     vs.<br><br>JERRY WANG,<br><br>            Defendant. | Case No. CR 12-581 EJD<br><br>**DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION FOR BILL OF PARTICULARS**<br><br>Date:          January 24, 2014<br>Time:         1:30 p.m.<br>Courtroom: 4, 5th Floor<br>Judge:        Hon. Edward J. Davila |

Plaintiff, the United States of America ("government"), opposes the motion for a Bill of Particulars brought by defendant, Jerry Wang ("defendant"), on the grounds that "the Indictment is sufficient and full discovery has been provided."  (Gov't Opposition, 1:22.)  The government's assertion is incorrect.

Defendant's bill of particulars identified fifteen (15) different items for which he sought information via the bill of particulars.  Although the government says the answers to all of those categories has been provided, that simply is not the case.

Thus, the first request is for the name of the individuals, other than defendant "who are referred to as 'and others' in the indictment who are alleged to be co-conspirators and whose

1
DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION FOR BILL OF PARTICULARS; CASE NO. CR 12-581 EJD

names are known[.]" (Defendant's Motion, ¶ (a).)  The government claims that the alleged co-conspirators are identified by their initials Y.W. and S.T, that the discovery contains summaries of "every statement of every witness interviewed[,]" and that a bill or particulars is not proper for names of "unknown coconspirators."  (Gov't Opposition, 2:13-19.)  This responses most clearly exemplifies why defendant's motion should be granted.  While Y.W. and S.T. were identified in Paragraph 12 of the Indictment as the individuals who signed I-20s when defendant was unavailable, that does not tell defendant who the "others" were who conspired with him to "cause[] Herguan University to submit to SEVP a Form I-17 to admit foreign students, a Form I-17A identifying the school's DSOs, and supplemental documentation[]" as alleged in Paragraph 11 of the Indictment.  Unless Y.W. and S.T. are the co-conspirators as to those acts, then the government has failed to provide complete information.  Referring to the discovery is meaningless.  While that tells defendant who the government interviewed, it does not tell him who the government believes acted as part of the conspiracy.  If the government does not know who the co-conspirators are, then it should say so.

Similarly, as to requests seeking the identify of individuals who "allegedly caused by defendant to access defendant's SEVIS account," "allegedly paid defendant in exchange for maintaining active F-1 status," and who was "purportedly given instructions to access SEVIS," as well as "which transfer letter is alleged in paragraph 15 (c) of the Indictment … [is] false[]" (Defendant's Motion, ¶¶ (j), (k), (l), and (m)), the government again just refers to documents produced, rather than provide specific answers or identifying the specific documents at issue.  It seems counter-productive, and inappropriate, for the government to provide defendant with hundreds of pages of discovery and then, when asked to provide more specificity as to certain names or documents, just make a "wave of the hand" and say, it's is in there somewhere.  If the government can provide the specificity defendant seeks, then there is no valid reason why is cannot, and should not, do so.

At the same time, telling defendant that he has transfer and employment letters, allegedly "forged" documents, witness interviews, and so forth, does not tell him who the <u>government</u> believes are the individuals it refers to, but does not name, in the Indictment.  Presumably, the

government will need to call witnesses at trial to testify as to the specifics of the allegations set forth in the Indictment and identify the individuals who "paid defendant" or "received instructions." If it is going to present such evidence at trial, then it is in a position to provide those names to defendant at this time, so that he can properly and completely prepare for trial. Moreover, providing such names or identifying documents does not advise defendant of the government's evidence or theory. Rather, it simply allows defendant to get a better understanding of the charges against him and thereby allow him to prepare his defense.

The government cannot engage in prejudicial surprise at trial and the information sought by defendant through his Bill of Particulars is designed to prevent that. The government has not fully or properly provided answers or information in response to defendant's list of topics in his Bill of Particulars and, as a result, defendant's motion should be granted.

## **CONCLUSION**

Defendant respectfully request that his motion for Bill of Particulars, pursuant to Federal Rule of Criminal Procedure 7(b), be granted.

Dated: December 16, 2013

McMANIS FAULKNER

/s/ Tyler Atkinson
JAMES McMANIS
MATTHEW SCHECHTER
TYLER ATKINSON

Attorneys for Defendant
JERRY WANG