1  JAMES McMANIS (40958)
   MATTHEW SCHECHTER (212003)
2  TYLER ATKINSON (257997)
   McMANIS FAULKNER
3  A Professional Corporation
   50 West San Fernando Street, 10th Floor
4  San Jose, California 95113
   Telephone:     (408) 279-8700
5  Facsimile:     (408) 279-3244
   Email:  tatkinson@mcmanislaw.com
6
   Attorneys for Defendant
7  JERRY WANG

8                  UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
9                     SAN JOSE DIVISION

10

11  UNITED STATES OF AMERICA,          Case No. 12-CR-00581 (EJD)

12              Plaintiff,             **DEFENDANT'S REPLY TO UNITED
                                       STATES' OPPOSITION TO MOTION TO
13         vs.                         DISMISS COUNTS TWO THROUGH SIX
                                       OF INDICTMENT**
14  JERRY WANG,
                                       Date:        January 24, 2014
15              Defendant.             Time:        1:30 p.m.
                                       Courtroom:   4, 5th Floor
16                                     Judge:       Hon. Edward J. Davila

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS TWO
THROUGH SIX OF THE INDICTMENT; CASE NO. 12-CR-00581 (EJD)

1

# **TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

LEGAL ARGUMENT.....................................................................................................................2

      I.      THE CRIME OF AIDING AND ABETTING VISA FRAUD
            HAS NOT BEEN SET FORTH IN COUNTS TWO THROUGH
            FIVE OF THE INDICTMENT.................................................................................2

      II.     THE CRIME OF UNAUTHORIZED ACCESS TO A
            GOVERNMENT COMPUTER HAS NOT BEEN SET FORTH
            IN COUNT SIX OF THE INDICTMENT ........................................................4

CONCLUSION................................................................................................................................7

i

# TABLE OF AUTHORITIES

**Cases**

*In re Feagins*, 439 B.R. 165 (D. Haw. 2010)................................................................................. 2

*LVRC Holdings LLC v. Brekka*, 581 F.3d 1127 (9th Cir. 2009)........................................ 1, 4, 5, 6

*Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224 (2007)............................................. 5

*U.S. v. Nosal*, 676 F.3d 854 (9th Cir. 2012) .......................................................................... 1, 4, 5

*U.S. v. Price*, 655 F.2d 958 (9th Cir. 1981) ................................................................................. 3

*United States v. Kozminski*, 487 U.S. 931 (9th Cir. 1988)............................................................ 6

*Vizcarra-Ayala v. Mukasey*, 514 F. 3d 870 (9th Cir. 2008)......................................................... 3

**Statutes**

18 U.S.C.1030(a) .................................................................................................................... 5, 6, 7

**Other Authorities**

Model Penal Code § 224.1(1) ......................................................................................................... 3

DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS TWO THROUGH SIX OF THE INDICTMENT; CASE NO. 12-CR-00581 (EJD)

1

**INTRODUCTION**

2       Plaintiff, the United States of America ("government"), opposes the motion brought by

3   defendant, Jerry Wang ("defendant"), to dismiss counts two, three, four, five, and six of the

4   Indictment.  The Government argues just that each count of the Indictment tracks the language of

5   the applicable offense and, therefore, sets out the elements of the offense which is sufficient to

6   survive a motion to dismiss.  The government also contends that the decisions in *LVRC Holdings*

7   *LLC v. Brekka*, 581 F.3d 1127 (9th Cir. 2009) and *U.S. v. Nosal*, 676 F.3d 854 (9th Cir. 2012)

8   involve different subsections of the Computer Fraud and Abuse Act ("CFAA") and are not

9   applicable to this case.  The government's arguments are without merit and defendant's motion

10   should be granted.

11       The government, in taking the stand that the four corners of the Indictment are sufficient,

12   does not contest the cases cited and relied on by defendant which show that his designating the

13   authority to another to sign his name on documents does not amount to forgery as charged in the

14   Indictment.  There are no allegations that any of the information on the I-20 forms is inaccurate;

15   rather, it is just that someone else allegedly signed defendant's name for him.  Given that the

16   document does not purport to be something is it not, and defendant allegedly authorized others to

17   sign his name when he was unable to do so, there has been no forgery, and therefore no aiding

18   and abetting of visa fraud.

19       The government is also incorrect about the application of *Brekka* and *Nosal* to this case.

20   As made clear by the holdings in those cases, the term "without authorization" is defined

21   consistently across all parts of the CFAA.  As defined, if a party is given authorization to access

22   a computer, as defendant was here, then the party does not engage in illegal activity even if he or

23   she exceeds that authorization.  Moreover, taken to its logical conclusion, the government would

24   effectively prevent any individual from inputting information into the SEVIS computer,

25   regardless of authorization by another or the reasons therefore, unless given the "blessing" of the

26   government to do so.  Because the CFAA was designed as an anti-hacking statute, not one to

27   punish people who ask another to input information into a computer, the allegations set forth in

28

1

DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS TWO
THROUGH SIX OF THE INDICTMENT; CASE NO. 12-CR-00581 (EJD)

1    the sixth count of the indictment fail to make out the crime charged.  Defendant's motion to

2    dismiss should be granted in full.

3                                    **LEGAL ARGUMENT**

4    **I.    THE CRIME OF AIDING AND ABETTING VISA FRAUD HAS NOT BEEN SET
            FORTH IN COUNTS TWO THROUGH FIVE OF THE INDICTMENT.**
5

6            In opposing the motion to dismiss counts two through five of the Indictment charging

7    defendant with aiding and abetting visa fraud, the government relies on the argument that (1) the

8    Indictment tracks the statutory language which is sufficient, (2) in reading the Indictment as a

9    whole the allegations state the offense charged, and (3) the Court must accept the truth of the

10   Indictment's allegations.  (Gov't Opposition, 4:4-13.)  Moreover, the government does not

11   dispute or distinguish the case law cited by defendant as to the definition of forgery or the

12   subsequent ratification of an agent's signature.  As a result, those cases, and their application to

13   the case at bar, go unchallenged.

14           The lack of challenge to the cases cited by defendant in his motion is significant.  The

15   government rests its opposition on the four corners of the Indictment and goes as far as to argue

16   that, as to defendant's claim that he delegated his authority to sign the I-20s, this Court "'must

17   accept the truth of the allegations in the indictment[.]'"  (Gov't Opposition, 4:12.)  However, the

18   indictment says that defendant instructed others to sign the I-20s on his behalf when he was out

19   of the country.  (Indictment, ¶ 12.)  As discussed in the memorandum of points and authorities,

20   if someone else signed for defendant with his permission, such a signature cannot constitute

21   forgery.  *See In re Feagins*, 439 B.R. 165, 174 (D. Haw. 2010).  Indeed, the government's

22   opposition does not even contend, or cite to any case or statute, that criminalizes the act of

23   someone signing a Form I-20 other than the named signatory, or that a Designated School

24   Official ("DSO") is not permitted to authorize another individual to sign on his or her behalf.

25   Although the government – in its opposition to a different motion – claims that the I-20's contain

26   "false certifications" because the signature appears as a "certification under penalty of perjury of

27   the defendant[]" (Gov't Opp. to Motion for Bill of Particulars, 3:18-20), that allegation <u>does not</u>

28

                                            2
     DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS TWO
     THROUGH SIX OF THE INDICTMENT; CASE NO. 12-CR-00581 (EJD)

1  appear in the Indictment and the government cannot now try to rely on such a claim to bolster its

2  position that defendant aided and abetted visa fraud.

3       The government asks this Court to find that the Indictment is sufficient because it simply

4  says defendant forged certain documents, while ignoring the language in that same Indictment

5  which alleges he had others sign on his behalf.  Given that the government has failed to allege

6  that his signature was made by others without his approval or authorization, the Indictment fails

7  to make out the offense and dismissal is required.

8       The Indictment is also faulty because it contains no allegations or proof that a forged

9  document was ever made.  The only allegation contained in the Indictment as to how the I-20s

10  were forged is that Y.W or S.T. "forge[d]" defendant's signature when he was unavailable.

11  (Indictment, ¶ 12.)  There is not a single allegation than any of the information contained within

12  the form is incorrect, or that defendant intended to defraud the United States.  "[F]orgery is the

13  false making, with the intent to defraud, of a document which is not what it purports to be, as

14  distinct from a document which is genuine but nevertheless contains a term or representation

15  known to be false." *U.S. v. Price*, 655 F.2d 958 (9th Cir. 1981).  Moreover, it is the "falseness"

16  of the document that is central to a finding that a document has been forged.  *See*, *e.g.*, *Vizcarra-*

17  *Ayala v. Mukasey*, 514 F. 3d 870, 875 (9th Cir. 2008), quoting Model Penal Code § 224.1(1)

18  (Forgery, "in relevant part, [is defined] as 'alter[ing] any writing of another without his

19  authority' or making 'any writing so that it purports to be the act of another who did not

20  authorize that act.'")

21       As discussed above, defendant authorized others – here Y.W. and S.T. – to sign the I-20s

22  on his behalf.  The Indictment says as much, but does not contend that such signatures were

23  unauthorized.  Furthermore, the Indictment makes no claims that anything in the I-20s at issue

24  were false.  And none of the cases cited by defendant to support his motion are disputed, or even

25  mentioned, by the government in its opposition.  Ultimately, the only thing on which the

26  government bases its charge for visa fraud is the "forged" I-20s, except that they have failed to

27  allege that the signatures on the documents were unauthorized or what, if any, information in the

28  documents is false.  Essentially, this is a claim of, defendant committed forgery – and thus aided

3

DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS TWO
THROUGH SIX OF THE INDICTMENT; CASE NO. 12-CR-00581 (EJD)

1   and abetted visa fraud – because we say so.  That fails to support the multiple charges of aiding

2   and abetting visa fraud alleged against defendant.  Naturally, if the I-20s themselves were not

3   forged, then there also has been no use or possession of a forged document possessed by another.

4   The Indictment, as to counts two, three, four, and five, fails to make out the crime of aiding and

5   abetting visa fraud and, as a result, the motion to dismiss these counts should be granted.

6   **II.      THE CRIME OF UNAUTHORIZED ACCESS TO A GOVERNMENT**

7   **COMPUTER HAS NOT BEEN SET FORTH IN COUNT SIX OF THE INDICTMENT.**

8           The government, as with counts two through five, contend that the count six of the

9   Indictment is sufficient simply because they say it is.  The government asks this Court to deny

10  the motion to dismiss because the Indictment says that defendant asked another individual to

11  access defendant's SEVIS account and to do so using defendant's valid identification code and

12  password.  There is no allegation that the information entered into the system to create the I-20s

13  was false, nor does the Indictment allege that defendant was not permitted to provide his

14  identification code and password to another so as to allow that other individual to enter

15  information into the system.  Moreover, the person who entered that information has not, to the

16  best of defendant's knowledge, been charged with any criminal act.  It seems counter-intuitive to

17  claim that defendant broke the law by authorizing another to use his ID and password, but fail to

18  have the Indictment contain any allegation or statute that a DSO is prohibited from providing his

19  or her ID and password to another.  As argued by the government, if a DSO suffering from, for

20  example, carpel tunnel syndrome used his or her ID and password to log into the SEVIS system,

21  but let another person input the information due to the DSO's condition, this would still

22  constitute an illegal act because the DSO did not actually enter the information.  This results in a

23  strained and illogical reading of the statute at issue and cannot be what Congress intended by the

24  term "without authorization."

25          Defendant's motion gleaned support from the holdings in two recent Ninth Circuit

26  decisions – *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127 (9th Cir. 2009) and *U.S. v. Nosal*, 676

27  F.3d 854 (9th Cir. 2012).  The government's opposition attempts to distinguish these two

28

4

DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS TWO
THROUGH SIX OF THE INDICTMENT; CASE NO. 12-CR-00581 (EJD)

1   decisions by arguing that the cases "involve different and inapplicable subsections of the

2   Computer Fraud and Abuse Act … as well as materially different facts." (Gov't Opposition,

3   4:26-5:1.)  The government, though, misses the point as to why these two cases are relevant.

4          Admittedly, the specific statutory section under which defendant is charged here is

5   different from the sections that the defendants were charged under in *Brekka* and *Nosal*.

6   However, all three defendants – Brekka, Nosal, and Wang – were charged under the Computer

7   Fraud and Abuse Act, or more specifically, with violations of Section 1030(a) under Title 18 of

8   the United States Code.[1]  As the *Nosal* court noted, and which the government does not dispute,

9   "[o]nce … [a] phrase [is defined] for the purpose of [one] subsection [in the statute], that

10  definition <u>must apply equally to the rest of the statute</u> pursuant to the 'standard principle of

11  statutory construction … that identical words and phrases within the same statute should

12  normally be given the same meaning.'" *Nosal*, 676 F.3d at 859, quoting *Powerex Corp. v.*

13  *Reliant Energy Servs., Inc.*, 551 U.S. 224, 232 (2007) (emphasis added).  Thus, because

14  defendant here was charged under Section 1030(a), like Brekka and Nosal, the definition given

15  to phrases common in Section 1030(a) – such as "without authorization" – apply regardless of

16  the fact that the specific statutory subsection that defendant is charged under differs from that of

17  those in the *Brekka* and *Nosal* cases.

18         It was the *Brekka* court that defined "without authorization," finding that "an employer

19  gives an employee 'authorization' to access a company computer when the employer gives the

20  employee permission to use it." *Brekka*, 581 F.3d at 1133.  The court went on to say that "[n]o

21  language in the CFAA supports [the] argument that authorization to use a computer ceases when

22  an employee resolves to use the computer contrary to the employer's interest.  […]  In other

23  words, for purposes of the CFAA, when an employer authorizes an employee to use a company

24  computer subject to certain limitations, the employee remains authorized to use the computer

25  even if the employee violates those limitations." *Id.*

26

27  [1] All future statutory references are to Title 18 of the United States Code, unless otherwise
    indicated.

28

DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS TWO
THROUGH SIX OF THE INDICTMENT; CASE NO. 12-CR-00581 (EJD)

1    ///

2           Here, there is no dispute that defendant had authorization from the government to access

3    SEVIS.  The government admits as such in its opposition.  (*See* Gov't Opposition, 6:12-13.)  The

4    government's problem is that defendant gave his SEVIS identification ("ID") and password to

5    one of his employees to access the system, and input information into the system, on defendant's

6    behalf.  Put another way, defendant exceeded his authorization in allowing another to use

7    defendant's ID and password to access SEVIS.  Although defendant would disagree that this

8    exceeded authority – the government has failed to show that such delegation of a validly issued

9    ID and password is prohibited – even if true, given the definition in *Brekka*, exceeding

10   authorization does not violate the statute.  Significantly, if defendant acted without authorization

11   in giving his ID and password to a non-DSO to access SEVIS, it would stand to reason that that

12   particular individual acted "without authorization" in using that ID and password to access

13   SEVIS.  This would be consistent with defendant being charged with "aiding and abetting,"

14   rather than defendant himself accessing a government computer without access.  Yet, no one

15   from Herguan has been arrested or charged with violating Section 1030(a).  It seems inconsistent

16   to charge defendant with aiding and abetting the commission of a crime, but give a free pass to

17   the person who allegedly committed the specific act.

18          Furthermore, contrary to its assertions in its opposition, the government does seek to

19   expand the meaning of "without authorization" to any action taken by any individual when there

20   was not explicit permission given to that individual to undertake the act in question.  The

21   government, though, cites to no law or statute permitting to expand the definition in such a

22   manner.  It also does not dispute either the definition of "without authorization" as set forth in

23   *Brekka*, or that that definition applies in this case.  Although the government protests otherwise,

24   such an expansion of the term "without authorization" does exactly what *United States v.*

25   *Kozminski*, 487 U.S. 931 (1988) cautions against, trying to have a broad interpretation of a

26   statute which would "criminalize a broad range of day-to-day activity."  *Id.* at 949.  Defendant

27   here did not hack into a computer, try to steal information from a computer, or attempt to ruin

28   computer functionality – all of which represent the type of actions that the CFAA was actually

6

DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS TWO
THROUGH SIX OF THE INDICTMENT; CASE NO. 12-CR-00581 (EJD)

1   enacted to prevent.  The government's attempt to prosecute defendant for delegating to another

2   employee the job of inputting data, and providing that employee with defendant's ID and

3   password to be able to do so, fails to comport with the purpose and language if Section 1030(a).

4   Therefore, defendant's motion should be granted and Count Six of the Indictment dismissed.

5                                                    **CONCLUSION**

6           For the reasons set forth above, as well as the argument presented in defendant's opening

7   memorandum of points and authorizes, the Court should grant the motion and dismiss Counts

8   Two, Three, Four, Five, and Six of the Indictment.

9

10

11   Dated: December 16, 2013                        McMANIS FAULKNER

12                                                        /s/ Tyler Atkinson
                                                     JAMES McMANIS
                                                     MATTHEW SCHECHTER
13                                                   TYLER ATKINSON

14                                                   Attorneys for Defendant
                                                     JERRY WANG
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                        7
DEFENDANT'S REPLY TO UNITED STATES' OPPOSITION TO MOTION TO DISMISS COUNTS TWO
THROUGH SIX OF THE INDICTMENT; CASE NO. 12-CR-00581 (EJD)