UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 5:12-CR-00581-EJD |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTIONS** |
| v. | |
| JERRY WANG, | **[Re: Docket No. 39, 41, 43, 45, 48, 51]** |
| Defendant. | |

Presently before the Court is Defendant Jerry Wang's ("Defendant") Motion to Suppress Evidence, Motion for Immediate Disclosure of Favorable Evidence, Motion to Compel Disclosure of Exculpatory Evidence, Motion for Bill of Particulars, and Motion to Dismiss Counts Two through Six of the indictment. Plaintiff United States ("the government") has filed written opposition to the Motions. Having carefully reviewed the relevant documents, including the parties' filings, oral arguments and the evidence presented, the Court DENIES Defendant's Motions for the reasons explained below.

**I.  Background**

The Defendant is the Chief Executive Officer of Herguan University and University of East-West Medicine ("UEWM"). The Defendant is charged in a fifteen-count indictment with various charges, including conspiracy, visa fraud, use of falsified documents, aggravated identity theft, and aiding and abetting unauthorized access of government computers.

1

Case No.: 5:12-CR-00581-EJD
ORDER DENYING DEFENDANT'S MOTIONS

On January 24, 2012, U.S. Magistrate Judge Jacqueline Scott Corley authorized a search warrant for email accounts belonging to Herguan and UEWM located on the servers of Google, Inc.: fei@herguanuniversity.org, fei@uewm.edu, richard@herguanuniversity.org, and richard@uewm.edu.  The warrant was issued based on an affidavit submitted by Special Agent Jason Mackey of the U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement, Homeland Security Investigations (ICE/HSI).  The affidavit included facts connecting the former two accounts with the Defendant, and the latter two accounts with Herguan's Vice President, Richard Friberg.  The indictment alleges the Defendant and his father, Herguan's President, submitted false documents to Student and Exchange Visitor Program ("SEVP") in its petition to admit foreign students, including false employment letters, student transcripts, and accreditation letters.  Agent Mackey also stated in his affidavit that the Defendant made false statements to SEVP during the elaborate approval process of Herguan's petition to admit foreign students.  In addition to falsely advising SEVP through email that Herguan had three classrooms all used for instruction, the Defendant allegedly made additional false statements regarding students physically attending classes and regarding the school's academic probation policies.  Even though most of Herguan's facilities were under construction and unlikely to be fit for class use, the Defendant averred that more than 900 foreign students were physically attending classes on campus.

On July 24, 2012, a grand jury returned the 15-count indictment against the Defendant and charged him with conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371 (Count 1); aiding and abetting visa fraud, in violation of 18 U.S.C. §§ 1546(a) and 2 (Counts 2-5); aiding and abetting unauthorized access of a government computer, in violation of 18 U.S.C. §§ 1030(a)(3) and 2 (Count 6); use of false documents, in violation of 18 U.S.C. § 1001(a)(3) (Counts 7-13); and aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts 14 and 15).  The indictment alleges that, between May 2009 and August 2010, the Defendant used a Herguan employee to access his Student and Exchange Visitor Information System ("SEVIS") account without SEVP authorization to enter data and create immigration documents (Form I-20s) for Herguan students. The indictment alleges that at the Defendant's instruction, the Herguan employee presented Form

1   I-20s to Herguan's President and Chief Financial Officer for them to forge Defendant's signature
2   when he was unavailable. The forged Form I-20s were then disseminated to Herguan students,
3   including four students in September 2010. The indictment further charges that, in exchange for
4   maintaining the foreign students in active status for visa purposes, the Defendant collected tuition
5   and other payments from Herguan students. (Counts 1-6). Finally, the indictment charges the
6   Defendant with making false representations and submitting false documents to DHS agents and
7   SEVP officials who contacted Herguan University to ensure compliance with applicable
8   regulations. (Counts 1, 13).

9         On July 31, 2012, U.S. Magistrate Judge Paul S. Grewal authorized a warrant to search the
10  administrative offices of Herguan University and UEWM, which were co-located in Sunnyvale,
11  California. This search warrant was based on an additional affidavit by Agent Mackey that
12  included much of the same information as his prior affidavit in support of the search of email
13  accounts. In support of the premises warrant, Agent Mackey describes in detail the Defendant's
14  false petition to SEVP and the supporting documents he provided, as well as the Defendant's
15  materially false statements during the site visit and in follow-up communications.

16        Agent Mackey's affidavit included statements taken from two Herguan University
17  registrars, both of whom identified the Defendant as the person who gave them his SEVIS user
18  name and password and instructed them to create Form I-20s for foreign students, to print them,
19  and when the Defendant was unavailable, to have his parents (President and CFO) forge his
20  signature on the forms. The affidavit includes statements made by a former registrar who claims
21  she refused to comply with the Defendant's instruction for her to sign the Form I-20s herself when
22  the Defendant and his parents were all traveling. A second registrar included in the affidavit stated
23  that Defendant told her it was illegal for her to access SEVIS. Premises Aff. ¶¶ 28- 31. The
24  affidavit also indicated that Form I-20s were issued on dates that Customs and Border Protection
25  records show the Defendant was out of the country. Premises Aff. ¶ 32. Finally, the affidavit
26  describes evidence of commingling of UEWM and Herguan University students, explaining that
27  numerous UEWM students were unilaterally enrolled at Herguan University without their
28  knowledge. Premises Aff. ¶¶ 42-45.

3
Case No.: 5:12-CR-00581-EJD
ORDER DENYING DEFENDANT'S MOTIONS

## II. Discussion

### a. Motion for Bill of Particulars

The decision to grant or deny a bill of particulars rests within the trial court's discretion, and is appropriate where an indictment is ambiguous such that a defendant needs clarification in order to prepare a defense. U.S. v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983). As the Ninth Circuit previously stated in United States v. Geise, a bill of particulars is not a discovery device. 97 F.2d 1170, 1181 (9th Cir. 1979) (concluding court did not abuse its discretion in denying motion for bill of particulars seeking "when, where and how" of every act in furtherance of a conspiracy, when indictment and discovery provided defendant with information sufficient to meet purposes of a bill of particulars). Instead, it is a device designed to serve three functions: "to inform the defendant of the nature of the charges with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his conviction or acquittal in bar of another prosecution for the same offense when the indictment is too vague, and indefinite for such purposes." Id. at 1180–81 (quoting United States v. Birmley, 529 F.2d 103, 108 (9th Cir. 1976)); see also United States v. Mitchell, 744 F.2d 701, 705 (9th Cir. 1984) ("The purposes of a bill of particulars are to minimize the danger of surprise at trial and to provide sufficient information on the nature of the charges to allow preparation of a defense"). These purposes are satisfied if the indictment provides sufficient details of the charges and the government affords full discovery to the defense, as is the case here.

An indictment which contains the names of alleged co-conspirators, the approximate dates on which the illegal activity occurred, and the overt acts which comprised the illegal activity is sufficient to meet the purposes of the bill. Long, 706 F.2d at 1054. Here, the Court finds that the indictment adequately apprises the Defendant of these elements. The co-conspirators, identified in the indictment by their initials "Y.W." and "S.T," describe their relationship to the Defendant and their role in the alleged conspiracy. The indictment also details fifteen overt acts committed to further the conspiracy. In addition, the government provided the Defendant with a significant amount of discovery, including summaries of every statement by

4

Case No.: 5:12-CR-00581-EJD
ORDER DENYING DEFENDANT'S MOTIONS

every witness interviewed in the case.  The Court finds this sufficient to enable the Defendant to prepare his defense for trial.

Accordingly, the Court DENIES Defendant's request for a Bill of Particulars.

### b. Motion to Dismiss Counts Two through Six of the Indictment

#### i. Counts Two through Five

Federal Rule of Criminal Procedure 7(c)(1) requires only that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "[T]he Federal Rules 'were designed to eliminate technicalities in criminal pleading[s] and are to be construed to secure simplicity in procedure.'" United States v. Resendiz–Ponce, 549 U.S. 102, 110 (2007) (quoting United States v. Debrow, 346 U.S. 374, 376 (1953)).  The Ninth Circuit made clear in United States v. Boren, 278 F.3d 911, 914 (9th Cir. 2002), the district court is bound by the four corners of the indictment when ruling on a pre-trial motion to dismiss an indictment for failure to state an offense.  The Court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.  See United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996).

An indictment is sufficient, as is the case here, if it contains "the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy."  United States v. Awad, 551 F.3d 930, 935 (9th Cir. 2009) (quoting United States v. Alber, 56 F.3d 1106, 1111 (9th Cir. 1995)).  When the Court is considering a Motion to Dismiss, the sufficiency of the indictment must be determined from the words of the indictment.  See United States v. Alsop, 479 F.2d 65, 66 (9th Cir. 1973) ("The indictment is ordinarily sufficient when . . . the wording of the indictment is taken directly from the statute."); see also United States v. Jackson, 72 F.3d 1370, 1380 (9th Cir. 1995) (An indictment that "merely tracks the language of the statute" is generally sufficient.).  The Court is not at liberty to consider evidence not appearing on the face of the indictment, and all well pleaded facts will be taken as true.  "The indictment either states an offense or it doesn't.  There is no reason to conduct an evidentiary hearing."  Boren, 278 F.3d at 914.  Dismissal would only be appropriate where the indictment failed to recite an essential element of the charged offense.  See United States v.

5

1   Pernillo–Fuentes, 252 F.3d 1030, 1032 (9th Cir. 2001) ("[a]n indictment's failure to 'recite an

2   essential element of the charged offense is not a minor or technical flaw . . . but a fatal flaw

3   requiring dismissal of the indictment.'" (quoting United States v. Du Bo, 186 F.3d 1177, 1179 (9th

4   Cir. 1999))).

5        The Defendant moves to dismiss Counts Two through Five of the indictment arguing

6   that neither the indictment nor Agent Mackey's affidavit allege any of the information contained in

7   the Form I-20's is false.  The Defendant advances the argument the alleged crime, aiding and

8   abetting a Herguan employee to forge his signature on the Form I-20's, is directly contrary to the

9   meaning of "forgery" as defined in other cases dealing with federal or state statutes involving

10  forgery.  See U.S. v. Price, 655 F.2d 958, 960 (1981) ("[i]n general, forgery is the false making,

11  with the intent to defraud, of a document which is not what it purports to be, as distinct from a

12  document which is genuine but nevertheless contains a term or representation known to be false.").

13  The Defendant argues neither the indictment nor the affidavit in support of the warrant allege the

14  Form I-20's were altered, not what they purported to be, or there was any attempt to defraud.  The

15  Defendant's arguments are unpersuasive and premature at this stage.

16       The Court finds the indictment properly informs the Court of the alleged facts so it can

17  determine the sufficiency of the charge and is also sufficient to enable the Defendant to prepare a

18  defense.  The indictment not only tracks the language of the statutes the Defendant allegedly

19  violated, but also details in the "Manner and Means" section and the "Overt Acts" section of the

20  conspiracy count the specific offenses the Defendant allegedly committed.  Even assuming

21  *arguendo* the Court adopts the Defendant's interpretation of "forgery," the indictment still asserts

22  the Defendant "knowingly cause[d] another to forge and *falsely make* a document . . . specifically a

23  Form I-20 for each of the following individuals . . ." See Indictment ¶ 17 (emphasis added).

24  Accordingly, the Defendant's argument that "neither the indictment or Mackey affidavit allege that

25  the Form I-20's are not what they purport to be . . ." is immaterial for the Court's analysis, and an

26  incorrect paraphrasing of 18 U.S.C § 1546(a).

27       Accordingly, the Court DENIES Defendant's motion to Dismiss Counts Two through

28  Five of the Indictment.

6

Case No.: 5:12-CR-00581-EJD
ORDER DENYING DEFENDANT'S MOTIONS

### ii. Count Six

The Defendant argues Count Six must be dismissed because the indictment fails to support the charged crime of unauthorized access to a government computer. The Defendant contends he simply provided his SEVIS login name and password to his employee in order to input data, which in and of itself does not violate 18 U.S.C. § 1030(a)(3). As discussed above for Counts Two through Five of the indictment, the sufficiency of the indictment must be determined from the words of the indictment. Again, the Defendant's arguments are unpersuasive and premature at this stage. The Court is not conducting an evidentiary hearing to assess whether the Defendant's interpretation of "without authorization" is instructive or veridical at this stage. The Court finds the indictment sufficiently tracks the statutory language and the factual allegations support the offense.

Accordingly, the Court DENIES Defendant's motion to Dismiss Count Six of the indictment.

### c. Motion to Supress Evidence

The Defendant moves the Court for an order supressing all evidence obtained from the search targeting four Herguan University email accounts and evidence obtained from the search of the administrative offices of Herguan University on the basis that the search warrants lacked probable cause.

The determination of whether probable cause exists to justify the issuance of a search warrant is guided by the totality-of-the-circumstances approach. Illinois v. Gates, 462 U.S. 213, 238 (1983). The "totality of the circumstances" test derived from Gates emphasizes that probable cause means "fair probability," not certainty or even a preponderance of the evidence. Id. at 246. As noted in Gates, "probable cause is a fluid concept - turning on the assessment of probabilities in particular factual contexts - not readily, or even usefully, reduced to a neat set of legal rules." United States v. Jones, 994 F.2d 1051, 1056 (3d Cir. 1993) (citing Gates, 462 U.S. at 232).

In reviewing a magistrate's determination of probable cause, the district court does not consider the matter *de novo*. Gates, 462 U.S. at 236. The court's duty is to ensure the magistrate

7

had a "substantial basis for . . . conclud[ing]" probable cause existed. Jones v. United States, 362 U.S. 257, 271 (1960). "A court evaluating the constitutionality of a search conducted pursuant to a search warrant issued by a magistrate reviews the magistrate's probable cause determination for *clear error*." United States v. Nguyen, 673 F.3d 1259, 1263 (9th Cir. 2012) (emphasis added). Considering the totality of the circumstances, including the credibility of the witnesses, reliability and basis of the information they provided, and other corroborating evidence including site visits, emails, false statements and other indicia of reliability, the Court concludes there was a substantial basis for the magistrates determination probable cause existed for both warrants.

### i. Staleness Argument

The Defendant argues that the information in the affidavit provided through witness interviews is stale and therefore cannot support a finding of probable cause. General principles formulated by the California Supreme Court are helpful in the Courts' analysis of whether information contained in an affidavit is stale. As stated in Alexander v. Superior Court, 9 Cal. 3d 387, 393 (1973), "information is stale, and therefore unworthy of weight in the magistrate's consideration of an affidavit, unless the information 'consists of facts so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.'" Moreover, "no clear cut rule . . . tells us when the time span must be deemed too attenuated" Id.; see also Durham v. United States, 403 F.2d 190, 194, fn. 6 (9th Cir. 1968) ("The length of time lapse alone is not controlling since even a brief delay may preclude an inference of probable cause in some circumstances while in others a relatively long delay may not do so."). If circumstances and facts in a case would justify a person of ordinary prudence to conclude that an activity had continued to the present time, then the passage of time will not render the information stale. People v. Mikesell, 46 Cal. App. 4th 1711, 1718 (1996). Therefore, the question of staleness turns on the facts of each particular case.

The Defendant argues that "nothing in the affidavit . . . suggest[s] that, in 2012 a search would uncover evidence of ongoing visa fraud" and the "crux" of the factual allegations are derivative of evidence dating back to 2007. Accordingly, Defendant maintains the evidence relied on in the affidavit was stale, and therefore untrustworthy. The Court disagrees. "Staleness must be

8
Case No.: 5:12-CR-00581-EJD
ORDER DENYING DEFENDANT'S MOTIONS

1   evaluated in light of the particular facts of the case and the nature of the criminal activity and
2   property sought." United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991); see also United
3   States v. Pitts, 6 F.3d 1366, 1369 (9th Cir. 1993) (internal quotation omitted).  The witness
4   interviews alleging the falsity of the employment letters and student transcripts occurred only a few
5   months before the email search warrant was issued.  Additionally, the emails provided by Herguan
6   University's Dean of Academic Affairs were received by agents just one year prior to the issuance
7   of the email search warrant.  The Court further finds that an ordinarily reasonable person would
8   remember years after the event the university they attended or graduated from, or what companies
9   they have worked for.  "The mere lapse of substantial amounts of time is not controlling in a
10  question of staleness."  United States v. Dozier, 844 F.2d 701, 707 (9th Cir. 1988).  There is no
11  evidence anywhere in the record suggesting the witnesses had trouble remembering the schools
12  they attended, the employers they did or did not work for, or otherwise failed to understand the
13  questions being asked.
14          Moreover, although the probable cause determination for the warrants was, in part,
15  dependent on the information provided to Agent Mackey from witness interviews, it was not the
16  sole basis.  In support of his affidavits for search warrants, Agent Mackey included facts
17  connecting two of the email accounts with the Defendant and two of the email accounts with
18  Herguan's Vice President.  These facts indicated Defendant and co-conspirators submitted false
19  documents such as false employment letters, false student transcripts, and false accreditation letters
20  to the Department of Homeland Security (DHS).  Additionally, the affidavit included facts
21  regarding a 2010 site visit from DHS where the Defendant made additional false statements
22  regarding students physically attending campus, the university's attendance policy, and the
23  university's academic probation policy.  Agent Mackey's statement that the Defendant made false
24  statements regarding students attending classes on campus was also supported by facts indicating
25  that most of Herguan's facilities were under construction and appeared unfit for class use at the
26  time of the site visit.  Herguan's own Dean of Academic Affairs provided Homeland Security
27  Investigators with emails reflecting the Defendant's attempts to conceal facts from SEVP.  Finally,
28  the July 24, 2012 fifteen-count indictment against the Defendant coupled with all the above

allegations support the magistrate's determination probable cause existed to authorize a search warrant.

Furthermore, when the evidence sought is of an ongoing criminal business of a necessarily long-term nature, such as the alleged visa fraud occurring since Herguan's inception, greater lapses of time are permitted if the evidence in the affidavit shows the probable existence of the activity at an earlier time. United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991). The affidavits in support of the search warrants provided at least a "fair probability" that evidence of visa fraud, false statements, and conspiracy would be found in the Herguan and UEWM email accounts and within the administrative records on the campus. Agent Mackey explained in his affidavit that email accounts maintained by Google indefinitely remain on their servers, regardless of whether the sender of the email specifically deletes it from their inbox. Email Aff. ¶ 25. Where evidence sought is the kind that is preserved for long periods of time, staleness is not a problem. See United States v. Greany, 929 F.2d 523, 525 (9th Cir. 1991); see also United States v. Madiedo, 972 F.2d 1345 (9th Cir. 1992). The information offered in support of the application for a search warrant is not stale if "there is sufficient basis to believe, based on a continuing pattern or other good reasons, that the items to be seized are still on the premises." United States v. Gann, 732 F.2d 714, 722 (9th Cir. 1984). Agent Mackey also included in his affidavit facts discussing the intermingling of fraud between Herguan University with UEWM, including shared administrators and students enrolled at both Herguan University and UEWM. Finally, the affidavit specifically alleges that SEVP-certified schools are required to keep certain records and information relating to "each foreign student to whom it has issued a Form I-20" and must be available upon request from SEVIS. The Defendant's argument that there was "no reason to think a search in August 2012 would uncover evidence" is without merit.

### ii. Overbroadness Argument

The Defendant argues that the search warrants authorizing a general seizure of business documents were overbroad, and therefore, invalid. The government claims that both warrants were sufficiently particular and, to the extent that the warrants were overly broad, they were justified because Agent Mackey's affidavits established probable cause to believe that all of Herguan

10
Case No.: 5:12-CR-00581-EJD
ORDER DENYING DEFENDANT'S MOTIONS

1    University's records were likely to evidence criminal activity. The Court agrees. Under the

2    particular facts of this case, the scope of the warrants were justified. Attachment "B" listed the

3    particular items to be seized, including the date range and the types of records located at the

4    administrative office of Herguan University and UEWM. It was not possible through a more

5    particular description to segregate business records from Herguan University from that of UEWM

6    because as shown in the affidavit, there was probable cause to believe that the fraud permeated the

7    entire business operation and intermingled with UEWM.

8    Unlike in United States v. Kow, 58 F.3d 423, 427 (9th Cir. 1995), where the affidavit in

9    support of a general seizure of business records contained extensive information relating to "acts of

10   violence . . . [with] no apparent connection to the business documents sought in the warrant," the

11   affidavit submitted by Agent Mackey contained specific information establishing probable cause

12   that evidence of visa fraud and the other alleged crimes would be contained in the administrative

13   records and email communications sought in the warrants. Since the I-17 petition that ultimately

14   authorized Herguan University to admit foreign students was allegedly obtained fraudulently, the

15   Court agrees with the government that every Form I-20 could also be issued in furtherance of the

16   alleged fraud. Accordingly, the financial and property records are a relevant evidence of criminal

17   activity because they identify any illegal proceeds received from the alleged fraudulent activity.

18   Accordingly, the Court concludes that the warrants were not stale, nor invalidated by virtue

19   of their scope. The Defendant's Motions to Suppress Evidence are DENIED.

20   **d. Good Faith Exception**

21   Given the Court's extensive review of the affidavits in support of the warrants and

22   discussion above that the totality of the circumstances described in the affidavits provided a

23   substantial basis from which both magistrates could reasonably conclude probable cause existed,

24   the Court need not even reach the issue of the applicability of the good faith exception. However,

25   Defendant has argued that the deficiencies in the search warrants renders the long-standing

26   exception to the exclusionary rule not applicable. United States v. Leon, 468 U.S. 897, 927 (1984)

27   (providing a "good faith exception" where an officer acts "in objectively reasonable reliance on a

28

search warrant issued by a neutral and detached magistrate).  Therefore, the Court will briefly address this issue.

The suppression of evidence is only appropriate where the underlying affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  Id. at 899.  The Court finds the affidavits in this case were not the type of "bare bones" affidavit for which the Leon good faith exception would not apply.  See, e.g., United States v. Underwood, 2013 WL 3988675, at *9 (C.D. Cal. June 16, 2011) (finding good faith exception did not apply where, *inter alia,* affidavit contained no facts to support a conclusion that the defendant was a drug trafficker and, therefore, affiant's opinions about drug traffickers in general could not be used to support finding of probable cause); United States v. Luong, 470 F.3d 898, 903–04 (9th Cir. 2006) (affidavit lacked any indicia of probable cause where based, in part, on unverified and uncorroborated anonymous tip and no facts to suggest connection between methamphetamine production and residence at issue).  Both warrants were supported by affidavits describing in detail factual allegations of an ongoing investigation into an alleged conspiracy to commit visa fraud, visa fraud, false statements and other crimes conducted at Herguan University.

Accordingly, the Court finds that Agent Mackey relied on the warrants in objective good faith.

### e. Motion to Compel Disclosure of Exculpatory Evidence/ Favorable Evidence

The Defendant moves the Court to Compel Disclosure of Exculpatory Evidence and for Immediate Disclosure of Favorable Evidence.  Under Brady v. Maryland, the suppression of evidence favorable to the accused is itself sufficient to amount to a denial of due process.  373 U.S. 83, 87 (1963).  "Evidence is favorable if it either helps the defendant or hurts the prosecution."  In re Sassounian, 9 Cal. 4th 535, 544 (1995).  The duty to disclose exculpatory evidence under Brady extends only to exculpatory "information within the possession or control of law enforcement personnel."  See United States v. Chen, 754 F.2d 817, 824 (9th Cir.1985).

The government responded to the motions stating it has produced the summaries of all interviews to date, copies of or access to all documentary and physical evidence seized or obtained in the case, will provide criminal history reports of all government witnesses prior to trial, and has

filed a request to the U.S. Attorney's Office for the remainder of discoverable information residing with the U.S. Department of Homeland Security, SEVP, which the government will produce upon receipt. See Gov. Opp'n. With the government's assurances, including the promise of providing Defendant with contact information for the identities of individuals the defense is unable to locate, the Court finds the government has complied with its obligations under Brady and pursuant to Federal Rules of Criminal Procedure.

Accordingly, the Court DENIES Defendant's Motion to Compel Disclosure of Exculpatory Evidence and Defendant's Motion for Immediate Disclosure of Favorable Evidence.

### III.     Conclusion

For the foregoing reasons, the Court hereby DENIES the Motions to Suppress Evidence, DENIES the Motion for Immediate Disclosure of Favorable Evidence, DENIES the Motion to Compel Disclosure of Exculpatory Evidence, DENIES the Motion for Bill of Particulars, and DENIES the Motion to Dismiss Counts Two through Six of the indictment.

**IT IS SO ORDERED**

Dated: February 26, 2014



EDWARD J. DAVILA
United States District Judge

13
Case No.: 5:12-CR-00581-EJD
ORDER DENYING DEFENDANT'S MOTIONS