JAMES McMANIS (40958)
MATTHEW SCHECHTER (212003)
TYLER ATKINSON (257997)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:   (408) 279-8700
Facsimile:    (408) 279-3244
Email:  tatkinson@mcmanislaw.com

STEVEN F. GRUEL (213148)
LAW OFFICES OF STEVEN F. GRUEL
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone:   (415) 989-1253
Facsimile:    (415) 829-4304
Email:  attystevengruel@sbcglobal.net

Attorneys for Defendant
JERRY WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      vs.<br><br>JERRY WANG,<br><br>            Defendant. | Case No. CR 12-581 EJD<br><br>DEFENDANT'S MOTION TO CONTINUE THE TRIAL DATE IN ACCORDANCE WITH THE SPEEDY TRIAL ACT<br><br>Honorable Edward J. Davila<br><br>Local Rule 47-2 |

Defendant, Jerry Wang, by and through his attorney, Steven F. Gruel, hereby submits this Defendant's Motion to Continue the Trial Date in Accordance With the Speedy Trial Act.

## SUMMARY OF MOTION

Defendant Jerry Wang respectfully requests that the November 17, 2014 trial date be briefly continued. This motion is predicated on Mr. Wang's Fifth and Sixth Amendment rights to effective representation and preparation by defense counsel against the charges presented in the

1

government's indictment.  A brief continuance is permitted by the Speedy Trial Act.

More specifically, as discussed below, government disclosures consisting of (1) six new percipient witnesses and their interviews; (2) recent "other acts" Rule 404(b) evidence; (3) two government expert witnesses; and 4) the addition of trial counsel, all mandate needed time for the defense to effectively prepare for trial.  Furthermore, as outlined in the defense *ex parte* under seal filing, Mr. Wang has several significant pending related matters which are necessary for the defense. The timing of the production of these critical matters are beyond Mr. Wang's control and therefore necessitate a brief trial continuance.

In short, although the prosecution has completely adhered to its discovery obligations, recent and pertinent disclosures require a brief period to effectively investigate and prepare trial. Likewise, the matters outlined under seal clearly establish that a short continuance is necessary to ensure Mr. Wang's effective representation at trial.

## STATEMENT OF FACTS

The thirteen (13) count indictment was filed on July 24, 2012. The case involves an alleged conspiracy dating from July 2007 to February 2011 along with substantive counts occurring in 2007 and 2010.   The government alleges that Mr. Wang was involved in visa fraud, identity theft, use of false documents and unauthorized access to government computers.  The government believes that Mr. Wang operated two (2) schools engaged in fraud.   The government's Department of Homeland Security's Student Exchange and Visitor Program (SEVP) and the Student Exchange Visitor Information System (SEVIS) are the specific agencies involved in this case.

The docket on PACER shows that the defense has aggressively opposed the prosecution's case. Defense motions were timely filed and argued. The orderly advancement of the case shows that Mr. Wang has not been malingering or foot-dragging.  No continuances of the trial date have been requested.

The case file also shows that the prosecution has complied with its discovery responsibilities.  This ongoing discovery obligation produced recent disclosures requiring a brief continuance.

a) <u>Expert Witnesses and Rule 404(b) Evidence</u>

On October 10, 2014, the government provided notice of two (2) expert witnesses and four (4) broad categories of Rule 404(b) evidence. *See Declaration of Steven F. Gruel, Exhibit 1*. Mr. Wang requests a brief continuance to consider the need to identify, retain and work with defense experts in light of the government's recent disclosure.

Likewise, the government's notice of four (4) broad categories of Rule 404(b) evidence requires a continuance to effectively identify, investigate and respond to these general claims. At a minimum, the government should be required to specify the "evidence" it seeks to introduce at trial from these four (4) general categories so that specific defense responses may be prepared. For example, evidence offered as Rule 404(b) evidence that students were angry about forced transfers is vague and, frankly, irrelevant to this case. The government must provide specific instances of Rule 404(b) evidence to the defense.

b) <u>Recent Government Discovery</u>

This case involves thousands of pages of documents. On October 3, 2014, the defense received more discovery from the government. *See Declaration of Steven F. Gruel, Exhibit 2*. While trial preparation naturally produces more discovery from the government, it also results in the need for the defense to consider and investigate the government's materials. While the defense team is diligently preparing for trial in light of the government's discovery produced throughout the case, simple fairness requires that additional time be permitted so that the defense can perform its due diligence to ongoing disclosures.

c) <u>Six New Witness Interviews</u>

Time is needed to investigate the six new witnesses received on September 12, 2014. *See Declaration of Steven F. Gruel, Exhibit 3*. The government's accompanying Reports of Investigation (ROI) indicate that witnesses were all students of the schools in this case. The ROIs also indicate that these students were interviewed in early August, 2014. While a month may be appropriate for agents to draft and disclose the ROI of their investigative interviews, fairness likewise should be given to the defense to conduct its own investigation as to these

matters. Ongoing disclosures by the government constitutes only half of the trial "fairness equation." The other half, of course, is the defense having the time to meaningfully investigate the new materials. A short trial continuance provides that fairness.

### d) Under Seal Matters

Mr. Wang has submitted under seal another basis for a continuance. This factor is not shared with the prosecution at this time in that it has direct defense considerations.

## THE LAW SUPPORTS A TRIAL CONTINUANCE

### a) A Brief Trial Continuance Serves "The Ends of Justice"

Subdivision (h)(7)(A) of 18 U.S.C. § 3161, part of the "Speedy Trial Act," vests the trial court with discretion to grant an "ends of justice" continuance:

Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Subdivision (h)(7)(B) enumerates the factors a court must consider when determining whether to grant a continuance:

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

(iii) Whether, in a case in which arrest precedes indictment, delay in the filing of

the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b) [18 USCS § 3161(b)] or because the facts upon which the grand jury must base its determination are unusual or complex.

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B).

The inclusion of the words "among others" in subdivision (h)(7)(B) clarifies that the list is not exhaustive.

"[W]hen a district court grants an ends-of-justice continuance, it must 'se[t] forth, in the record of the case, either orally or in writing, its reasons' for finding that the ends of justice are served and they outweigh other interests." *Zedner v. United States*, 547 U.S. 489, 506 (2006)(quoting 18 U.S.C. § 3161(h)(8)(A)). "When granting a continuance under the Speedy Trial Act's "ends of justice" exception, a district court may not simply credit vague statements by one party's lawyer about possible scheduling conflicts or the general desires for a continuance of other parties or their attorneys; instead, it must conduct an appropriate inquiry to determine whether various parties actually want and need a continuance, how long a delay is actually required, what adjustments can be made with respect to trial calendars or other plans of counsel, and whether granting the requested continuance would outweigh the best interests of the public and the defendants in a speedy trial." *United States v. Lewis*, 2008 U.S. Dist. LEXIS 102878, 18 (N.D. CA 2008).

b)  <u>The Facts and Law Support a Brief Trial Continuance</u>

The above described recent disclosures (two expert witnesses, six witnesses, Rule 404(b) "other acts" evidence, etc.) along with the under seal matters comprise the clear basis for an "ends of justice" trial continuance.  The constitutional rights of due process and effective

attorney representation likewise warrant a trial continuance based on the facts outlined above. The defense team, in sum, must do more than simply receive the new government disclosures. Effective defense counsel representation requires more time for the defense team to meaningfully conduct its due diligence,

THE GOVERNMENT'S POSITION

Undersigned counsel discussed a trial continuance with the prosecution.   The government opposes the defense request.  Although in earlier informal discussions the prosecution had no objection to a brief trial continuance to mid-February 2015, the government's position has changed because it has had to subpoena witnesses for the November 17, 2014 trial. Although appreciating the government's pretrial time and work, the defense respectfully submits that that basis does not outweigh Mr. Wang's rights to a fair and constitutionally protected trial.

DATED:  October 17, 2014                     LAW OFFICES OF STEVEN F. GRUEL

    /s/ Steven F. Gruel
STEVEN F. GRUEL

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of the document has been obtained from the other Signatory.

DATED:  October 20, 2014                     McMANIS FAULKNER

    /s/ Tyler Atkinson
TYLER ATKINSON

Attorneys for Defendant
JERRY WANG