1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   J. DOUGLAS WILSON (DCBN 412811)
3  Chief, Criminal Division

4  HARTLEY M. K. WEST (CABN 191609)
   AMBER S. ROSEN (CABN 160380)
5  Assistant United States Attorneys

6       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
7       Telephone: (415) 436-6747
        FAX: (415) 436-7234
8       Hartley.West@usdoj.gov
        Amber.Rosen@usdoj.gov
9
   Attorneys for United States of America
10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                   SAN JOSE DIVISION

14
   UNITED STATES OF AMERICA,          )   No. CR 12-581 EJD
15                                     )
           Plaintiff,                  )   JOINTLY PROPOSED JURY INSTRUCTIONS
16                                     )
        v.                             )   Pretrial Conference: November 3, 2014
17                                     )   Trial Date: November 17, 2014
   JERRY WANG,                         )
18                                     )
           Defendant.                  )
19  _____ )

20

21         The United States and defendant Jerry Wang jointly submit this list of proposed jury instructions.

22  The parties may seek leave to amend or supplement these instructions depending on the evidence

23  //

24  //

25  //

26  //

27  //

28

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD

1  presented at trial.  These proposed instructions are either adapted from, or verbatim copies of, the Ninth

2  Circuit Model Jury Instructions (2010 ed.).

3

4  DATED: October 27, 2014                      Respectfully submitted,

5                                               MELINDA HAAG
                                                 United States Attorney

6

7                                               _____/s/_____
                                                 HARTLEY M. K. WEST
8                                                AMBER S. ROSEN
                                                 Assistant United States Attorneys
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                2

# TABLE OF CONTENTS

| Proposed Instruction No. | Model Instruction No. | |
|---|---|---|
| 1 | 1.1 | DUTY OF JURY |
| 2 | 1.2 | THE CHARGES – PRESUMPTION OF INNOCENCE |
| 3 | 1.3 | WHAT IS EVIDENCE |
| 4 | 1.4 | WHAT IS NOT EVIDENCE |
| 5 | 1.5 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | 1.6 | RULING ON OBJECTIONS |
| 7 | 1.7 | CREDIBILITY OF WITNESSES |
| 8 | 1.8 | CONDUCT OF THE JURY |
| 9 | 1.9 | NO TRANSCRIPT AVAILABLE TO JURY |
| 10 | 1.10 | TAKING NOTES |
| 11 | 1.11 | OUTLINE OF TRIAL |
| 12 | 1.12 | JURY  TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION |
| 13 | 2.1 | CAUTIONARY INSTRUCTION – FIRST RECESS |
| 14 | 2.2 | BENCH CONFERENCES AND RECESSES |
| 15 | 2.3 | STIPULATED TESTIMONY |
| 16 | 2.4 | STIPULATIONS OF FACT |
| 17 | 2.9 | FOREIGN LANGUAGE TESTIMONY |
| 18 | 2.10 | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANTS |
| 19 | 2.11 | EVIDENCE FOR LIMITED PURPOSE |
| 20 | 3.1 | DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW |
| 21 | 3.2 | CHARGE AGAINST DEFENDANT NOT EVIDENCE |
|  |  | PRESUMPTION OF INNOCENCE – BURDEN OF PROOF |
| 22 | 3.3 | DEFENDANT'S DECISION NOT TO TESTIFY |

*or*

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                   3

| | | | |
|---|---|---|---|
| 1 | 23 | 3.4 | DEFENDANT'S DECISION TO TESTIFY |
| 2 | 24 | 3.5 | REASONABLE DOUBT – DEFINED |
| 3 | 25 | 3.6 | WHAT IS EVIDENCE? |
| 4 | 26 | 3.7 | WHAT IS NOT EVIDENCE? |
| 5 | 27 | 3.8 | DIRECT AND CIRCUMSTANTIAL EVIDENCE |
| 6 | 28 | 3.9 | CREDIBILITY OF WITNESSES |
| 7 | 29 | 3.10 | ACTIVITIES NOT CHARGED |
| 8 | 30 | 3.11 | SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE |
| 9 | | | DEFENDANT |
| 10 | 31 | 3.16 | INTENT TO DEFRAUD – DEFINED |
| 11 | 32 | 3.19 | JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION |
| 12 | 33 | 4.1 | STATEMENTS BY DEFENDANT |
| 13 | 34 | 4.3 | OTHER CRIMES, WRONGS OR ACTS OF DEFENDANTS |
| 14 | 35 | 4.8 | IMPEACHMENT EVIDENCE – WITNESS |
| 15 | 36 | 4.14 | OPINION EVIDENCE, EXPERT WITNESS |
| 16 | 37 | 4.16 | CHARTS AND SUMMARIES IN EVIDENCE |
| 17 | 38 | 5.1 | AIDING AND ABETTING – GENERALLY |
| 18 | 39 | 5.6 | KNOWINGLY |
| 19 | 40 | 7.1 | DUTY TO DELIBERATE |
| 20 | 41 | 7.2 | CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY |
| 21 | 42 | 7.3 | USE OF NOTES |
| 22 | 43 | 7.4 | JURY CONSIDERATION OF PUNISHMENT |
| 23 | 44 | 7.5 | VERDICT FORM |
| 24 | 45 | 7.6 | COMMUNICATION WITH COURT |
| 25 | 46 | 8.20 | CONSPIRACY TO COMMIT VISA FRAUD (COUNT ONE) |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| 47 | 8.132, 8.133 | VISA FRAUD – FORGED, COUNTERFEITED, ALTERED OR FALSELY MADE IMMIGRATION DOCUMENT (COUNTS TWO - FIVE) |
| 48 | 8.98 | UNAUTHORIZED ACCESS OF A GOVERNMENT COMPUTER (COUNT SIX) |
| 49 | 8.73 | USE OF FALSE DOCUMENT (COUNTS SEVEN - THIRTEEN) |
| 50 | 8.83 | AGGRAVATED IDENTITY THEFT (COUNTS FOURTEEN - FIFTEEN) |
| 51 | 8.23 | CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 1

DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed written instructions that will control your deliberations.  When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.1.

PROPOSED INSTRUCTION No. 2

THE CHARGES—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendants as follows:

- In <u>Count One</u>, Defendant Jerry Wang is charged with conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371.

- In <u>Counts Two through Count Five</u>, Defendant is charged with Visa Fraud, in violation of 18 U.S.C. § 1546.

- In <u>Count Six</u>, Defendant Su is charged with Unauthorized Access of a Government Computer in or about February 2009 through January 19, 2011, in violation of 18 U.S.C. § 1030(a)(3).

- In <u>Counts Seven through Thirteen</u>, Defendant is charged with Using a False Document, in violation of 18 U.S.C. § 1001(a)(3).

- In <u>Counts Fourteen and </u>Fifteen, Defendant is charged with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.

The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and are presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never have to prove innocence or to present any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.2.

PROPOSED INSTRUCTION No. 3

WHAT IS EVIDENCE


The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.3.

## PROPOSED INSTRUCTION No. 4

### WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)     statements and arguments of the attorneys;

(2)     questions and objections of the attorneys;

(3)     testimony that I instruct you to disregard; and

(4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.5.

PROPOSED INSTRUCTION No. 6

RULING ON OBJECTIONS

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.6.

PROPOSED INSTRUCTION No. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.7.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROPOSED INSTRUCTION No. 8

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                          13

1  notify the court immediately.

2

3                                    **Authority**

4  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.8.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROPOSED INSTRUCTION No. 9</u>

NO TRANSCRIPT AVAILABLE TO JURY


At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.9.

PROPOSED INSTRUCTION No. 10

TAKING NOTES


If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.10.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                                          16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 11

OUTLINE OF TRIAL


The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendants may cross-examine. Then, if the defendants choose to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.11.

1

PROPOSED INSTRUCTION No. 12

2

JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

3

4          A language other than English will be used for some evidence during this trial.  When a witness

5   testifies in another language, the witness will do so through an official court interpreter.

6          The evidence you are to consider and on which you must base your decision is only the

7   English-language interpretation provided through the official court interpreters.  Although some of you

8   may know the non-English language used, you must disregard any meaning of the non-English words

9   that differs from the official interpretation.

10          You must not make any assumptions about a witness or a party based solely upon the

11   use of an interpreter to assist that witness or party.

12

13                                            **Authority**

14   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.12.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 13

CAUTIONARY INSTRUCTION—FIRST RECESS


We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.1.

PROPOSED INSTRUCTION No. 14

BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.2.

PROPOSED INSTRUCTION No. 15

STIPULATED TESTIMONY

The parties have agreed what [name of witness] testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.3.

This instruction shall only be used if triggering evidence is introduced.

1      <u>PROPOSED INSTRUCTION No. 16</u>

2      STIPULATIONS OF FACT

3

4      The parties have agreed to certain facts that have been stated to you.  You should therefore treat

5  these facts as having been proved.

6

7                                **Authority**

8  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.4.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 17

FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in the Mandarin language. This witness will testify through the official court interpreter.  Although some of you may know Mandarin, it is important that all jurors consider the same evidence.  Therefore, you must accept the official English translation of the witness's testimony even if you would translate it differently.  In this way, all jurors are considering the same evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.9.

PROPOSED INSTRUCTION No. 18

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANTS


      You are about to hear evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendants are now on trial.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.10.

This instruction shall only be used if triggering evidence is introduced.

PROPOSED INSTRUCTION No. 19

EVIDENCE FOR LIMITED PURPOSE

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.11.

This instruction shall only be used if triggering evidence is introduced.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PROPOSED INSTRUCTION No. 20</u>

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.1.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                              26

1

<u>PROPOSED INSTRUCTION No. 21</u>

2

CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF
INNOCENCE—BURDEN OF PROOF

3

4        The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The

5  defendants are presumed to be innocent unless and until the government proves the defendant guilty

6  beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence to

7  prove innocence.  The government has the burden of proving every element of the charges beyond a

8  reasonable doubt.

9

10

11                                          **Authority**

12  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.2.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                    27

1

<u>PROPOSED INSTRUCTION No. 22</u>

2

DEFENDANT'S DECISION NOT TO TESTIFY

3

4        A defendant in a criminal case has a constitutional right not to testify.  You may not draw any

5   inference of any kind from the fact that the defendant did not testify.

6

7

8                                    **Authority**

9   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.3.

10  This instruction shall only be used if the defendant does not testify.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 23

DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.4.

This instruction shall only be used if the defendant elects to testify.

PROPOSED INSTRUCTION No. 24

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.5.

PROPOSED INSTRUCTION No. 25

WHAT IS EVIDENCE?

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.6.

PROPOSED INSTRUCTION No. 26

WHAT IS NOT EVIDENCE?

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

(1)    Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

(3)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authority**

Ninth Circuit Model Jury Instruction (2010) No. 3.7.

1

PROPOSED INSTRUCTION No. 27

2

DIRECT AND CIRCUMSTANTIAL EVIDENCE

3

4          Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

5   testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence

6   is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

7          You are to consider both direct and circumstantial evidence.  Either can be used to prove any

8   fact.  The law makes no distinction between the weight to be given to either direct or circumstantial

9   evidence.  It is for you to decide how much weight to give to any evidence.

10

11

12                                          **Authority**

13   NINTH CIRCUIT MODEL JURY INSTRUCTION (2003) No. 3.8.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 28

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2003) No. 3.9.

1

PROPOSED INSTRUCTION No. 29

2

ACTIVITIES NOT CHARGED

3

4        You are here only to determine whether the defendant is guilty or not guilty of the charges in the

5   indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

6

7

8                                   **Authority**

9   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.10.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                      35

PROPOSED INSTRUCTION No. 30

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.11.

1

PROPOSED INSTRUCTION No. 31

2

INTENT TO DEFRAUD—DEFINED

3

4

An intent to defraud is an intent to deceive or cheat.

5

6

7

**Authority**

8

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.16.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 32

JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION


The Mandarin language has been used during this trial.  The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the Mandarin language, it is important that all jurors consider the same evidence. Therefore, you must accept the evidence presented in the English interpretation and disregard any different meaning.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.19.

1

PROPOSED INSTRUCTION No. 33

2

STATEMENTS BY DEFENDANT

3

4        You have heard testimony that the defendant made a statement.  It is for you to decide (1)

5  whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those

6  decisions, you should consider all the evidence about the statement, including the circumstances under

7  which the defendants may have made it.

8

9

10                                    **Authority**

11  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.1.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROPOSED INSTRUCTION No. 34</u>

OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT


You are about to hear evidence that the defendants committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendants' intent, motive, opportunity, preparation, plan, knowledge, identity, or absence of mistake and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendants are now on trial.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.3.

This instruction shall only be used if triggering evidence is introduced.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 35

IMPEACHMENT EVIDENCE—WITNESS


You have heard evidence that [name of witness], a witness, [specify basis for impeachment]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.



**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.8.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 36

OPINION EVIDENCE, EXPERT WITNESS


You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.



**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.14.

PROPOSED INSTRUCTION No. 37

CHARTS AND SUMMARIES IN EVIDENCE


Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.16.

PROPOSED INSTRUCTION No. 38

AIDING AND ABETTING—GENERALLY

A defendant may be found guilty **of Visa Fraud, Using a False Document, Unauthorized Access of a Government Computer, and/or Aggravated Identity Theft** even if the defendant personally did not commit the act or acts constituting the **particular** crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, **the particular crime** was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of **the particular crime**; and

Third, the defendant acted before the crime was completed.  It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 5.1.

Modified where **bolded and underlined**.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                          44

1

PROPOSED INSTRUCTION No. 39

2

KNOWINGLY

3

4      An act is done knowingly if the defendant is aware of the act and does not act through ignorance,

5  mistake, or accident.  The government is not required to prove that the defendant knew that her acts or

6  omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions,

7  along with all the other evidence, in deciding whether the defendant acted knowingly.

8

9

10                                            **Authority**

11  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 5.6.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION No. 40

DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.1.

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                              46

PROPOSED INSTRUCTION No. 41

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, [and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.2.

PROPOSED INSTRUCTION No. 42

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.3.

1

PROPOSED INSTRUCTION No. 43

2

JURY CONSIDERATION OF PUNISHMENT

3

4      The punishment provided by law for this crime is for the court to decide.  You may not consider

5   punishment in deciding whether the government has proved its case against the defendant beyond a

6   reasonable doubt.

7

8                                        **Authority**

9   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.4.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                        49

PROPOSED INSTRUCTION No. 44

VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.5.

PROPOSED INSTRUCTION No. 45

COMMUNICATION WITH COURT

      If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.6.

PROPOSED INSTRUCTION No. 46

CONSPIRACY TO COMMIT VISA FRAUD
(COUNT ONE)

The defendant is charged in Count One of the indictment with conspiring to commit visa fraud in violation of Section 371 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at least in or about July 2007 and continuing through at least in or about February 2011, there was an agreement between two or more persons to commit visa fraud;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act in or after July 2007 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

The overt acts alleged are:

a.   On or about July 6, 2007, on behalf of Herguan University, Y.W. caused the electronic submission of a Form I-17 to SEVP.

b.   On or about July 30, 2007, WANG provided a SEVP Inspector with a hard copy of the Form I-17, signed by Y.W., and a supplemental Form I-17A, signed by Y.W. and WANG, naming WANG as a DSO.

c.   On or about July 30, 2007, WANG provided the same SEVP Inspector with a false transfer letter, purporting to represent that a certain school unconditionally accepts and had accepted transfer credits from Herguan.

d.   On or about August 16, 2007, WANG caused SEVP to receive three letters falsely representing that Herguan students were employed by the signatories.

e.     On or about August 16, 2007, WANG caused SEVP to receive two false Herguan transcripts, containing UEWM students' true names, dates of birth, and social security numbers.

f.     In or about May 2009, WANG instructed a Herguan employee to use WANG's identification code and password to access SEVIS.

A conspiracy is a kind of criminal partnership – an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit visa fraud.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.20.

PROPOSED INSTRUCTION No. 47

VISA FRAUD – FORGED, COUNTERFEITED, ALTERED OR
FALSELY MADE IMMIGRATION DOCUMENT
(COUNTS TWO – FIVE)

The defendant is charged in Count Two through Count Five of the indictment with fraud in the use of an immigration document in violation of Section 1546(a) of Title 18 of the United States Code. **The government can prove this crime was committed in either of two ways.**  In order for the defendant to be found guilty of **the** charge **in either way**, the government must prove each of the elements beyond a reasonable doubt.

**The elements that the government must prove for the first way this crime can be committed are:**

First, the defendant forged or falsely made a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, **namely a Form I-20 for the following individuals (identified by initials) on the following dates:**

> (1)     For D.K. on September 20, 2010 (Count Two);
>
> (2)     For S.J. on September 21, 2010 (Count Three);
>
> (3)     For V.A. on September 21, 2010 (Count Four); and
>
> (4)     For T.K. on September 23, 2010 (Count Five);

and

Second, the defendant acted knowingly.

**The elements that the government must prove for the second way this crime can be committed are:**

First, the defendant knowingly used, attempted to use, possessed, obtained, or received a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, **namely a Form I-20 for the following individuals (identified by initials) on the following dates:**

> (1)     For D.K. on September 20, 2010 (Count Two);

(2)    For S.J. on September 21, 2010 (Count Three);

(3)    For V.A. on September 21, 2010 (Count Four); and

(4)    For T.K. on September 23, 2010 (Count Five);

and

Second, the defendant knew the document to be forged, falsely made, or procured by fraud or unlawfully obtained.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) Nos. 8.132, and 133.

Modified where **bolded and underlined.**

PROPOSED INSTRUCTION No. 48

UNAUTHORIZED ACCESS OF A GOVERNMENT COMPUTER
(COUNT SIX)

The defendant is charged in Count Twenty-Five of the indictment with unlawfully accessing a computer in violation of Section 1030(a)(3) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally accessed a nonpublic computer of **the Department of Homeland Security, Student and Exchange Visitor Information System, also known as "SEVIS**";

Second, the defendant accessed that computer without authorization; and

Third, the computer accessed by the defendant was used nonexclusively by or for the United States government, but the defendant's conduct affected that computer's use by or for the United States government.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.98.

Modified where **bolded and underlined.**

1

PROPOSED INSTRUCTION No. 49

2

USE OF FALSE DOCUMENT
(COUNT SEVEN – COUNT THIRTEEN)

3

4      The defendant is charged in Counts Seven through Thirteen of the indictment with knowingly

5  and willfully **making or** using a document containing a false statement in a matter within the

6  jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of the

7  United States Code.  In order for the defendant to be found guilty of that charge, the government must

8  prove each of the following elements beyond a reasonable doubt:

9      First, the defendant **made or** used a writing which contained a false statement in a matter within

10  the jurisdiction of the Executive Branch of the United States, namely the Department of Homeland

11  Security;

12      Second, the defendant acted willfully; that is, deliberately and with knowledge that the statement

13  was untrue; and

14      Third, the statement was material to the activities or decisions of the Department of Homeland

15  Security; that is, it had a natural tendency to influence, or was capable of influencing, the agency's

16  decisions or activities.

17

18                                **Authority**

19  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.73.

20  Modified where **bolded and underlined.**

21

22

23

24

25

26

27

28

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                    57

PROPOSED INSTRUCTION No. 50

AGGRAVATED IDENTITY THEFT
(COUNT FOURTEEN – COUNT FIFTEEN)

The defendant is charged in Counts Fourteen and Fifteen of the indictment with aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, on or about December 16, 2010, the defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person, specifically the name, social security number, and date of birth;

| Count | Name |
|-------|------|
| 14 | C.Z. |
| 15 | S.G. |

Second, the defendant knew that the means of identification belonged to a real person; and

Third, the defendant did so during and in relation to felony violations of 18 U.S.C. §§ 1001(a)(3), 1030(a)(3), and 1546(a).

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.83.

Modified where **bolded and underlined.**

1        <u>PROPOSED INSTRUCTION No. 51</u>

2     CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

3

4        A conspiracy may continue for a long period of time and may include the performance of many

5     transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may

6     become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or

7     the names, identities, or locations of all of the other members.

8        Even though a defendant did not directly conspire with the other defendant or other conspirators

9     in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the

10    government proves each of the following beyond a reasonable doubt that:

11        (1)    the defendant directly conspired with one or more conspirators to carry out at least one of

12    the objects of the conspiracy;

13        (2)    the defendant knew or had reason to know that other conspirators were involved with

14    those with whom the defendant directly conspired; and

15        (3)    the defendant had reason to believe that whatever benefits the defendant might get from

16    the conspiracy were probably dependent upon the success of the entire venture.

17            It is not a defense that a person's participation in a conspiracy was minor or for a short

18    period of time.

19

20                          **Authority**

21    NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.23.

22

23

24

25

26

27

28

JOINTLY PROPOSED JURY INSTRUCTIONS
NO. CR-12-581 EJD                59