1  MELINDA HAAG (CABN 132612)
   United States Attorney

2

3  J. DOUGLAS WILSON (DCBN 412811)
   Chief, Criminal Division

4  HARTLEY M. K. WEST (CABN 191609)
   AMBER S. ROSEN (CABN 160380)

5  Assistant United States Attorneys

6       450 Golden Gate Ave.
        San Francisco, California 94102

7       Telephone: (415) 436-7200
        FAX: (415) 436-7234

8       hartley.west@usdoj.gov
        amber.rosen@usdoj.gov

9
   Attorneys for United States of America

10

11            UNITED STATES DISTRICT COURT

12          NORTHERN DISTRICT OF CALIFORNIA

13                  SAN JOSE DIVISION

14

15  UNITED STATES OF AMERICA,          )  CASE NO. CR-12-0581 EJD
                                        )
16          Plaintiff,                  )  **UNITED STATES' PROPOSED VOIR DIRE**
                                        )
17      v.                              )
                                        )
18  JERRY WANG,                         )  Trial Date:   November 17, 2014
                                        )  Judge:        Hon. Edward J. Davila
19          Defendant.                  )
    _____)

20

21      Plaintiff United States of America proposes the following voir dire questions.  The United States

22  respectfully reserves its right to modify or supplement this list as it continues to prepare for the trial.

23  DATED: October 27, 2014                          Respectfully submitted,

24                                                   MELINDA HAAG
                                                     United States Attorney
25

26                                                   _____/s/_____
                                                     HARTLEY M.K. WEST
27                                                   AMBER S. ROSEN
                                                     Assistant United States Attorneys
28

   UNITED STATES' PROPOSED VOIR DIRE
   NO. CR-12-581-EJD

UNITED STATES' PROPOSED VOIR DIRE QUESTIONS

Juror Background

1.  Have you ever served as a juror before?

    a.  If yes, were you a juror in a state or federal court?

    b.  What type of case was it?

    c.  Did the jury reach a verdict?

    d.  Based on that experience, is there any reason you could not give a fair and impartial trial to both sides in this case?

2.  Please summarize your educational background.

3.  Have you ever served in the military?  If so, please explain.

Attitude Toward Law Enforcement

4.  Have you or any of your close friends or relatives ever been arrested, charged, or a defendant in a criminal case?  (You may ask to approach the bench to answer this question if you prefer.)

    a.  Who was arrested or charged?

    b.  Do you feel the matter was fairly handled?

    c.  When did it happen and what type of crime was it?

    d.  Did the matter result in a trial being held?

    e.  Is there anything about the way the police, the prosecutor, or the judge handled that case that has caused you to form a positive or negative opinion about law enforcement?

5.  Most of us in our lives have, one way or another, come into contact with law enforcement officers.  Have you or any of your close friends or relatives ever had any unpleasant or negative experience with law enforcement?  (You may ask to approach the bench to answer this question if you prefer.)  If so, has that experience caused you any feelings regarding law enforcement that might make it difficult for you to be a fair and impartial juror in this case?

6.  Do you have any feelings whatsoever regarding the criminal justice system that might affect your ability to consider the evidence in this case fairly and impartially?  Do any of you believe

2

UNITED STATES' PROPOSED VOIR DIRE
NO. CR-12-581 EJD

1    that you cannot base your verdict only on the evidence presented in this case?

2       7.    You may hear testimony in this case from special agents and employees of the

3    Department of Homeland Security, Immigration and Customs Enforcement; and the United States

4    Department of State.  Is there anything you may have experienced, seen, heard, or read about that would

5    cause you to tend to believe the testimony of a person any more or less, simply because he or she is

6    employed by those agencies?

7       8.    Have you, or have any close relatives or friends, had any contact with: (1) the

8    Department of Homeland Security, Immigration and Customs Enforcement; (2) the United States

9    Department of State; or (3) the United States Attorney's Office?

10          a.    If so, which agency?

11          b.    What was the nature of the contact?

12          c.    Do you feel that you or your family member or friend was treated fairly by that

13    law enforcement entity?

14      9.    Have you ever testified as a witness in a criminal trial for either the prosecution or the

15    defense?

16          a.     If yes, briefly explain the circumstances.

17          b.    Do you have any feelings about that experience that would prevent you from

18    being fair, objective, and impartial in this case?

19      10.    Do you feel that the Government, the prosecution, is entitled to a fair trial to the same

20    extent as the defendant?

21      11.    Do you have any feelings or prejudices against the Government, the United States

22    Attorney's Office, or criminal prosecutors where you feel you could not give the prosecution a fair and

23    impartial trial?

24      12.    Have you ever been the victim or witness of a crime?

25          a.    What happened in that case?

26          b.    Were you satisfied with the way the case was handled by law enforcement and by

27    the court?

28

UNITED STATES' PROPOSED VOIR DIRE
NO. CR-12-581 EJD

13.     This case may require that you make a determination as to a person's state of mind based on evidence of that person's conduct.  Is there any reason why you feel that you cannot or should not do that?

Views on Immigration/Deportation

14.     There may be evidence that witnesses in this case illegally entered or remained in the United States.  Do you have views about the federal government's treatment of illegal aliens that would make it difficult for you to sit as an impartial juror on this case?

a.     If you do have views about the way in which the federal government enforces immigration laws, will you hold those views against the Assistant United States Attorneys who are trying this case?

b.     Or against special agents from the Department of Homeland Security, Homeland Security Investigations who may testify in this trial?

15.     Do you have views about individuals who enter, or remain in, the United States illegally that may make it difficult for you to sit as an impartial juror on this case?

a.     If so, please describe your views.

b.     If you do have views about aliens illegally entering or remaining in the United States, will you hold those views against either party in this case?

16.     Do you have any particular knowledge or views regarding the Student (F-1) Visa Program?  If so, what is that knowledge/what are those views?

17.     Do you have any particular views regarding immigration from India?

18.     Have you or has anyone close to you ever retained the services of an immigration attorney?

19.     Have you or has anyone close to you ever testified or otherwise participated in a proceeding before an immigration judge?

20.     Have you or has anyone close to you had your legal status in the United States challenged by any government official – either by being asked to show proof of alienage, or in another way?  Please describe.

UNITED STATES' PROPOSED VOIR DIRE
NO. CR-12-581 EJD

4

Punishment and Sympathy

21.     Do you have any reservations about sitting in judgment of an accused person and returning a verdict?

22.     If the government proves the defendant guilty beyond a reasonable doubt, would you hesitate to sign a verdict of guilty?

23.     If you are selected as a juror, you will reach a verdict only as to the guilt or non-guilt of the defendant.  In the event of a guilty verdict, the judge will determine the appropriate sentence to be imposed.  Will you promise to reach a verdict without speculating as to the possible sentence that the court may impose?

24.     Knowing what you now know about this case, do you have any reservations about your ability to hear the evidence, deliberate, and make a decision on a verdict?

25.     If the Court instructs you that your verdict must not be based on sympathy, passion, or prejudice, but only on the evidence presented in this case and on the law as the Court instructs you on it, will you be able to follow that instruction?

26.     The Government must prove its case against the defendant beyond a reasonable doubt. Do you understand that the standard is beyond a reasonable doubt, and not beyond all possible doubt?  If you are selected, would you abide by the proper standard?

27.     Is there anything about yourself or your beliefs and attitudes that have not yet been discussed that you feel both sides ought to know?

5

UNITED STATES' PROPOSED VOIR DIRE
NO. CR-12-581 EJD