JAMES McMANIS (40958)
MATTHEW SCHECHTER (212003)
TYLER ATKINSON (257997)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:   (408) 279-8700
Facsimile:   (408) 279-3244
Email:  tatkinson@mcmanislaw.com

STEVEN F. GRUEL (213148)
LAW OFFICES OF STEVEN F. GRUEL
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone:   (415) 989-1253
Facsimile:   (415) 829-4304
Email:  attystevengruel@sbcglobal.net

Attorneys for Defendant,
JERRY WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>JERRY WANG,<br><br>        Defendant. | Case No. CR 12-00581 (EJD)<br><br>**DEFENDANT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS**<br><br>Trial Date:  November 17, 2014<br>Time:        1:30 p.m.<br>Ctrm:        4, 5th Floor<br>Judge:       Honorable Edward J. Davila |

Defendant, Jerry Wang ("defendant"), separate and apart from the Jointly Proposed Jury Instructions, submits the following jury instructions proposed by defendant. Defendant reserves the right to submit new or modified instructions, or to withdraw proposed instructions, based on the instructions submitted by the United States, the evidence presented at trial, and any rulings made by the Court during trial.

1)     9th Cir. Model Crim. Jury Inst. No. 2.5 – Judicial Notice
2)     Model Fed. Crim. Jury Inst. No. 2-5 – The Government as a Party
3)     Model Fed. Crim. Jury Inst. No. 2-11 – Improper Considerations: Race, Religion, National Origin, Sex or Age
4)     Model Fed. Crim. Jury Inst. No. 4-3 – Number of Witnesses and Uncontradicted Testimony
5)     Model Fed. Crim. Jury Inst. No. 7-2 – Bias and Hostility
6)     Model Fed. Crim. Jury Inst. No. 7-16 – Law Enforcement Witness
7)     9th Cir. Model Crim. Jury Inst. No. 4.15 – Summaries Not Received in Evidence
8)     9th Cir. Model Civil Jury Inst. No. 2.14 – Evidence in Electronic Format
9)     Defendant's Special Instruction – Definition of Computer
10)     9th Cir. Model Crim. Jury Inst. No. 3.17 – Possession-Defined
11)     Defendant's Special Instruction – Definition of Willfully

Dated: October 27, 2014            McMANIS FAULKNER

                                        /s/ Tyler Atkinson
                                      JAMES MCMANIS
                                      MATTHEW SCHECHTER
                                      TYLER ATKINSON

                                      LAW OFFICES OF STEVEN F. GRUEL
                                      STEVEN F. GRUEL

                                      Attorneys for Defendant,
                                      JERRY WANG

DEFENDANT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS; CASE NO. CR 12-00581 (EJD)

<u>Judicial Notice</u>

The court has decided it is not necessary to receive evidence of the fact that [*insert fact noticed*] because this fact is of such common knowledge. You may, but are not required to, accept this fact as true.

Ninth Circuit Model Criminal Jury Instructions No. 2.5
(This instruction shall only be used if triggering evidence is introduced.)

<u>The Government as a Party</u>

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the government, for the enforcement of criminal laws is a matter or prime concern to the community. Equally, it is important to the defendant, who is charged with a serious crime.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Model Federal Jury Instructions – Criminal, Instruction No. 2-5 (Matthew Bender)

<u>Improper Considerations: Race, Religion, National Origin, Sex or Age</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decisionmaking process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

Model Federal Jury Instructions – Criminal, Instruction No. 2-11 (Matthew Bender)

<u>Number of Witnesses and Uncontradicted Testimony</u>

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.

In a moment I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

Model Federal Jury Instructions – Criminal, Instruction No. 4-3 (Matthew Bender)

DEFENDANT'S ADDITIONAL PROPOSED JURY INSTRUCTIONS; CASE NO. CR 12-00581 (EJD)

<u>Bias and Hostility</u>

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile towards the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

Model Federal Jury Instructions – Criminal, Instruction No. 7-2 (Matthew Bender)

<u>Law Enforcement Witness</u>

You have heard testimony of a law enforcement official. The fact that a witness may be employed by the federal government as a law enforcement official does not mean that his testimony is necessarily deserving or more or less consideration than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try and attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

Model Federal Jury Instructions – Criminal, Instruction No. 7-16 (Matthew Bender)

<u>Summaries Not Received in Evidence</u>

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Model Criminal Jury Instructions No. 4.15
(This instruction shall only be used if charts and summaries are shown but not admitted into evidence.)

<u>Evidence in Electronic Format</u>

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the marshal.) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the marshal present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data disk from the jury room, and do not copy any such data.

Ninth Circuit Model Civil Jury Instructions No. 2.14

(This instruction shall only be used if electronic evidence is made available to the jury during deliberations.)

Definition of Computer

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

Authority for Instruction:

18 U.S.C. § 1030(e)(1)

<u>Possession—Defined</u>

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

Ninth Circuit Model Criminal Jury Instructions No. 3.17

<u>Definition of "Willfully"</u>

"Willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.  The defendant's conduct was not "willful: if it was due to negligence, inadvertence, or mistake.

<u>Authority for Instruction:</u>
Second sentence of the first paragraph and the first sentence of the second paragraph of the Model Federal Jury Instructions – Criminal, No. 3A-3 (Matthew Bender).