JAMES McMANIS (40958)
MATTHEW SCHECHTER (212003)
TYLER ATKINSON (257997)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244
Email: tatkinson@mcmanislaw.com

STEVEN F. GRUEL (213148)
LAW OFFICES OF STEVEN F. GRUEL
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone: (415) 989-1253
Facsimile: (415) 829-4304
Email: attystevengruel@sbcglobal.net

Attorneys for Defendant,
JERRY WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY WANG,<br><br>Defendant. | Case No. CR 12-00581 (EJD)<br><br>**DEFENDANT'S OBJECTIONS TO AND MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S PROPOSED RULE 404(b) EVIDENCE**<br><br>Trial Date: November 17, 2014<br>Time: 1:30 p.m.<br>Ctrm: 4, 5th Floor<br>Judge: Honorable Edward J. Davila |

## **INTRODUCTION**

Defendant, Jerry Wang ("Wang"), hereby submits his objection and motion in limine to exclude the government's proposed Rule 404(b) evidence. The proposed evidence does not relate to any issue to be tried to the jury, is not admissible under Rule 404(b), and is unduly prejudicial. Wang respectfully requests that this Court issue an order excluding the government's proposed evidence.

## STATEMENT OF FACTS

The government has identified the following very general categories of facts it wishes to admit pursuant to Rule 404(b):

- Employment letters, transcripts, and articulation agreements that do not underlie a specific count in the indictment but that Wang allegedly submitted to SEVP together with documents that are alleged in the indictment.

- Wang's alleged false statement to SEVP officials and DHS agents that Herguan University only offered online classes due to construction.

- Wang's alleged instructions to University of East-West Medicine and Herguan University staff, or to his parents, to forge Wang's signature on I-20 forms that are dated outside the time window set forth in Count 6 of the indictment.

- Unspecified evidence that Wang allegedly caused University of East-West Medicine students to be forcibly transferred to Herguan University.

- Unspecified evidence that University of East-West Medicine students who were allegedly forcibly transferred to Herguan University were upset given their application to, and enrollment in, University of East-West Medicine which was an accredited institution.

- Wang's alleged instructions to Ling Zhang to destroy student letters complaining of the alleged forced transfer from University of East-West Medicine students to Herguan University.

(United States' October 10, 2014 Letter Notice of Rule 404(b) Evidence, pp. 3-4 ["404(b) Notice"].)[1]

As discussed below, none of this evidence should be admitted under Rule 404(b). To the extent that the Court finds any of it admissible pursuant to Rule 404(b), it should still be excluded under Rule 403 on the ground that it is unduly prejudicial and wastes the Court's time.

## ARGUMENT

**I.   THE GOVERNMENT'S PROPOSED EVIDENCE OF CRIMES, WRONGS, OR OTHER ACTS IS NOT ADMISSIBLE UNDER RULE 404(B).**

Evidence of prior crimes or wrongful conduct may only be admitted if (1) "it is similar enough, and close enough in time to be relevant"; (2) it is based on sufficient evidence; and (3) "the probative value of the evidence outweighs the potential prejudice to the defendant." *United*

---

[1] The 404(b) Notice received by Wang's counsel is attached hereto as Exhibit A. Attached hereto as Exhibit B is an October 23, 2014 letter from Steven Gruel to Hartley West asking the government to provide additional information regarding the four general areas of alleged "other acts" evidence disclosed in the 404(b) Notice so as to be able to meaningfully formulate defense motions *in limine*.

*States v. Alfonso*, 759 F.2d 728, 739 (9th Cir. 1985); *see also United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997). The government bears the burden of showing that the elements of this test are met. *Alfonso*, 759 F.2d at 739. Here, the government argues, in a 404(b) Notice that lacks significant detail, that certain evidence should not be treated as "other crimes" because it is "inextricably intertwined" with the crimes charged, and in the alternative, that the "other crimes" evidence is similar enough to be probative of the issues of knowledge, intent, identity, preparation, planning, motive and lack of mistake. Neither doctrine applies.

### A. The "Inextricably Intertwined" Doctrine Does Not Apply.

The "inextricably intertwined" doctrine applies when the evidence to be admitted constitutes part of the transaction that serves as the basis of the criminal charge, or when necessary to allow the prosecutor to offer a coherent story regarding the commission of an alleged crime. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995). Here, the government contends the following:

(a) that employment letters, transcripts, and articulation agreements that do not underlie a specific count in the indictment are "inextricably intertwined because defendant submitted them to SEVP together with specifically alleged documents[;]"

(b) that Wang's false statements to SEVP officials and DHS agents that Herguan University only offered online classes due to construction are "inextricably intertwined with the evidence regarding Herguan's request for the Academic Warning Letter, which underlies Overt Act (g) of Count 1 and Count 13[;]"

(c) that Wang's instructions to UEWM and Herguan office staff, or to his parents, to forge Wang's signature on I-20 forms that are dated outside the time window set forth in Count 6 are "inextricably intertwined with the alleged conduct[;]" and

(d) Wang caused the forced transfer of UEWM students to Herguan and instructed an employee to destroy written student complaints about the transfer.

(404(b) Notice, pp. 3-4.) In each situation, the other acts evidence that the government seeks to introduce at trial either fails to constitute part of the transaction that serves as the basis of the

applicable criminal charge, or has no role in assisting the government in its attempt to set forth a coherent story regarding the commission of the alleged crimes.

1. <u>The Employment Letters, Transcripts, and Articulation Agreements.</u>

The government seeks to introduce into evidence various employment letters, transcripts, and articulation agreements that were allegedly submitted to SEVP, even though the documents themselves are not evidence of any count in the indictment. Significantly, the government fails to identify what additional documents it seeks to introduce, fails to identify what count, or counts, in the indictment this particular other act evidence would apply to, and does not cite to any authority that would permit it to introduce unidentified and unconnected documents in evidence.

As noted above, evidence that is "inextricably intertwined" must constitute part of the transaction that serves as the basis of the criminal charge, or allow the prosecutor to offer a coherent story regarding the commission of an alleged crime. *Vizcarra-Martinez, supra*, 66 F.3d at 1012-13. Here, the evidence does neither. In admitting that the documents do not underlie any count in the indictment, failing to identify what documents are to be admitted, and failing to connect the documents to any of the fifteen counts in the indictment, the government has not come close to demonstrating how this particular evidence constitutes part of any transaction, much less how it would assist the government in presenting a story as to the commission of an unidentified crime. Similarly, because the 404(b) Notice does not describe or identify the documents to be introduced, the claim that they "may" be relevant to show Wang's "knowledge, intent, preparation, plan, and lack of mistake" is pure speculation. Simply claiming that Wang submitted documents, in and of themselves, does not make those documents relevant to the counts in the indictment, or admissible into evidence. The government has failed in meeting its burden, and the documents should not be permitted to be offered at trial.

2. <u>Wang's False Statements to SEVP Officials and DHS Agents.</u>

The government seeks to introduce evidence of alleged false statements because they are "inextricably intertwined" with overt act (g) of the Conspiracy change and Count 13 (Use of a

---
3
DEFENDANT'S OBJECTIONS TO AND MOTION IN LIMINE TO EXCLUDE PLAINTIFF'S PROPOSED RULE 404(b) EVIDENCE; CASE NO. 10-CV-02181 (RMW)

False Document.) As to both the overt act and Court 13, though, the issue involves an allegedly false Herguan University Academic Warning Letter. Simply put, the supposed statement by Wang as to where students are taking classes does not in any way constitute a part of the "transaction" that acts as the overt act for purposes of the conspiracy count, or which forms the basis of the charge for use of a false document under 18 U.S.C. § 1001(a)(3). Put another way, where a student is taking classes (the subject of the alleged false statement), has no relevance as to how the student is doing in class or if they are even present in class (the subject of the alleged false document).

Indeed, the government does not attempt in its 404(b) Notice to explain how Wang's statement is in any way connected to the transactions it identifies, or how the statement is <u>necessary</u> to permit the prosecutor to present a coherent story. It is more than sufficient for the government to say that it requested Academic Warning letters from Herguan and the identified letter is what was produced. Anything more is unnecessary and prejudicial to Wang. That the alleged false statement and production of the letter may be close in time is not sufficient. *See Vizcarra-Martinez, supra,* 66 F.3d at 1013 ("Coincidence in time is insufficient."). For these reasons, Wang's alleged false statement does not fall within either of the "inextricably intertwined" exceptions and its introduction into evidence should be prohibited.

3. <u>Wang's Instructions to Forge his Signature on I-20 Forms.</u>

Here, the government wants to introduce "instructions" that Wang gave to office staff, or his parents, to "forge" his signature. In doing so, the government appears to want to offer evidence of wrongful conduct, even though it has presented no evidence in its 404(b) Notice that any forgery actually occurred. "In general, forgery is the false making, with the intent to defraud, of a document which is not what it purports to be, as distinct from a document which is genuine but nevertheless contains a term or representation known to be false." *U.S. v. Price*, 655 F.2d 958, 960 (1981); *see also In re Feagins*, 439 B.R. 165, 174 (D. Haw. 2010), quoting Black's Law Dictionary 722 (9th ed. 2009) ("Forgery is '[t]he act of fraudulently making a false document or altering a real one to be used as if genuine.'"). Indeed, the "falseness" of the

document is central to a finding that a document has been forged. Other statutory definitions equate an unauthorized signature with forgery. *See, e.g., Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 875 (9th Cir. 2008), quoting Model Penal Code § 224.1(1) (Forgery, "in relevant part, [is defined] as 'alter[ing] any writing of another without his authority' or making 'any writing so that it purports to be the act of another who did not authorize that act.'"); Cal. Com. Code § 1201(b)(41) ("'Unauthorized signature' means a signature made without actual, implied, or apparent authority. The term includes a forgery."); U.C.C. § 1-201(41) (2004) (same).

Furthermore, as the 404(b) Notice contends that Wang asked others to sign documents for him, it implicitly acknowledges that Wang authorized HGU and UEWM employees, or his parents, to sign his name on the Form I-20's. As a result, any such signatures cannot constitute forgery. *See In re Feagins*, *supra*, 439 B.R. at 174. Even if the signatories were not authorized to sign for Wang, his subsequent actions ratified the conduct. "Ratification is 'the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account, whereby the act, as to some or all persons, is given effect as if originally authorized by him.' Any conduct manifesting an intent to treat an unauthorized act as authorized, including the failure to repudiate the unauthorized act, supports a finding of ratification. A principal may ratify the forgery of his signature by an agent." *Id.* at 174-175, quoting *Maui Finance Co. v. Han,* 34 Haw. 226, 230, 1937 WL 4450 (Haw.Terr.1937); *see also Clews v. Jamieson*, 182 U.S. 461, 483 (1901) ("A principal can adopt and ratify an unauthorized act of his agent who in fact is assuming to act in his behalf, although not disclosing his agency to others, and when it is so ratified it is as if the principal has given an original authority to that effect and the ratification relates back to the time of the act which is ratified.").

Given that the government has failed to show (a) how any alleged instructions to allegedly forge signatures is similar to what the government seeks to prove, (b) that there is any sufficient evidence to support random claims of alleged forgery, or (c) how mentioning that Wang instructed another to forge his signature would not be so prejudicial as to outweigh any

probative value, they have failed in their burden and any such wrongful conduct cannot be admitted. *Alfonso, supra*, 759 F.2d at 739.

The alleged other acts of instructing people to forge his signature also cannot be deemed to be "inextricably intertwined." The government appears to contend that such evidence is "inextricably intertwined" with every count in the indictment, although, once again, they do not show how such alleged instructions are connected to any transaction in the indictment – particularly as to the counts for identity theft and unauthorized use of a computer which do not involve forgery in any way – or how such instructions are necessary to permit the prosecutor to present a coherent story.

    4.  <u>Wang's Forced Transfer of Students and Destruction of Complaints.</u>

The final "other act" that the government seeks to introduce at trial involves Wang's alleged forced transfer of students from UEWM to Herguan and that Wang instructed Ling Zhang to destroy complaints made about the transfers. Here, other than making the blanket statement that Wang made such forced transfers, it has not presented or identified any evidence that such transfers took place, or that any students complained if they were transferred. The government also does not present any explanation as to how these other acts constitute part of any transaction that serves as the basis of the charges set forth in the indictment or that how it is necessary to offer a coherent story regarding the commission of any of the crimes alleged. *See Vizcarra-Martinez, supra*, 66 F.3d at 1012-13.

  **B.**  **The Proposed Evidence Is Not Sufficiently Similar To The Elements Of The Charged Crimes To Be Probative Of Motive, Knowledge, Intent, Identity, Preparation, Planning, Or Lack Of Mistake.**

Although the government superficially asserts that the "other crimes" evidence is probative of Wang's knowledge, intent, planning, identity, preparation, motive and lack of mistake as to the various crimes alleged in the indictment, it cites no authority and makes no other argument in support of these bare assertions. This is not sufficient to satisfy the government's burden. *See Alfonso*, 759 F.2d at 739. In fact, none of the government's bare superficial statements or proposed evidence tends to show that Wang acted in a manner that

would permit the government to introduce these unconnected acts into evidence for consideration by the jury.

As to each of the wrongful or other acts identified, the government has consistently failed to meet is burden of showing that the conduct is based is similar enough to be relevant and based on sufficient evidence, that the evidence constitutes part of the transaction that serves as the basis of the criminal charge, that it shows knowledge, intent, planning, identity, preparation, motive or lack of mistake on Wang's part, or that it is at all necessary to allow the prosecutor to offer a coherent story regarding the commission of an alleged crime. *Alfonso*, 759 F.2d at 739; *Johnson, supra*, 132 F.3d at 1282; *Vizcarra-Martinez*, 66 F.3d at 1012-13. It is the responsibility of the government to put forth such proof in order to be able to introduce evidence under Rule 404(b). It has not done so. Moreover, it should not be allowed to retroactively provide the court with this information. The government had the opportunity to provide such details when it sent Wang the 404(b) Notice. As it did not do so, it must suffer the consequences and be prohibited from introducing any of the proposed evidence set forth in its 404(b) Notice.

## II. THE GOVERNMENT'S PROPOSED EVIDENCE OF CRIMES, WRONGS, OR OTHER ACTS IS UNDULY PREJUDICIAL AND SHOULD BE EXCLUDED UNDER RULE 403.

Evidence that is admissible under Rule 404(b) may nevertheless be excluded under Rule 403 if its prejudicial impact outweighs its probative value. *See* Fed. R. Evid. 403; *see also* Fed. R. Evid. 403, Adv. Comm. Notes ("Unfair prejudice … means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."); *Arlio v. Lively,* 474 F.3d 46, 53 (2nd Cir. 2007) ("District courts must assiduously guard juries against the siren song of irrelevant and prejudicial prior determinations."). Moreover, failure to engage in a Rule 403 analysis is error. *See Blind-Doan v. Sanders,* 291 F.3d 1079, 1082-83 (9th Cir. 2002) (trial court's ruling did not reflect that Rule 403 analysis was performed).

Here, the evidence of (a) employment letters, transcripts, and articulation agreements that do not underlie a single count in the indictment; (b) statements about online classes due to construction that have no connection to allegedly fraudulent academic warning letters; (c)

unproven and legally insufficient allegations of fraud that are not part of the indictment; and (d) unproven allegations of forced transfers is not probative of whether Wang engaged in or committed any of the acts for which he is charged in the Indictment. To the extent the court finds these facts have any probative value at all, that value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. The government seeks to use admittedly unconnected, and presumably legal and properly submitted documents, as well as unsubstantiated acts allegedly engaged in by Wang as a way to obtain a guilty verdict. This is improper and such evidence should not be allowed at trial.

      The government, and the agent in charge, had a preconceived notion that any school whose student body is predominately foreign based, and where classes are taken online rather than in person, must automatically be a visa mill, rather than a legitimate academic institution. In trying to get these other acts introduced at trial and put before the jury, the government seeks to impose its preconceived notion onto the jury, by conflating Wang's alleged false statements and instructions to forge his signature with the allegations that Wang engaged in visa fraud, used a computer without proper access, and knowingly used false documents. Allowing this evidence in would create an undue risk that the jury would convict Wang of the charges in the Indictment based on improper inferences derived from other acts identified by the government, none of which are based on substantial evidence or tied to any part of any transaction, and none of which have any bearing on whether Wang committed the crimes, beyond a reasonable doubt, for which he has been charged.

      Similarly, evidence of alleged false statements or attempts to forge documents with his signature would only serve to try and prove Wang's bad character as a liar and a chest, and to support the impermissible inference that he acted in conformity with such character traits with regard to completely different acts. Allowing such evidence to be admitted would prejudice Wang by potentially subjecting him to punishment based on unrelated other acts. Such prejudicial evidence is inadmissible under the rules of evidence.

///

## **CONCLUSION**

For the foregoing reasons, Wang respectfully requests that this Court find that the government's proposed Rule 404(b) evidence inadmissible under Rule 404(b), or in the alternative, under Rules 402 or 403.

Dated: October 27, 2014     McMANIS FAULKNER

    /s/ Tyler Atkinson
JAMES McMANIS
TYLER ATKINSON
MATTHEW SCHECHTER

LAW OFFICES OF STEVEN F. GRUEL
STEVEN F. GRUEL

Attorneys for Defendant,
JERRY WANG