JAMES McMANIS (40958)
MATTHEW SCHECHTER (212003)
TYLER ATKINSON (257997)
McMANIS FAULKNER
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:    (408) 279-8700
Facsimile:    (408) 279-3244
Email: tatkinson@mcmanislaw.com

STEVEN F. GRUEL (213148)
LAW OFFICES OF STEVEN F. GRUEL
315 Montgomery Street, 9th Floor
San Francisco, California 94104
Telephone:    (415) 989-1253
Facsimile:    (415) 829-4304
Email: attystevengruel@sbcglobal.net

Attorneys for Defendant,
JERRY WANG

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>JERRY WANG,<br><br>        Defendant. | Case No. CR 12-00581 (EJD)<br><br>**DEFENDANT'S MOTION IN LIMINE TO PROHIBIT USE OF INFLAMMATORY AND PREJUDICIAL LANGUAGE**<br><br>Trial Date:  November 17, 2014<br>Time:          1:30 p.m.<br>Ctrm:          4, 5th Floor<br>Judge:        Honorable Edward J. Davila |

## INTRODUCTION

Defendant, Jerry Wang ("Wang"), submits the following Motion in Limine to Prohibit Use of Inflammatory and Prejudicial Language. Wang requests that this Court issue an order, before the selection of a jury, to exclude any such evidence or testimony, based on Rules 401 and 403 of the Federal Rules of Evidence. This motion is based on the pleadings, papers, and records in this action, the memorandum of points and authorities filed herewith, and any evidence presented at the hearing for this motion.

1

## **LEGAL ARGUMENT**

2

In the Indictment, the government contends that Wang, among other things, improperly

3 accessed, and submitted forged documents, via the Student and Exchange Visitor Information

4 System ("SEVIS").  SEVIS came about via the USA Patriot Act following the events of 9/11.

5 (See Exhibits A and B, attached hereto).  The government has also given Wang notice that it

6 intends to call to "expert" witnesses to testify about U.S. State Department rules and procedures

7 governing F-1 student visa as well as rules and procedures regarding the Department of

8 Homeland Security's Student Exchange Visitor Program (SEVP) and SEVIS.  It is anticipated

9 that the testimony of one, or both, of these witnesses, will include the origin of SEVP and

10 SEVIS.  Such testimony may include the Congressional response to 9/11 with respect to foreign

11 students and student visas.

12

While the jury has the role of determining if Wang committed the acts for which he is

13 charged, the development of SEVIS, and its connection to the events of 9/11 are not relevant to

14 that decision and should not be presented to the jury.  The jury's opinions and deliberative

15 process should not be influenced and undermined by allowing counsel and witnesses to make

16 references to terrorism and 9/11 in regard to undecided factual issues.  Wang asks that the

17 government, and its witnesses, be prohibited from using inflammatory and prejudicial language

18 in discussing terrorism and 9/11, either generally or in connection with the origin and

19 development of SEVIS.

20

Relevant evidence is defined as "evidence having any tendency to make the existence of

21 any fact that is of consequence to the determination of the action more probable or less probable

22 than it would be without the evidence."  Fed. R. Evid. 401.  "Evidence which has no probative

23 value with respect to any issue … is not admissible and the trial judge has the function <u>and duty</u>

24 to exclude such evidence from the consideration of the jury."  *U.S. v. Higgins*, 362 F.2d 462, 464

25 (7th Cir. 1966), *cert. denied*, 385 U.S. 945 (1966) (emphasis added); *see also* Fed. R. Evid. 402

26 ("Irrelevant evidence is not admissible.").

27 ///

28 ///

1    Any discussion or reference to terrorism or 9/11 provides no probative value; it is simply

2    a subtle attempt to associate Wang with such subject matter.  Any discussion of the origin of

3    SEVIS, if even necessary, can be accomplished without the discussion of these topics.

4    A court may exclude relevant evidence if its probative value is substantially outweighed

5    by a danger of unfair prejudice, confusing the issues, or misleading the jury, among other

6    reasons.  *See* Fed. R. Evid. 403.  "Unfair prejudice … means an undue tendency to suggest

7    decision on an improper basis, commonly, though not necessarily, an emotional one."  *See* Fed.

8    R. Evid. 403, Adv. Comm. Notes; *see also Arlio v. Lively,* 474 F.3d 46, 53 (2nd Cir. 2007)

9    ("District courts must assiduously guard juries against the siren song of irrelevant and prejudicial

10   prior determinations.")

11   Given the natural reaction of individuals to terrorism, and the impact that 9/11 had on the

12   United States at that time, and still today, the mere mention of such subjects could paint Wang in

13   an unfair and unflattering light to the jury and result in them concluding that the government is

14   prosecuting him so as to stop terrorism or prevent other "9/11 type" individuals from entering the

15   country.  Such conclusions by the jury would not only be improper, but unfairly prejudicial to

16   Wang as the jury could return guilty verdicts based on simply on wanting to protect against

17   terrorism or 9/11 references, rather than considering only the proper evidence regarding whether

18   or not Wang committed the actual acts for which he is charged.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

## <u>CONCLUSION</u>

2    The jury has the role of determining, beyond a reasonable doubt, if Wang committed any

3 of the acts he is charged with in the Indictment.  Counsel and witnesses should not be allowed to

4 prejudice or improperly influence that role by tying, directly or indirectly, Wang to terrorism or

5 9/11.  Wang asks that the government's counsel and witnesses be prohibited from referring to

6 terrorism or 9/11, or from tying Wang to such acts.  Such characterizations are barred by Rule

7 403 as misleading, confusing, and prejudicial.

8

9    Dated: October 27, 2014               McMANIS FAULKNER

10                                         ___/s/  Tyler Atkinson_____
                                           JAMES McMANIS
11                                         TYLER ATKINSON
12                                         MATTHEW SCHECHTER

13                                         LAW OFFICES OF STEVEN F. GRUEL
14                                         STEVEN F. GRUEL

15                                         Attorneys for Defendant,
16                                         JERRY WANG

17

18

19

20

21

22

23

24

25

26

27

28