# Exhibit A



*United States Attorney*
*Northern District of California*

*11th Floor, Federal Building*　　　　　　　　*(415)436-7200*
*450 Golden Gate Ave., Box 36055*　　　　*FAX: (415) 436-7234*
*San Francisco, CA 94102-3495*

October 10, 2014

James McManis
Tyler Atkinson
Matthew Schechter
A Professional Corporation
50 West San Fernando St., 10th Floor
San Jose, CA 95113

Steven Gruel
Law Offices of Steve Gruel
315 Montgomery St., 9th Floor
San Francisco, CA 94104

　　　　　　　　Re:　United States v. Jerry Wang, CR 12-0581 EJD

Dear Counsel:

　　　This letter provides notice regarding anticipated expert testimony and other acts evidence, pursuant to Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 404(b), and reiterates its request for reciprocal discovery.

## Expert Designations

　　　The United States anticipates offering testimony regarding U.S. State Department rules and procedures governing F-1 student visas as well as rules and procedures governing U.S. Department of Homeland Security's Student and Exchange Visitor Program (SEVP) and Student and Exchange Visitor Information System (SEVIS). While the government believes that some or all of this testimony may not constitute expert testimony, we provide this notice out of an abundance of caution.

1. <u>William Elliot</u>

William R. Elliott, a Special Agent with the United States Department of State, will testify about the United States' student visa program. His qualifications are fully set forth in the attached curriculum vitae. (See Attachment 1.)

SA Elliott will explain that the Immigration and Nationality Act, 8 U.S.C. § 1101, identifies several categories of foreign nationals who may be admitted to the United States for nonimmigrant purposes. One such category, designated "F-1" based on the applicable statutory subsection, comprises bona fide students coming temporarily to study at an approved school. He will explain the mechanics for an alien to obtain an F-1 visa and to obtain entry into the United States, including the need to present a Certificate of Eligibility for Nonimmigrant (F-1) Student Status, also known as a Form I-20. SA Elliott will testify that students entering the United States on a F-1 visa are admitted for a temporary period called "duration of status." Whether a student is in status is determined by DHS.

The bases and reasons for SA Elliot's opinions are his training, experience, and familiarity with F-1 visa program, statutes, and regulations, along with the evidence developed in this case. All documents supporting Special Agent Elliot's opinions have been disclosed to defendant.

2. <u>Susanna Warner</u>

Susanna Warner is the Section Chief of the SEVP Analysis and Operations Center, part of U.S. Department of Homeland Security, Immigration and Customs Enforcement. Her qualifications are fully set forth in the attached curriculum vitae. (See Attachment 2.)

Ms. Warner will testify about how schools apply to admit foreign students; SEVP's processes for reviewing and approving or denying such applications; its process for withdrawing its approval. She will testify that a school seeking approval to admit foreign students must submit a Petition for Approval of School for Attendance by Nonimmigrant Student, also called a Form I-17, to SEVP in Washington, DC. Through the I-17, the school must establish that (1) it is a bona fide school; (2) it is an established institution of learning; (3) it has the necessary facilities, personnel, and finances to instruct recognized courses; and (4) it actually is engaged in instructing those courses. She will explain the site visit process, including what documents SEVP collects from the petitioning school during the site visit. Ms. Warner will explain that unaccredited schools must provide certain supplemental records, including "articulation agreements" establishing that its courses have been and are unconditionally accepted to at least three accredited institutions of higher learning. She will explain that SEVP may also request student transcripts and letters from graduates' employers to demonstrate the schools' bona fides. Ms. Warner will explain that such submissions are material and are relied on by DHS in evaluating an I-17 petition.

Ms. Warner will also state that a school's Form I-17 must identify "Designated School Officials" (DSOs), who certify their knowledge of and intent to comply with student immigration laws and regulations. Once a school is approved, its DSOs are issued login IDs and passwords

enabling them to access the Student and Exchange Visitor Information System (SEVIS). This access is non-delegable. She will explain that SEVIS is a nonpublic computer system located in Rockville, Maryland, which is used by the United States government and operated through SEVP for the purpose of collecting nonimmigrant student information from approved schools and monitoring such aliens' status. Upon login, a pop-up warning banner advises the user that SEVIS is a Privacy Act system of records for authorized users only, and that use evidencing possible criminal activity may be reported to law enforcement. She will describe the functionality of SEVIS along with the rules and regulations as to who may access SEVIS and how it may be lawfully used as part of SEVP.

Ms. Warner will testify that, to enter the United States on a student visa, a foreign national must present a Certificate of Eligibility for Nonimmigrant (F-1) Student Status, also known as a Form I-20, which is printed from SEVIS. She will explain that an initial I-20 certifies that the student has been accepted for enrollment in a full course of study, and is signed by a DSO. Ms. Warner will further testify that I-17 school activates the student's SEVIS record and prints an "active I-20" after the student arrives and begins making normal progress toward a full course of study, with physical attendance as an element. A student entering the United States on a F-1 visa is admitted for a temporary period called "duration of status," which federal regulations define as the time during which the student is pursuing a full course of study at an approved school. When a student stops pursuing a full course of study, the duration of status ends and the temporary period for which the individual was admitted expires. The school's DSOs are required to report in SEVIS within 21 days the failure of any student to maintain active status.

The bases and reasons for Ms. Warner's opinions are her training, experience, and familiarity with SEVIS and the pertinent statutes and regulations, along with the evidence developed in this case. All documents supporting Ms. Warner's opinions have been disclosed to defendant.

## Other Acts Evidence

The United States may offer evidence at trial of the following "other acts" by defendant. We believe these acts are inextricably intertwined with the evidence in this case, but in any event are admissible under Rule 404(b).

1. Employment letters, transcripts, and articulation agreements that do not themselves underlie a specific count in the indictment. These documents are inextricably intertwined because defendant submitted them to SEVP together with specifically alleged documents. They may also be relevant to proving defendant's knowledge, intent, preparation, plan, and lack of mistake.

2. Defendant's false statements to SEVP officials and DHS agents that Herguan only offered online classes due to construction. These false statements are inextricably intertwined with the evidence regarding Herguan's request for the Academic Warning Letter, which underlies Overt Act (g) of Count 1 and Count 13. They are also relevant to prove defendant's knowledge, intent, plan, and absence of mistake.

      3.      Defendant's instructions to UEWM and Herguan office staff to forge his signature on Forms I-20, or to have his parents forge his signature, outside the time window alleged in Count 6. Not only are such instructions inextricably intertwined with the alleged conduct, but they also show defendant's knowledge, intent, preparation, plan, and lack of mistake.

      4.      Evidence that defendant cause the forced transfer of UEWM students into Herguan; that students were angry about this forced transfer because they applied and were enrolled in classes at UEWM, which was accredited; and that defendant instructed employee Ling Zhang to destroy student letters of such complaints. Such evidence reveals defendant's motive in falsifying Herguan's I-17 application and submitting fraudulent documents in support. It also shows defendant's knowledge, intent, identity, preparation, plan, and lack of mistake.

### Reciprocal Discovery

Finally, the government has made repeated requests for defense discovery and reiterates that request now. Please note that we will move to exclude at trial any discovery not provided under the applicable Rules.

Very truly yours,

MELINDA HAAG
United States Attorney

*[signature]*

HARTLEY M. K. WEST
Assistant United States Attorney

# Exhibit B

*Law Offices of*
# Steven F. Gruel
**www.gruellaw.com**

---

*San Francisco Office*                         *Los Angeles Office*
315 Montgomery Street, 9th Floor        555 West Fifth, 31st Floor
San Francisco, California 94104          Los Angeles, California 90013
Telephone: (415) 989-1253               Telephone: (213) 625-1703
attystevengruel@sbcglobal.net

October 23, 2014

*Via E-Mail & United States Mail*

Hartley West
Amber Rosen
Assistant United States Attorneys
450 Golden Gate Avenue
San Francisoc, California 94102

RE:   *United States v. Jerry Wang, CR-12-0581-EJD*

Dear Hartley & Amber:

Hartley, I was sorry to hear that you had a medical setback and I hope you are well.

As we prepare for trial, the Wang defense team makes the following requests:

1. Pursuant to Fed. R. Crim. P. 12(d), the defense requests immediate notice of all evidence that the prosecution intends to introduce at trial in its case-in-chief;

2. Please provide the government's witness list as well as a list of the witnesses who have been subpoenaed for trial (this information will save time in having to contact or subpoena shared witnesses);

3. Please provide any and all transcripts of grand jury testimony, trial testimony and other *Jencks* material pertaining to any witness in the *Wang* trial who testified or provided statements in the *U.S. v. Susan Su*, CR-11-0288-JST (Tri-Valley) visa fraud investigation and / or trial;

4. Please provide all prior testimony and *Jencks* materials pertaining to the government's expert witnesses recently disclosed on October 10, 2014.  Please verify whether William Elliot or Susanna Warner have ever been designated as "expert witnesses" in any administrative, civil or criminal matter;

5. Please provide additional information regarding the four (4) general areas of alleged "other acts" evidence under Fed. R. Evid. 404(b) recently disclosed on October 10, 2014. This additional information is critical in order to meaningfully formulate defense motions *in limine*; and

6. Please consider this letter as an request for, or the updating of any previous request, for *Henthorn* material.

Thank you and please contact me with any questions or concerns.

Sincerely,

*Steven F. Gruel*

Steven F. Gruel
Attorney For Jerry Wang




cc. Tyler Atkinson, Esquire
    Jerry Wang, Client