# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN JOSE

FILED
2014 OCT 30 P 3 18
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

# CR 12 581

EJD
HRL

JERRY WANG,

DEFENDANT(S).

## SUPERSEDING INDICTMENT

18 U.S.C. § 371 - Conspiracy to Commit Visa Fraud;
18 U.S.C. § 1546(a) - Visa Fraud;
18 U.S.C. § 1030(a)(3) - Unauthorized Access to a Government Computer;
18 U.S.C. § 1001(a)(3) - Use of False Documents;
18 U.S.C. § 1028A - Aggravated Identity Theft;
18 U.S.C. § 2 - Aiding and Abetting;
18 U.S.C. § 982(a)(6)(A)(ii) – Forfeiture

A true bill.

_____ Nancy J. Peterson _____
Foreman

Filed in open court this ___30th___ day of
___October 2014___.

_____
Clerk

Bail, $ _No Bail_

MELINDA HAAG (CABN 132612)
United States Attorney

FILED
2014 OCT 30 P 3 18
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> JERRY WANG, <br> Defendant. | No. CR 12-581 EJD <br><br> VIOLATIONS: 18 U.S.C. § 371 - Conspiracy to Commit Visa Fraud; 18 U.S.C. § 1546(a) - Visa Fraud; 18 U.S.C. § 1030(a)(3) - Unauthorized Access to a Government Computer; 18 U.S.C. § 1001(a)(3) - Use of False Documents; 18 U.S.C. § 1028A - Aggravated Identity Theft; 18 U.S.C. § 2 - Aiding and Abetting; 18 U.S.C. § 982(a)(6)(A)(ii) – Forfeiture |

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Superseding Indictment:

1.  Defendant JERRY WANG was the Chief Executive Officer of Herguan University ("Herguan") and of the University of East-West Medicine ("UEWM"), located on the same campus in Sunnyvale, California.

2.  Y.W., WANG's father, was the President of Herguan, and the founder and President of UEWM.

3.  S.T., WANG's mother, was Herguan's Chief Financial Officer.

///

SUPERSEDING INDICTMENT
CR12-581 EJD

STUDENT VISA PROGRAM

4. The Immigration and Nationality Act, Title 8, United States Code, Section 1101, identifies several categories of foreign nationals who may be admitted to the United States for nonimmigrant purposes. One such category, designated "F-1" based on the applicable statutory subsection, comprises bona fide students coming temporarily to study at an approved school.

5. Students entering the United States on a F-1 visa are admitted for a temporary period called "duration of status," which federal regulations define as the time during which the student is pursuing a full course of study at an approved school. When a student stops pursuing a full course of study, the duration of status ends and the temporary period for which the individual was admitted expires.

6. A school seeking approval to admit foreign students must submit a Petition for Approval of School for Attendance by Nonimmigrant Student, also called a Form I-17, to the United States Department of Homeland Security (DHS), Student and Exchange Visitor Program (SEVP) in Washington, D.C. The I-17 is first submitted electronically, through the Student and Exchange Visitor Information System (SEVIS). As part of the I-17 approval process, SEVP conducts a site inspection, during which the inspector collects an original, signed I-17 and supporting documents. For an unaccredited school, the supporting documents must include evidence establishing that its courses have been and are unconditionally accepted by at least three accredited institutions of higher learning.

7. The petitioning school must also provide SEVP with a Record of Designated School Officials (DSOs), called a Form I-17A, which the DSOs must sign to certify their knowledge of and intent to comply with student immigration laws and regulations. Once a school is approved, its DSOs are issued login IDs and passwords enabling them to access SEVIS. SEVIS is a nonpublic computer system located in Rockville, Maryland, which is used by the United States government and operated through SEVP for the purpose of collecting nonimmigrant student information from approved schools and monitoring such aliens' status.

8. To enter the United States on a student visa, a foreign national must present a Certificate of Eligibility for Nonimmigrant ("F-1") Student Status, also known as a Form I-20, which is printed from SEVIS. An "initial I-20" certifies that the student has been accepted for enrollment in a full course

of study, and is signed by a DSO. The school activates the student's SEVIS record and prints an "active I-20" after the student arrives and begins making normal progress toward a full course of study, which requires physical attendance. The school's DSOs are required to report in SEVIS within 21 days the failure of any student to maintain active status.

COUNT ONE: (18 U.S.C. § 371 – Conspiracy to Commit Visa Fraud)

9. Paragraphs 1 through 8 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

10. Beginning at least in or about July 2007 and continuing through at least in or about February 2011, in the Northern District of California and elsewhere, the defendant,

JERRY WANG,

and others did knowingly and willfully conspire to commit visa fraud, by forging and falsely making documents prescribed by statute and regulation for entry into and as evidence of authorized stay in the United States, specifically, Forms I-20 authorizing foreign students to enter and stay in the United States, in violation of Title 18, United States Code, Section 1546(a).

MANNER AND MEANS OF THE CONSPIRACY

11. WANG and others caused Herguan University to submit to SEVP a Form I-17 to admit foreign students, a Form I-17A identifying the school's DSOs, and supplemental documentation. These submissions contained false representations regarding Herguan's students and false transfer letters, as well as false promises by WANG as Herguan's DSO to comply with all federal regulations regarding nonimmigrant students.

12. After Herguan received SEVP approval to admit F-1 students, WANG and others caused a Herguan employee to access WANG's SEVIS account without SEVP authorization to enter data and create I-20s for Herguan students. At WANG's instruction, the Herguan employee presented the printed I-20s to Y.W. and S.T. to forge WANG's signature when WANG was unavailable. At WANG's instruction, the forged I-20s were disseminated to Herguan students.

13. WANG and others collected tuition and other payments from Herguan students in exchange for maintaining them in active F-1 status.

14. WANG made false representations and submitted false documents to DHS agents and SEVP officials, who contacted Herguan to ensure compliance with applicable regulations. In response to interviews and Requests for Evidence from SEVP, WANG made false representations regarding Herguan's classes and school policies and provided false documents, including a newly created Academic Warning Letter.

## OVERT ACTS

15. In furtherance of the conspiracy and to effect the objects of that conspiracy, in the Northern District of California and elsewhere, WANG and others committed the following overt acts, among others:

   a. On or about July 6, 2007, on behalf of Herguan University, Y.W. caused the electronic submission of a Form I-17 to SEVP.

   b. On or about July 30, 2007, WANG provided a SEVP Inspector with a hard copy of the Form I-17, signed by Y.W., and a supplemental Form I-17A, signed by Y.W. and WANG, naming WANG as a DSO.

   c. On or about July 30, 2007, WANG provided the same SEVP Inspector with a false transfer letter, purporting to represent that a certain school unconditionally accepts and had accepted transfer credits from Herguan.

   d. On or about August 16, 2007, WANG caused SEVP to receive three letters falsely representing that Herguan students were employed by the signatories.

   e. On or about August 16, 2007, WANG caused SEVP to receive two false Herguan transcripts, containing UEWM students' true names, dates of birth, and social security numbers.

   f. In or about May 2009, WANG instructed a Herguan employee to use WANG's identification code and password to access SEVIS.

   g. On or about December 2, 2010, WANG emailed a member of Herguan's management, asking him to create an academic warning letter, for the purpose of providing it to SEVP in response to a Request for Evidence.

All in violation of Title 18, United States Code, Section 371.

///

SUPERSEDING INDICTMENT
CR 12-581 EJD                                  4

**COUNTS TWO THROUGH FOUR:** (18 U.S.C. §§ 1546(a) and 2 – Visa Fraud; Aiding and Abetting)

16. Paragraphs 1 through 8 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

17. On or about the dates listed below, in the Northern District of California and elsewhere, the defendant,

JERRY WANG,

did knowingly cause another to forge and falsely make a document prescribed by statute and regulation for entry into and as evidence of an authorized stay in the United States, specifically a Form I-20 for each of the following individuals, and did knowingly cause another to use, attempt to use, possess, obtain, and receive such document, knowing it to be forged, falsely made, and procured by means of a false claim and statement, and to have been otherwise procured by fraud and unlawfully obtained:

| Count | Approx. Date | Name |
|---|---|---|
| 2 | September 20, 2010 | D.K. |
| 3 | September 21, 2010 | S.J. |
| 4 | September 23, 2010 | T.K. |

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

**COUNT FIVE:** (18 U.S.C. §§ 1030(a)(3) and 2 – Unauthorized Access to a Government Computer; Aiding and Abetting)

18. Paragraphs 1 through 8 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

19. Between in or about May 2009 and in or about August 2010, in the Northern District of California and elsewhere, the defendant,

JERRY WANG,

did knowingly and intentionally cause another to access, without authorization, a nonpublic computer of a department and agency of the United States, specifically DHS's SEVIS, which is used by and for the

SUPERSEDING INDICTMENT
CR 12-581 EJD 5

1  Government of the United States and such conduct affects that use by and for the Government of the
2  United States, in violation of Title 18, United States Code, Sections 1030(a)(3) and 2.

4  <u>COUNTS SIX THROUGH TWELVE</u>: (18 U.S.C. § 1001(a)(3) – Use of False Document)
5      20.    Paragraphs 1 through 8 of this Superseding Indictment are hereby re-alleged and
6  incorporated by reference as if set forth in full herein.
7      21.    On or about the dates listed below, in the Northern District of California and elsewhere,
8  the defendant,

9                          JERRY WANG,
10 did knowingly make and use a false writing and document knowing it to contain a materially false,
11 fictitious, and fraudulent statement, in a matter within the jurisdiction of the executive branch of the
12 United States, specifically DHS, by providing SEVP personnel with the following:

| Count | Approx. Date | Document Description |
|---|---|---|
| 6 | July 30, 2007 | Transfer letter dated July 9, 2007, from the Academy of Chinese Culture & Health Services |
| 7 | August 16, 2007 | Employment letter regarding C.Z. from UEWM |
| 8 | August 16, 2007 | Employment letter regarding S.G. from Vital Core Biosystems |
| 9 | August 16, 2007 | Employment letter regarding D.W. from International Institutes for Health and Healing |
| 10 | August 16, 2007 | Herguan Transcript for C.Z. |
| 11 | August 16, 2007 | Herguan Transcript for S.G. |
| 12 | December 16, 2010 | Herguan Academic Warning Letter |

25    All in violation of Title 18, United States Code, Section 1001(a)(3).
26 ///
27 ///
28 ///

SUPERSEDING INDICTMENT
CR 12-581 EJD                             6

**COUNTS THIRTEEN AND FOURTEEN:** (18 U.S.C. § 1028A – Aggravated Identity Theft)

22. Paragraphs 1 through 8 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

23. On or about August 16, 2007, in the Northern District of California and elsewhere, the defendant,

JERRY WANG,

during and in relation to felony violations of 18 U.S.C. §§ 1001(a)(3), 1030(a)(3), and 1546(a), did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, specifically the name, social security number, and date of birth of the following individuals:

| Count | Name |
|---|---|
| 13 | C.Z. |
| 14 | S.G. |

All in violation of Title 18, United States Code, Section 1028A.

**FORFEITURE ALLEGATION:** (18 U.S.C. § 982(a)(6)(A)(ii))

26. Paragraphs 1 through 8 of this Superseding Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

27. Upon a conviction for Counts 1 through 4 of this Indictment, a violation of 18 U.S.C. § 1546(a) or conspiracy to violate the same, the defendant,

JERRY WANG,

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A)(ii), any property, real or personal (I) that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of conviction; or (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of conviction.

///
///

28. If, as a result of any act or omission of the defendants, any of said property

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendants have in any other property up to the value of the proceeds traceable to said offense, shall be forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

All in violation of Title 18, United States Code, Section 982(a)(6)(A)(ii) and (b)(1), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: October 30, 2014

A TRUE BILL.

_Nancy J. Peterson_
FOREPERSON

MELINDA HAAG
United States Attorney

_J. Douglas Wilson_
J. DOUGLAS WILSON
Chief, Criminal Division

(Approved as to form: _/s/_ )
    AUSA WEST

SUPERSEDING INDICTMENT
CR 12-581 EJD         8

## Penalty Sheet Attachment

COUNT 1 (Felony)
OFFENSE CHARGED: 18 U.S.C. § 371 – Conspiracy to Commit Visa Fraud

MAXIMUM PENALTIES: 5 years imprisonment
$250,000 fine
3 years supervised release
$100 special assessment

COUNTS 2-4 (Felony)
OFFENSE CHARGED: 18 U.S.C. §§ 1546(a) and 2 – Visa Fraud; Aiding and Abetting

MAXIMUM PENALTIES: 10 years imprisonment
$250,000 fine
3 years supervised release
$100 special assessment

COUNT 5 (Misdemeanor)
OFFENSE CHARGED: 18 U.S.C. §§ 1030(a)(3) and 2 – Unauthorized Access to a Government Computer; Aiding and Abetting

MAXIMUM PENALTIES: 1 year imprisonment
$100,000 fine
1 year supervised release
$125 special assessment

COUNTS 6-12 (Felony)
OFFENSE CHARGED: 18 U.S.C. § 1001(a)(3) – Use of False Document

MAXIMUM PENALTIES: 5 years imprisonment
$250,000 fine
3 years supervised release
$100 special assessment

COUNT 13 & 14 (Felony)
OFFENSE CHARGED: 18 U.S.C. § 1028A – Aggravated Identity Theft

MINIMUM AND
MAXIMUM PENALTIES: 2 years imprisonment, consecutive
$250,000 fine
3 years supervised release
$100 special assessment

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

── OFFENSE CHARGED ──

See Attached Penalty Sheet

☐ Petty
☐ Minor
☒ Misdemeanor
☒ Felony

PENALTY: See Attached Penalty Sheet

── DEFENDANT - U.S. ──

▶ JERRY WANG

DISTRICT COURT NUMBER
CR 12-581 EJD

── PROCEEDING ──

Name of Complaintant Agency, or Person (& Title, if any)
ICE/HSI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   Hartley M. K. West, AUSA
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Hartley M. K. West

── DEFENDANT ──

IS NOT IN CUSTODY
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)
Northern District of California

IS IN CUSTODY
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges
    ☐ Federal ☐ State
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No
If "Yes" give date filed

DATE OF ARREST ▶   Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶   Month/Day/Year

☐ This report amends AO 257 previously submitted

── ADDITIONAL INFORMATION OR COMMENTS ──

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT   Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:   Before Judge:

Comments: Arraignment on Superseding Indictment on 11/3/14, at 1:30 p.m. before Magistrate Grewal.