ALLEN J. RUBY (47109)
JACK P. DICANIO (138782)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
Email: Allen.Ruby@skadden.com

Attorneys for Third Party,
McMANIS FAULKNER,
a Professional Corporation

**ORIGINAL FILED**
NOV 20 2014
Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 12-581 EJD |
| Plaintiff, | **REDACTED** |
| vs. | **MCMANIS FAULKNER'S NOTICE OF MOTION AND MOTION TO QUASH GRAND JURY SUBPOENA** |
| JERRY WANG, | |
| Defendant. | Date: December 4, 2014<br>Time: 1:30 p.m.<br>Ctrm: 2, 5th Floor<br>Magistrate Judge: Hon. Howard R. Lloyd |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 4, 2014 at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 2, 5th Floor, in the above-entitled court, located at 280 S. First Street, San Jose, California, 95113, third party, McManis Faulkner, a Professional Corporation, will move the Court for an Order Quashing the Grand Jury Subpoena dated November 7, 2014.

///

1

1  This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declarations Under Seal of William Faulkner and Tyler Atkinson and the exhibits attached thereto, the pleadings and papers on file herein, and upon such oral argument and other evidence as the Court may permit on this matter.

DATED: November 20, 2014

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Allen Ruby
ALLEN RUBY

Attorneys for Third Party,
McMANIS FAULKNER,
a Professional Corporation

McMANIS FAULKNER'S NOTICE OF MOTION AND MOTION TO QUASH GRAND JURY SUBPOENA; CASE NO. CR 12-581 EJD

**MOTION TO QUASH SUBPOENA**

A motion to quash a subpoena is permitted under Rule 17 of the Federal Rules of Criminal Procedure ("Rule 17"). A court may quash a subpoena when compliance with it "would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *see also* Northern Dist. Crim. Local Rule 17-2(c) ("Any Rule 17(c) subpoena must advise the subpoenaed party that if compliance would be unreasonable or oppressive, it may file a motion to quash or modify the subpoena[.]").

As detailed below, as well as in the Declarations of William Faulkner and Tyler Atkinson, both filed concurrently under seal, third party, McManis Faulkner, a Professional Corporation ("McManis Faulkner"), moves to quash the subpoena dated November 7, 2014, and served on November 10, 2014, because compliance would be unreasonable or oppressive.

**I. COMPLIANCE WITH THE SUBPOENA WOULD BE UNREASONABLE OR OPPRESSIVE.**

1 ████████████████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████
4    ██████████████████████████████████████
5 ██████████████████████████████████████
6 ██████████████████████████████████████
7 ██████████████████████████████████████
8 ████████████████████████████████████████
9 ███
10   ████████████████████████████████████
11 ██████████████████████████████████████
12 ████████████████████████████████████████
13 ██████████████████████████████████████
14 ████████████████████████████████
15 ██████████████████████████████████████
16 ████████████████████████████████████████
17 ██████████████████████████████████████
18 ████████████████████████████
19    ██████████████████████████████████
20 ██████████████████████████████████████
21 ██████████████████████████████████████
22 ████████████████████████████████████████
23 ████████████████████████████████████████
24 ████████████████████████████████████
25 ██████████████████████████████████████
26 ████████████████████████.
27 ///
28 ///

2

McMANIS FAULKNER'S NOTICE OF MOTION AND MOTION TO QUASH GRAND JURY SUBPOENA;
CASE NO. CR 12-581 EJD

### B. THE SUBPOENA IS AN ABUSE OF THE GRAND JURY PROCESS

The Motion to Quash should also be granted because the subpoena is an abuse of the grand jury process. It is well settled that "the grand jury process is abused when the prosecutor uses it for the primary purpose of strengthening the Government's case on a pending indictment or as a substitute for discovery, although this may be an incidental benefit. *United States v. Jenkins*, 904 F.2d 549, 559 (10th Cir. 1990); *see also United States v. (Under Seal)*, 714 F.2d 347, 349 (4th Cir. 1983), quoting *United States v. Fisher,* 455 F.2d 1101, 1105 (2nd Cir.1972) ("'The principles that the powers of the grand jury may be used only to further its investigation, and that a court may quash a subpoena used for some other purpose, are both well recognized.' […] Thus, practices which do not aid the grand jury in its quest for information bearing on the decision to indict are forbidden. This includes use of the grand jury by the prosecutor to harass witnesses or as a means of civil or criminal discovery."); *United States v. Doss*, 563 F.2d 265, 276 (6th Cir. 1977) ("We find no constitutional, statutory or case authority for employment of the grand jury as a discovery instrument to help the government prepare evidence to convict an already indicted defendant. Such a use of the grand jury would pervert its constitutional and historic function.").

Here, the prosecutor informed Mr. Atkinson that the government intended to call Mr. Tang as a witness during Mr. Wang's trial, and to illicit testimony "regarding the obstructive conduct, as inextricably intertwined with the charged offenses, or alternatively, under Rule 404(b) as consciousness of guilt, intent, knowledge, identity, and absence of mistake." (*See* Atkinson Decl. ¶ 12, Exh. E; *see also id.*, ¶ 11 and Exh. D.) The prosecutor also made it clear that the government "will not be adding an obstruction charge." (*Id.*, Exh. E; emphasis added.) Given the prosecutor's candid acknowledgement that the documents sought by the subpoena would not be used to support potential new charges against Mr. Wang, but as additional evidence to be used during his trial, the subpoena has an improper purpose and its issuance is an abuse of the grand jury process. An order granting the Motion to Quash is therefore appropriate.

///

///

**CONCLUSION**

For the reasons set forth above, as well as in the concurrently filed declarations under seal and the Nunez Declaration, McManis Faulkner requests that this Court quash, in its entirety, the November 7, 2014 grand jury subpoena.

DATED: November 20, 2014

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

/s/ Allen Ruby
ALLEN RUBY

Attorneys for Third Party,
McMANIS FAULKNER,
a Professional Corporation