United States District Court
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JERRY WANG,<br><br>　　　　Defendant.<br>_____/ | No. C12-00581 EJD (HRL)<br><br>**ORDER DENYING MCMANIS<br>FAULKNER'S MOTION TO QUASH<br>GRAND JURY SUBPOENA**<br><br>**[Re: Docket No. 128]** |

Defendant Jerry Wang is charged in a Superseding Indictment with conspiracy, visa fraud, use of false documents, aggravated identify theft, and aiding and abetting unauthorized access of government computers. McManis Faulkner, P.C., former attorneys of record for Defendant, move to quash grand jury subpoena. Dkt. No. 128. The United States filed an opposition. Dkt. No. 127. Defendant filed a joinder in support of the motion to quash. Based on the moving and responding papers, as well as the arguments presented at the hearing on December 4, 2014, the Court denies the motion.

## BACKGROUND

Defendant was the CEO of Silicon Valley-based Herguan University. Herguan University purported to offer Master's degrees in Computer Science, Electronics Engineering, and Business Administration. Defendant allegedly fraudulently obtained and maintained approval from the United States for Herguan University to admit foreign students.

1   A school seeking approval to admit foreign students must submit a petition, called a Form I-
2   17, to the Department of Homeland Security, Student and Exchange Visitor Program ("SEVP").
3   Along with the Form I-17, the school must submit attachments, including a Record of Designated
4   School Officials ("DSO") who certify their knowledge of and intent to comply with student
5   immigration laws and regulations. Defendant is identified as Herguan's DSO. Defendant submitted
6   to SEVP the I-17, three transfer letters that purportedly established that its courses had been and
7   would continue to be accepted to accredited institutions of higher learning, as well as employment
8   letters and transcripts for three purported Herguan graduates.

9   Defendant was charged with conspiracy, visa fraud, use of false documents, aggravated
10  identify theft, and aiding and abetting unauthorized access of government computers. The United
11  States interviewed Jing Giang Tang[1] on October 14, 2014, in connection with one of the
12  employment letters described above. During the interview, Tang indicated that Defendant's
13  attorney presented Tang with and asked him to sign a false declaration. Based on that information,
14  the United States advised McManis Faulkner, then representing Defendant, that it was evaluating
15  whether to add an obstruction count and that it intended to introduce such testimony at trial.

16  On November 3, 2014, Assistant U.S. Attorney Hartley West interviewed Tang and learned
17  that Tyler Atkinson, an associate of McManis Faulkner, presented Tang with a declaration in the
18  presence of a Mandarin interpreter, who translated it for Tang. Tang refused to sign the declaration,
19  stating that it was false. Defendant subsequently presented Tang with a translated version of the
20  same declaration. Defendant told Tang that he would not need to testify if he signed the declaration.

21  At a hearing held that same day, McManis Faulker withdrew as counsel for Defendant. The
22  government advised that it did not intend to bring obstruction charges, but that it intended to
23  continue to investigate.

24  The United States is currently conducting a grand jury investigation into obstruction of
25  justice pursuant to 18 U.S.C. § 1512(c), based on Tang's allegations. As part of the investigation,
26  the United States served a grand jury subpoena on McManis Faulkner on November 10, 2014, for

27
28  [1] Tang was employed by Vital Core Biosystems, Inc. Vital Core Biosystems is the supply
department of the University of East-West Medicine. Defendant was the founder and President of
the University of East-West Medicine, making Defendant Tang's direct supervisor. Despite being
Defendant's employee, however, Tang is the government's witness.

United States District Court
For the Northern District of California

1    "all declarations and/or affidavits presented or shown to JingGang Tang in" this action.  William

2    Faulkner Decl., Exh. A.  Presently before the Court is McManis Faulkner's motion to quash the

3    grand jury subpoena.

## DISCUSSION

5    A court may quash a subpoena if compliance with it "would be unreasonable or oppressive."

6    Fed. R. Crim. P. 17(c)(2); Crim. L.R. 17-2(c).

7    McManis Faulkner moves to quash the grand jury subpoena because compliance would be

8    unreasonable or oppressive.  First, McManis Faulkner argues that none of its employees presented

9    to or showed Tang a copy of any declaration in connection with this action, and therefore any such

10   draft declarations are not responsive to the subpoena.

11   The Court has carefully reviewed the description of the preparation of the three drafts of

12   Tang's declaration found in Attorney Atkinson's Declaration.  The Court concludes that the second

13   draft, attached to Atkinson's Declaration as Exhibit B, was presented to Tang, and therefore is

14   responsive to the subpoena.[2]

15   Second, McManis Faulkner argues that the subpoena seeks the production of attorney work

16   product.  The work-product doctrine covers materials prepared or collected by an attorney "in the

17   course of preparation for possible litigation."  *Hickman v. Taylor*, 329 U.S. 495, 505 (1947).  There

18   are two types of work product—fact and opinion.  Fact work product encompasses factual materials.

19   *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007).  Opinion work

20   product covers the "mental impressions, conclusions, opinions, or legal theories of an attorney or

21   other representative."  *Id.* (internal quotation marks omitted).  Opinion work product may be

22   produced only upon a showing of extraordinary justification, while fact work product requires

23   production upon a showing of "adequate reasons."  *Hickman*, 329 U.S. at 512-13.

24   Here, the draft declaration constitutes work product.  *See Ideal Elec. Co. v. Flowserve Corp.*,

25   230 F.R.D. 603, 608 (D. Nev. 2005) ("A draft affidavit may properly comprise work product.").

26   The parties dispute whether the declaration qualifies as opinion work product.  A review of the draft

27

28   [2] The analysis in this section is brief in order to avoid referencing any information that has been
     filed under seal.

1  declaration shows that it does not relate to Attorney Atkinson's impressions or opinions, and

2  therefore does not constitute opinion work product.

3  Because the draft declaration is not opinion work product, it may be produced if the

4  government makes a showing of adequate reasons. Here, the content of the declaration is relevant to

5  the government's investigation of obstruction, which is an adequate reason for discovery.

6  Third, McManis Faulker argues that the subpoena is an abuse of the grand jury process.

7  "The principles that the powers of the grand jury may be used only to further its investigation, and

8  that a court may quash a subpoena used for some other purpose, are both well recognized. The

9  former rests on the simple, but fundamental, concept that the grand jury serves an independent

10  investigatory function and is not meant to be the private tool of the prosecutor. Thus, practices

11  which do not aid the grand jury in its quest for information bearing on the decision to indict are

12  forbidden. This includes use of the grand jury by the prosecutor to harass witnesses or as a means of

13  civil or criminal discovery." *United States v. (Under Seal)*, 714 F.2d 347, 349 (4th Cir. 1983)

14  (internal quotation marks and alteration omitted). The grand jury process is also abused "when the

15  prosecutor uses it for the primary purpose of strengthening the Government's case on a pending

16  indictment or as a substitute for discovery, although this may be an incidental benefit." *United*

17  *States v. Jenkins*, 904 F.2d 549, 559 (10th Cir. 1990) (internal quotation marks omitted).

18  Here, the prosecutor informed Attorney Atkinson that the government did not plan to add an

19  obstruction charge, but intended to call Tang as a witness during Defendant's trial and to illicit

20  testimony "regarding the obstructive conduct, as inextricably intertwined with the charged offenses,

21  or alternatively, under Rule 404(b) as consciousness of guilt, intent, knowledge, identity, and

22  absence of mistake." *See* Atkinson Decl. ¶¶ 11, 12, Exhs. D, E. McManis Faulker argues that this

23  shows that the prosecutor did not plan to use the documents sought by the subpoena to support

24  potential new charges against Defendant, but rather as additional evidence to be used during trial.

25  The government has opened an investigation into whether there has been an obstruction of

26  justice in violation of 18 U.S.C. § 1512. Although the government decided not to add an obstruction

27  charge to the Superseding Indictment based on Tang's statement, this does not preclude a grand jury

28  investigation.

United States District Court
For the Northern District of California

4

United States District Court
For the Northern District of California

1    Fourth, Defendant argues that the government's subpoena interferes with his Sixth

2   Amendment right to counsel and right to due process. "In all criminal prosecutions, the accused

3   shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.

4   "[G]overnment interference with a defendant's relationship with his attorney may render counsel's

5   assistance so ineffective as to violate his Sixth Amendment right to counsel and his Fifth

6   Amendment right to due process of law." *United States v. Irwin*, 612 F.2d 1182, 1185 (9th Cir.

7   1980). A defendant's right to counsel is only violated when the intrusion substantially prejudices

8   the defendant. *Id.* at 1187. Substantial prejudice results when the government gains an unfair

9   advantage by, for example, using evidence gained through the interference against the defendant at

10  trial, taking advantage of confidential information pertaining to defense plans and strategy, or

11  destroying the defendant's confidence in his attorney. *Id.*

12   Here, the government issued the subpoena because it has opened an investigation into

13  whether there has been an obstruction of justice. The government has not gained an unfair

14  advantage by issuing the subpoena, and therefore, Defendant has not been substantially prejudiced.

15  Accordingly, Defendant's right to counsel and right to due process have not been violated.

16  <center>**CONCLUSION**</center>

17   For the reasons stated above, McManis Faulkner's motion to quash grand jury subpoena is

18  **DENIED**. McManis Faulkner shall produce the second version of Tang's draft declaration,

19  attached to Atkinson's Declaration as Exhibit B. However, the Court will stay this Order for

20  fourteen (14) days after the date this Order is filed.

21   **IT IS SO ORDERED.**

22  Dated: ___1/5/15___

23                                      _____
                                        HOWARD R. LLOYD
24                                      UNITED STATES MAGISTRATE JUDGE

25

26

27

28

<center>5</center>

1    **C12-00581 EJD (HRL) Notice will be electronically mailed to:**

2    Allen Ruby      Allen.Ruby@Skadden.com, marilyn.garibaldi@skadden.com,
     rosanna.keenan@skadden.com, wayne.campbell@skadden.com

3    Amber S. Rosen      amber.rosen@usdoj.gov

4    Hartley M.K. West      hartley.west@usdoj.gov, rosario.calderon2@usdoj.gov

5    James J. Brosnahan      jbrosnahan@mofo.com, bkeaton@mofo.com

6    Somnath Raj Chatterjee      schatterjee@mofo.com, CMagana@mofo.com, JBrosnahan@mofo.com,
     LRoiz@mofo.com, tarmaz@mofo.com, TBeyer@mofo.com

7

8    Steven Francis Gruel      attystevengruel@sbcglobal.net, steven@bluecoltinvestigations.com

9    **Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California