JAMES J. BROSNAHAN (CA SBN 34555)
JBrosnahan@mofo.com
SOMNATH RAJ CHATTERJEE (CA SBN 177019)
SChatterjee@mofo.com
CHRISTOPHER W. MAGAÑA (CA SBN 287256)
CMagana@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Defendant
JERRY WANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>        v.<br><br>Jerry Wang,<br><br>                    Defendant. | Case No.   5:12-CR-00581-EJD<br><br>**DEFENDANT JERRY WANG'S PRETRIAL CONFERENCE STATEMENT FOR APRIL 6, 2015 PRETRIAL CONFERENCE**<br><br>Date:         April 6, 2015<br>Time:        3:00 p.m.<br>Judge:      Hon. Edward J. Davila<br>Courtroom: Courtroom 4 - 5th Floor<br><br>Trial Date:   May 5, 2015 |

## I. INTRODUCTION

The government has charged defendant Jerry Wang with 14 counts in an Indictment dated October 30, 2014. The government alleges counts for conspiracy to commit visa fraud under 18 U.S.C. § 371; visa fraud under 18 U.S.C. § 1546(a); unauthorized access to a government computer under 18 U.S.C. § 1030(a)(3) and 2, a misdemeanor; use of false documents under 18 U.S.C. § 1001(a)(3); and aggravated identity theft under 18 U.S.C. § 1028(A). The government has also given notice of forfeiture. The charges are in connection with conduct that allegedly occurred at Herguan University, located in Sunnyvale, California. Mr. Wang has pleaded not guilty and will defend the charges at trial.

## II. DISCLOSURE OF EXCULPATORY OR OTHER EVIDENCE FAVORABLE TO THE DEFENDANT, GRAND JURY TESTIMONY, AND JENKS ACT, 18 U.S.C. § 3500

Although the government represented in its prior pretrial conference statement (Dkt #95) that it had completed discovery and complied with the Jencks Act and its *Brady* obligations, the defense later learned that certain discovery materials had not been produced earlier, including agent interview notes, witness statements, information regarding pertinent witnesses, and Jenks Act materials, and expects to file a motion to compel copies of these note, *Brady* and *Giglio* materials, and related matters, to the extent agreement cannot be reached.

The defendant will produce expert disclosures before trial.

## III. STIPULATION OF FACTS

The defense and the government have conferred regarding possible stipulations and will present the Court with any stipulations reached.

## IV. APPOINTMENT OF INTERPRETERS BY THE COURT

Although the defendant will not need an interpreter, the defense expects that a number of witnesses will require Mandarin interpreters.

## V. JOINDER OR SEVERANCE OF TRIAL AS TO ANY CO-DEFENDANT

There are no joinder or severance issues.

## VI. IDENTIFICATION OF INFORMERS, USE OF LINEUP OR OTHER IDENTIFICATION EVIDENCE AND EVIDENCE OF PRIOR CONVICTIONS OF DEFENDANT OR ANY WITNESS, ETC.

There are no informant or identification issues in this case. The defendant has no prior convictions.

## VII. PRETRIAL EXCHANGE OF LISTS OF WITNESSES

As noted in the defendant's prior pretrial statement, while parties to a criminal case cannot be required to file a witness list, *United States v. Hicks*, 103 F.3d 837, 841 (9th Cir. 1996), the defendant has provided a witness list to the government.

The defense and the government have met and conferred and both sides will provide supplemental witness lists. Accordingly, the defendant will provide a supplemental list of witnesses he may call, other than solely for impeachment or rebuttal. The defendant reserves the right to call additional witnesses as necessary.

## VIII. PRETRIAL EXCHANGE OF DOCUMENTS, EXHIBITS, SUMMARIES, SCHEDULES, MODELS, OR DIAGRAMS

The defense and the government have meet and conferred on exhibit lists. Both the government and the defense expect to produce supplemental exhibit lists. Accordingly, the defendant will provide a supplemental exhibit list that he may offer as evidence at trial, other than solely for impeachment or rebuttal. The defendant reserves the right to supplement the list as needed. The defendant also reserves the right to offer exhibits designated on the government's exhibit list.

## IX. RESOLUTION OF OBJECTIONS TO EXHIBITS OR TESTIMONY TO BE OFFERED AT TRIAL

The parties have filed motions in limine to address objections to expected exhibits and testimony. The defense and the government have met and conferred and both sides expect to file separate and additional motions in limine. There being no scheduling order entered on motions in limine, the defense and the government have agreed upon and request the following schedule:

1. Motions in limine filed by April 11, 2015.
2. Oppositions to motions in limine filed by April 29, 2015.

     3.        Replies in support of motions in limine filed by May 1, 2015.

     2.        Motions in limine to be heard on May 4, 2015 or before trial at a time convenient for the Court.

Among other things, the defendant expects to have objections regarding a number of proposed exhibits, the government's proposed expert testimony, certain government witnesses, and any evidence of other acts the government seeks to admit under Federal Rule of Evidence 404(b).

### X. SCHEDULING OF TRIAL AND WITNESSES

The defendant's current reasonable estimate for presentation of defendant's case-in-chief is about five full Court days.

### XI. REQUEST TO SUBMIT QUESTIONNAIRE FOR PROSPECTIVE JURORS PURSUANT TO CRIM. L.R. 24-1, VOIR DIRE QUESTIONS, EXERCISE OF PEREMPTORY AND CAUSE CHALLENGES AND JURY INSTRUCTIONS

The defendant requests that a questionnaire be submitted to prospective jurors, and will submit a proposed questionnaire. The defendant requests the opportunity to conduct individual *voir dire*.

The defense has received proposed jury instructions from the government sent on March 27, 2014. The defendant will meet and confer with the government on jury instructions and will submit joint jury instructions to the extent agreement can be reached. The defendant will submit separate jury instructions to the extent that there are disputes over jury instructions.

The defendant will also submit a proposed verdict form.

### XII. PREPARATION OF TRIAL BRIEFS ON CONTROVERTED POINTS OF LAW LIKELY TO ARISE AT TRIAL

To the extent the defendant and the government are unable to agree on jury instructions, the defendant anticipates filing briefs in support of objections to jury instructions requested by the government and in support of instructions offered by the defendant. The defendant also anticipates filing trial briefs regarding forfeiture issues, to the extent necessary.

1  Dated: March 30, 2015                    Respectfully Submitted,

2                                           JAMES J. BROSNAHAN
                                            SOMNATH RAJ CHATTERJEE
3                                           CHRISTOPHER W. MAGAÑA
                                            MORRISON & FOERSTER LLP
4

5                                    By:    */s/ Somnath Raj Chatterjee*
                                            SOMNATH RAJ CHATTERJEE
6                                           Attorneys for Jerry Wang

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28