1   JAMES J. BROSNAHAN (CA SBN 34555)
    JBrosnahan@mofo.com
2   SOMNATH RAJ CHATTERJEE (CA SBN 177019)
    SChatterjee@mofo.com
3   CHRISTOPHER W. MAGAÑA (CA SBN 287256)
    CMagana@mofo.com
4   MORRISON & FOERSTER LLP
    425 Market Street
5   San Francisco, California  94105-2482
    Telephone: 415.268.7000
6   Facsimile: 415.268.7522

7   Attorneys for Defendant
    JERRY WANG
8

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                     SAN JOSE DIVISION

12

13  United States of America,              Case No.   5:12-CR-00581-EJD

14                 Plaintiff,              **DEFENDANT JERRY WANG'S
                                           PROPOSED JURY
15        v.                               INSTRUCTIONS**

16  Jerry Wang,                            Pretrial Conference:  April 6, 2015
                                           Time:        3:00 p.m.
17                 Defendant.              Judge:       Hon. Edward J. Davila
                                           Courtroom:   Courtroom 4 - 5th Floor
18
                                           Trial Date:  May 5, 2015
19

20

21

22

23

24

25

26

27

28

1        Defendant Jerry Wang ("Defendant") submits the following proposed jury instructions.

2  Proposed Instructions Nos. 1-7, 12-26, 28-40, 42, 46-49, 51, and 53 are also proposed by the

3  government.  Defendant reserves the right to submit new or modified instructions, or to withdraw

4  proposed instructions, based on the instructions submitted by the United States, the evidence

5  presented at trial, and any rulings made by the Court during trial.

6

7  Dated: April 3, 2015             JAMES J. BROSNAHAN
                              SOMNATH RAJ CHATTERJEE

8                              CHRISTOPHER W. MAGAÑA
                              MORRISON & FOERSTER LLP

9

10                      By:   */s/* James J. Brosnahan
                              James J. Brosnahan

11                            Attorneys for Jerry Wang

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2

PROPOSED INSTRUCTIONS

3

NO. 1      DUTY OF JURY ................................................................ 1
NO. 2      THE CHARGES—PRESUMPTION OF INNOCENCE ............................. 2
NO. 3      WHAT IS EVIDENCE ........................................................... 3
NO. 4      WHAT IS NOT EVIDENCE ...................................................... 4
NO. 5      DIRECT AND CIRCUMSTANTIAL EVIDENCE .................................... 5
NO. 6      RULING ON OBJECTIONS ...................................................... 6
NO. 7      CREDIBILITY OF WITNESSES ................................................. 7
NO. 8      BIAS AND HOSTILITY ......................................................... 8
NO. 9      LAW ENFORCEMENT WITNESS ................................................. 9
NO. 10    THE GOVERNMENT AS A PARTY .............................................. 10
NO. 11     IMPROPER CONSIDERATIONS: RACE, RELIGION, NATIONAL
              ORIGIN,  SEX OR AGE ....................................................... 11
NO. 12    CONDUCT OF THE JURY ....................................................... 12
NO. 13    NO TRANSCRIPT AVAILABLE TO JURY ........................................ 14
NO. 14    TAKING NOTES .............................................................. 15
NO. 15    OUTLINE OF TRIAL........................................................... 16
NO. 16    JURY TO BE GUIDED BY OFFICIAL ENGLISH
              TRANSLATION/INTERPRETATION............................................ 17
NO. 17    CAUTIONARY INSTRUCTION—FIRST RECESS ................................. 18
NO. 18    BENCH CONFERENCES AND RECESSES ...................................... 19
NO. 19    STIPULATED TESTIMONY .................................................... 20
NO. 20    STIPULATIONS OF FACT ..................................................... 21
NO. 21    FOREIGN LANGUAGE TESTIMONY ........................................... 22
NO. 22    EVIDENCE FOR LIMITED PURPOSE ........................................... 23
NO. 23    DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW ....................... 24
NO. 24    CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION
              OF INNOCENCE—BURDEN OF PROOF ....................................... 25
NO. 25    DEFENDANT'S DECISION NOT TO TESTIFY .................................. 26
NO. 26    DEFENDANT'S DECISION TO TESTIFY ....................................... 27
NO. 27    PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND
              REASONABLE DOUBT........................................................ 28
NO. 28    REASONABLE DOUBT—DEFINED ............................................ 29
NO. 29    WHAT IS EVIDENCE? ........................................................ 30
NO. 30    WHAT IS NOT EVIDENCE? ................................................... 31
NO. 31    DIRECT AND CIRCUMSTANTIAL EVIDENCE ................................. 32
NO. 32    CREDIBILITY OF WITNESSES ............................................... 33
NO. 33    ACTIVITIES NOT CHARGED ................................................. 34
NO. 34    SEPARATE CONSIDERATION OF MULTIPLE COUNTS— SINGLE
              DEFENDANT................................................................ 35
NO. 35    INTENT TO DEFRAUD—DEFINED ........................................... 36
NO. 36     POSSESSION—DEFINED .................................................... 37
NO. 37     JURY TO BE GUIDED BY OFFICIAL ENGLISH
              TRANSLATION/INTERPRETATION........................................... 38
NO. 38     STATEMENTS BY DEFENDANT ............................................. 39

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NO. 39 IMPEACHMENT EVIDENCE—WITNESS ............................................................ 40
NO. 40 OPINION EVIDENCE, EXPERT WITNESS ........................................................ 41
NO. 41 SUMMARIES NOT RECEIVED IN EVIDENCE ................................................... 42
NO. 42 CHARTS AND SUMMARIES IN EVIDENCE ........................................................ 43
NO. 43 AIDING AND ABETTING—GENERALLY ............................................................ 44
NO. 44 KNOWINGLY ..................................................................................................... 45
NO. 45 WILLFULLY ...................................................................................................... 46
NO. 46 DUTY TO DELIBERATE .................................................................................... 47
NO. 47 CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY ...................... 48
NO. 48 USE OF NOTES ................................................................................................. 49
NO. 49 JURY CONSIDERATION OF PUNISHMENT ...................................................... 50
NO. 50 VERDICT FORM ............................................................................................... 51
NO. 51 COMMUNICATION WITH COURT .................................................................... 52
NO. 52 CONSPIRACY TO COMMIT VISA FRAUD (COUNT ONE) ................................. 54
NO. 53 CONSPIRACY — KNOWLEDGE OF AND ASSOCIATION WITH OTHER
CONSPIRATORS ..................................................................................................... 56
NO. 54 CONSPIRACY — KNOWLEDGE OF AND ASSOCIATION WITH OTHER
CONSPIRATORS ..................................................................................................... 57
NO. 55 VISA FRAUD — FORGED, COUNTERFEITED, ALTERED, OR FALSELY
MADE IMMIGRATION DOCUMENT (COUNTS TWO – FOUR) ........................ 58
NO. 56 VISA FRAUD — FORGED, COUNTERFEITED, ALTERED, OR FALSELY
MADE IMMIGRATION DOCUMENT (COUNTS TWO – FOUR) ........................ 60
NO. 57 UNAUTHORIZED ACCESS OF A GOVERNMENT COMPUTER (COUNT
FIVE) .................................................................................................................... 61
NO. 58 UNAUTHORIZED ACCESS OF A GOVERNMENT COMPUTER (COUNT
FIVE) .................................................................................................................... 62
NO. 59 USE OF FALSE DOCUMENT (COUNTS SIX – TWELVE)................................ 63
NO. 60 AGGRAVATED IDENTITY THEFT (COUNTS THIRTEEN – FOURTEEN)....... 64

1

## PROPOSED INSTRUCTION NO. 1

2

### DUTY OF JURY

3       Jurors: You now are the jury in this case, and I want to take a few minutes to tell you

4   something about your duties as jurors and to give you some preliminary instructions.  At the end

5   of the trial I will give you more detailed written instructions that will control your deliberations.

6   When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the

7   case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law

8   as I give it to you, whether you agree with the law or not.  You must decide the case solely on the

9   evidence and the law before you and must not be influenced by any personal likes or dislikes,

10   opinions, prejudices, or sympathy.  Please do not take anything I may say or do during the trial as

11   indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

12

13                                                       **Authority**

14   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.1.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 2

THE CHARGES—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government.  The government charges the defendant as follows:

- In <u>Count One</u>, Defendant Jerry Wang is charged with conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371.

- In <u>Counts Two through Count Four</u>, Defendant is charged with Visa Fraud, in violation of 18 U.S.C. § 1546.

- In <u>Count Five</u>, Defendant is charged with Unauthorized Access of a Government Computer in or about May 2009 through August 2010, in violation of 18 U.S.C. § 1030(a)(3).

- In <u>Counts Six through Twelve</u>, Defendant is charged with Using a False Document, in violation of 18 U.S.C. § 1001(a)(3).

- In <u>Counts Thirteen and Fourteen</u>, Defendant is charged with Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.

The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.2.

PROPOSED INSTRUCTION NO. 3

WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.3.

PROPOSED INSTRUCTION NO. 4

WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

    (1)    statements and arguments of the attorneys;

    (2)    questions and objections of the attorneys;

    (3)    testimony that I instruct you to disregard; and

    (4)    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 5

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.5.

1

PROPOSED INSTRUCTION NO. 6

2

RULING ON OBJECTIONS

3        There are rules of evidence that control what can be received in evidence.  When a lawyer

4   asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not

5   permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the

6   question may be answered or the exhibit received.  If I sustain the objection, the question cannot

7   be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question,

8   you must ignore the question and must not guess what the answer would have been.

9        Sometimes I may order that evidence be stricken from the record and that you disregard or

10  ignore the evidence.  That means that when you are deciding the case, you must not consider the

11  evidence that I told you to disregard.

12

13                                      **Authority**

14  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.6.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 7

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.7.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROPOSED INSTRUCTION NO. 8

### BIAS AND HOSTILITY

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view that witness' testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

**Authority**

1-7 Modern Federal Jury Instructions-Criminal P 7.01, No. 7-2 (Matthew Bender).

1

## PROPOSED INSTRUCTION NO. 9

2

### LAW ENFORCEMENT WITNESS

3      You have heard the testimony of a law enforcement official. The fact that a witness may

4  be employed by the federal government as a law enforcement official does not mean that his

5  testimony is necessarily deserving of more or less consideration or greater or lesser weight than

6  that of an ordinary witness.

7      At the same time, it is quite legitimate for defense counsel to try to attack the credibility of

8  a law enforcement witness on the grounds that his testimony may be colored by a personal or

9  professional interest in the outcome of the case.

10      It is your decision, after reviewing all the evidence, whether to accept the testimony of the

11  law enforcement witness and to give to that testimony whatever weight, if any, you find it

12  deserves.

13                                    **Authority**

14  1-7 Modern Federal Jury Instructions-Criminal P 7.01, No. 7-16 (Matthew Bender).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

PROPOSED INSTRUCTION NO. 10

THE GOVERNMENT AS A PARTY

3   You are to perform the duty of finding the facts without bias or prejudice as to any party.

4   You are to perform your final duty in an attitude of complete fairness and impartiality.

5   The case is important to the government, for the enforcement of criminal laws is a matter

6   of prime concern to the community. Equally, it is important to the defendant, who is charged with

7   a serious crime.

8   The fact that the prosecution is brought in the name of the United States of America

9   entitles the government to no greater consideration than that accorded to any other party to a

10  litigation. By the same token, it is entitled to no less consideration. All parties, whether

11  government or individuals, stand as equals at the bar of justice.

12  **Authority**

13  1-2 Modern Federal Jury Instructions-Criminal P 2.01, No. 2-5 (Matthew Bender).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 11

IMPROPER CONSIDERATIONS: RACE, RELIGION, NATIONAL ORIGIN, SEX OR AGE

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex or age. All persons are entitled to the presumption of innocence and the government has the burden of proof, as I will discuss in a moment.

It would be equally improper for you to allow any feelings you might have about the nature of the crime charged to interfere with your decisionmaking process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

**Authority**

1-2 Modern Federal Jury Instructions-Criminal P 2.01, No. 2-11 (Matthew Bender).

PROPOSED INSTRUCTION NO. 12

CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

1

2                                    **Authority**

3    NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.8.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROPOSED INSTRUCTION NO. 13

2

NO TRANSCRIPT AVAILABLE TO JURY

3

     At the end of the trial you will have to make your decision based on what you recall of the

4

evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to

5

the testimony as it is given.

6

7

**Authority**

8

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.9.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 14

TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.10.

1

<u>PROPOSED INSTRUCTION NO. 15</u>

2

OUTLINE OF TRIAL

3   The next phase of the trial will now begin.  First, each side may make an opening

4   statement.  An opening statement is not evidence.  It is simply an outline to help you understand

5   what that party expects the evidence will show.  A party is not required to make an opening

6   statement.

7   The government will then present evidence and counsel for the defendant may cross-

8   examine.  Then, if the defendant chooses to offer evidence, counsel for the government may

9   cross-examine.

10   After the evidence has been presented, I will instruct you on the law that applies to the

11   case and the attorneys will make closing arguments.

12   After that, you will go to the jury room to deliberate on your verdict.

13

14   **Authority**

15   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.11.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROPOSED INSTRUCTION NO. 16

2

JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

3

      A language other than English will be used for some evidence during this trial.  When a

4

witness testifies in another language, the witness will do so through an official court interpreter.

5

      The evidence you are to consider and on which you must base your decision is only the

6

English-language interpretation provided through the official court interpreters.  Although some

7

of you may know the non-English language used, you must disregard any meaning of the non-

8

English words that differs from the official interpretation.

9

      You must not make any assumptions about a witness or a party based solely upon the use

10

of an interpreter to assist that witness or party.

11

12

**Authority**

13

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 1.12.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 17

CAUTIONARY INSTRUCTION—FIRST RECESS

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 18

BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.2.

PROPOSED INSTRUCTION NO. 19

STIPULATED TESTIMONY

The parties have agreed what [name of witness] testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.3.

This instruction shall only be used if triggering evidence is introduced.

PROPOSED INSTRUCTION NO. 20

STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.4.

1

2

PROPOSED INSTRUCTION NO. 21

FOREIGN LANGUAGE TESTIMONY

You are about to hear testimony of a witness who will be testifying in the Mandarin language. This witness will testify through the official court interpreter. Although some of you may know Mandarin, it is important that all jurors consider the same evidence. Therefore, you must accept the official English translation of the witness's testimony even if you would translate it differently. In this way, all jurors are considering the same evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.9.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROPOSED INSTRUCTION NO. 22</u>

EVIDENCE FOR LIMITED PURPOSE

You are about to hear evidence that [describe evidence to be received for limited purpose].

I instruct you that this evidence is admitted only for the limited purpose of [describe purpose]

and, therefore, you must consider it only for that limited purpose and not for any other purpose.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 2.11.

This instruction shall only be used if triggering evidence is introduced.

PROPOSED INSTRUCTION NO. 23

DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 24

CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—
BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The

defendant is presumed to be innocent unless and until the government proves the defendant guilty

beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any

evidence to prove innocence.  The government has the burden of proving every element of the

charges beyond a reasonable doubt.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.2.

1

PROPOSED INSTRUCTION NO. 25

2

DEFENDANT'S DECISION NOT TO TESTIFY

3

A defendant in a criminal case has a constitutional right not to testify.  You may not draw

4

any inference of any kind from the fact that the defendant did not testify.

5

6

7

**Authority**

8

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.3.

9

This instruction shall only be used if the defendant does not testify.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROPOSED INSTRUCTION NO. 26

DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the

testimony of any other witness.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.4.

This instruction shall only be used if the defendant elects to testify.

PROPOSED INSTRUCTION NO. 27

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, AND REASONABLE DOUBT

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crime in the indictment, begin the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind.  The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against a defendant.  The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense— the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

**Authority**

1A Fed. Jury Prac. & Instr. § 12:10 (6th ed.); *Holland v. United States*, 348 U.S. 121 140 (1954); *Ramirez v. Hatcher*, 136 F.3d 1209, 1213 (9th Cir. 1998) ("This circuit has endorsed a definition of reasonable doubt as the kind of doubt that would cause a reasonable person to hesitate to act, *see United States v. Robinson*, 546 F.2d 309, 313-14 (9th Cir.1976), and the Supreme Court has indicated that 'the hesitate to act standard gives a commonsense benchmark for just how substantial [a reasonable] doubt must be.'").

PROPOSED INSTRUCTION NO. 28

REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.5.

PROPOSED INSTRUCTION NO. 29

WHAT IS EVIDENCE?

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.6.

PROPOSED INSTRUCTION NO. 30

WHAT IS NOT EVIDENCE?

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

(1)    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2)    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

(3)    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority**

Ninth Circuit Model Jury Instruction (2010) No. 3.7.

1

2

PROPOSED INSTRUCTION NO. 31

DIRECT AND CIRCUMSTANTIAL EVIDENCE

3       Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4  testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5  evidence is indirect evidence, that is, it is proof of one or more facts from which you can find

6  another fact.

7       You are to consider both direct and circumstantial evidence.  Either can be used to prove

8  any fact.  The law makes no distinction between the weight to be given to either direct or

9  circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

10

11                                   **Authority**

12  NINTH CIRCUIT MODEL JURY INSTRUCTION (2003) No. 3.8.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>PROPOSED INSTRUCTION NO. 32</u>

2

CREDIBILITY OF WITNESSES

3          In deciding the facts in this case, you may have to decide which testimony to believe and

4    which testimony not to believe.  You may believe everything a witness says, or part of it, or none

5    of it.

6          In considering the testimony of any witness, you may take into account:

7          (1)      the witness's opportunity and ability to see or hear or know the things testified to;

8          (2)      the witness's memory;

9          (3)      the witness's manner while testifying;

10         (4)      the witness's interest in the outcome of the case, if any;

11         (5)      the witness's bias or prejudice, if any;

12         (6)      whether other evidence contradicted the witness's testimony;

13         (7)      the reasonableness of the witness's testimony in light of all the evidence; and

14         (8)      any other factors that bear on believability.

15         The weight of the evidence as to a fact does not necessarily depend on the number of

16   witnesses who testify.  What is important is how believable the witnesses were, and how much

17   weight you think their testimony deserves.

18

19                                              **Authority**

20   NINTH CIRCUIT MODEL JURY INSTRUCTION (2003) No. 3.9.

21

22

23

24

25

26

27

28

1

PROPOSED INSTRUCTION NO. 33

2

ACTIVITIES NOT CHARGED

3        You are here only to determine whether the defendant is guilty or not guilty of the charges

4   in the indictment.  The defendant is not on trial for any conduct or offense not charged in the

5   indictment.

6

7

8        **Authority**

9   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.10.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROPOSED INSTRUCTION NO. 34

2

SEPARATE CONSIDERATION OF MULTIPLE COUNTS—
SINGLE DEFENDANT

3

A separate crime is charged against the defendant in each count.  You must decide each

4

count separately. Your verdict on one count should not control your verdict on any other count.

5

6

7

**Authority**

8

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.11.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROPOSED INSTRUCTION NO. 35

2

INTENT TO DEFRAUD—DEFINED

3

An intent to defraud is an intent to deceive or cheat.

4

5

6

**Authority**

7

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.16.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROPOSED INSTRUCTION NO. 36

2

POSSESSION—DEFINED

3

A person has possession of something if the person knows of its presence and has physical

4

control of it, or knows of its presence and has the power and intention to control it.

5

6

7

**Authority**

8

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.17.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROPOSED INSTRUCTION NO. 37

2

JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

3        The Mandarin language has been used during this trial.  The evidence you are to consider

4   is only that provided through the official court interpreters. Although some of you may know the

5   Mandarin language, it is important that all jurors consider the same evidence. Therefore, you must

6   accept the evidence presented in the English interpretation and disregard any different meaning.

7

8                                    **Authority**

9   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 3.19.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

PROPOSED INSTRUCTION NO. 38

STATEMENTS BY DEFENDANT

3        You have heard testimony that the defendant made a statement.  It is for you to decide (1)

4   whether the defendant made the statement, and (2) if so, how much weight to give to it.  In

5   making those decisions, you should consider all the evidence about the statement, including the

6   circumstances under which the defendant may have made it.

7

8

9                                   **Authority**

10   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.1.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>PROPOSED INSTRUCTION NO. 39</u>

IMPEACHMENT EVIDENCE—WITNESS

You have heard evidence that [name of witness], a witness, [specify basis for impeachment].  You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.8.

1

PROPOSED INSTRUCTION NO. 40

2

OPINION EVIDENCE, EXPERT WITNESS

3

You have heard testimony from persons who, because of education or experience, were

4

permitted to state opinions and the reasons for their opinions.

5

Such opinion testimony should be judged like any other testimony.  You may accept it or

6

reject it, and give it as much weight as you think it deserves, considering the witness's education

7

and experience, the reasons given for the opinion, and all the other evidence in the case.

8

9

10

**Authority**

11

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.14.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROPOSED INSTRUCTION NO. 41</u>

SUMMARIES NOT RECEIVED IN EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.15.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROPOSED INSTRUCTION NO. 42

CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been admitted in evidence.  Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.


**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 4.16.

1

PROPOSED INSTRUCTION NO. 43

2

AIDING AND ABETTING—GENERALLY

3      A defendant may be found guilty of **Visa Fraud, Using a False Document,**

4  **Unauthorized Access of a Government Computer, and/or Aggravated Identity Theft** even if

5  the defendant personally did not commit the act or act constituting the **particular** crime but aided

6  and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the

7  government must prove beyond a reasonable doubt:

8      First, **the particular crime** was committed by someone;

9      Second, the defendant **knowingly and intentionally** aided, counseled, commanded,

10  induced, or produced that person to commit each element of **the particular crime**; and

11      Third, the defendant acted with the intent to facilitate **the particular crime**.

12      Fourth, the defendant acted before the crime was completed.

13      It is not enough that the defendant merely associated with the person committing the

14  crime, or unknowingly or unintentionally did things that were helpful to that person, or was

15  present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the

16  defendant acted with the knowledge and intention of helping that person commit the **full scope of**

17  **the particular** crime **for which the defendant is said to have aided and abetted.**

18      A defendant acts with the intent to facilitate the crime when the defendant actively

19   participates in a criminal venture with advance knowledge of the crime.

20      The government is not required to prove precisely which defendant actually committed

21  the crime and which defendant aided and abetted.

22                                **Authority**
    NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 5.1; *Rosemond v. United States*,
23  134 S. Ct. 1240, 1248, 188 L. Ed. 2d 248 (2014).

24  Modified where **bolded and underlined**.

25

26

27

28

1

<u>PROPOSED INSTRUCTION NO. 44</u>

2

KNOWINGLY

3

An act is done knowingly if the defendant is aware of the act and does not act through

4

ignorance, mistake, or accident.  **<u>Unless otherwise stated,</u>** the government is not required to

5

prove that the defendant knew that his acts or omissions were unlawful.  You may consider

6

evidence of the defendant's words, acts, or omissions, along with all the other evidence, in

7

deciding whether the defendant acted knowingly.

8

**Authority**

9

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 5.6

10

Modified where **<u>bolded and underlined</u>**.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROPOSED INSTRUCTION NO. 45</u>

WILLFULLY

"Willfully" means to act with knowledge that one's conduct is unlawful and with the

intent to do something the law forbids, that is to say that the bad purpose to disobey or to

disregard the law. The defendant's conduct was not "willful" if it was due to negligence,

inadvertence, or mistake.

**Authority**

1-3A Modern Federal Jury Instructions-Criminal P 3A.01, No. 3A-3 (Matthew Bender) (Second sentence of first paragraph and second paragraph); *United States v. Henderson*, 243 F.3d 1168, 1172-73 (9th Cir. 2001).

1

PROPOSED INSTRUCTION NO. 46

2

DUTY TO DELIBERATE

3      When you begin your deliberations, elect one member of the jury as your foreperson who

4   will preside over the deliberations and speak for you here in court.

5      You will then discuss the case with your fellow jurors to reach agreement if you can do

6   so. Your verdict, whether guilty or not guilty, must be unanimous.

7      Each of you must decide the case for yourself, but you should do so only after you have

8   considered all the evidence, discussed it fully with the other jurors, and listened to the views of

9   your fellow jurors.

10      Do not be afraid to change your opinion if the discussion persuades you that you should.

11   But do not come to a decision simply because other jurors think it is right.

12      It is important that you attempt to reach a unanimous verdict but, of course, only if each of

13   you can do so after having made your own conscientious decision. Do not change an honest belief

14   about the weight and effect of the evidence simply to reach a verdict.

15

16   **Authority**

17   NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.1.

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 47

CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, [and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 48

USE OF NOTES

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.3.

1

PROPOSED INSTRUCTION NO. 49

2

JURY CONSIDERATION OF PUNISHMENT

3      The punishment provided by law for this crime is for the court to decide.  You may not

4  consider punishment in deciding whether the government has proved its case against the

5  defendant beyond a reasonable doubt.

6

7

**Authority**

8  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.4.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 50

VERDICT FORM

      A verdict form has been prepared for you. [*Add explanation of special verdict form.*] After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.5.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 51

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 7.6.

PROPOSED INSTRUCTION NO. 52

CONSPIRACY TO COMMIT VISA FRAUD
(COUNT ONE)

The defendant is charged in Count One of the indictment with conspiring to defraud the United States by obstructing the lawful functions of Immigration and Customs Enforcement by deceitful or dishonest means in violation of Section 371 of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at least in or about July 2007 and continuing through at least in or about February 2011, there was an agreement between two or more persons to defraud the United States by obstructing the lawful functions of Immigration and Customs Enforcement by deceitful or dishonest means as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act in or after July 2007 for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

**The government alleges that the overt acts are:**

**a.      On or about July 6, 2007, on behalf of Herguan University, Y.W. caused the electronic submission of a Form I-17 to SEVP.**

**b.      On or about July 30, 2007, WANG provided a SEVP Inspector with a hard copy of the Form I-17, signed by Y.W., and a supplemental Form I-17A, signed by Y.W. and WANG, naming WANG as a DSO.**

**c.      On or about July 30, 2007, WANG provided the same SEVP Inspector with a false transfer letter, purporting to represent that a certain school unconditionally accepts and had accepted transfer credits from Herguan.**

**d.      On or about August 16, 2007, WANG caused SEVP to receive three letters falsely representing that Herguan students were employed by the signatories.**

1        **e.     On or about August 16, 2007, WANG caused SEVP to receive two false**

2        **Herguan transcripts, containing UEWM students' true names, dates of birth,**

3        **and social security numbers.**

4        **f.     In or about May 2009, WANG instructed a Herguan employee to use**

5        **WANG's identification code and password to access SEVIS.**

6        **g.     On or about December 2, 2010, WANG emailed a member of Herguan's**

7        **management, asking him to create an academic warning letter, for the**

8        **purpose of providing it to SEVP in response to a Request for Evidence.**

9        An agreement to defraud is an agreement to deceive or to cheat, but one who acts on an

10  honest and good faith understanding as to the requirements of the law does not act with an intent

11  to defraud simply because his understanding of the law is wrong or even irrational.  Nevertheless,

12  merely disagreeing with the law does not constitute a good faith misunderstanding of the law

13  because all persons have a duty to obey the law whether or not they agree with it.

14        A conspiracy is a kind of criminal partnership — an agreement of two or more persons to

15  commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful;

16  it does not matter where the crime agreed upon was committed.

17        For a conspiracy to have existed, it is not necessary that the conspirators made a formal

18  agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that

19  they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped

20  one another.  You must all find that there was a plan to commit **fraud by obstructing the lawful**

21  **functions of Immigration and Customs Enforcement by deceitful or dishonest means .**

22        One becomes a member of a conspiracy by willfully participating in the unlawful plan

23  with the intent to advance or further some object or purpose of the conspiracy, even though the

24  person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who

25  willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand,

26  one who has no knowledge of a conspiracy, but happens to act in a way which furthers some

27  object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person

28  does not become a conspirator merely by associating with one or more persons who are

1    conspirators, nor merely by knowing that a conspiracy exists.

2         An overt act does not itself have to be unlawful.  A lawful act may be an element of a

3    conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not

4    required to prove that the defendant personally did one of the overt acts.

5                                         **Authority**

6    NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.21.

7    Modified where **bolded and underlined**.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 53

CONSPIRACY — KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1)      the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2)      the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3)      the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.23.

1    PROPOSED INSTRUCTION NO. 54

2    CONSPIRACY — KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS

3          The government must prove beyond a reasonable doubt that the defendant knew of his

4    connection to the charged conspiracy.  A person does not become a conspirator by simply

5    associating with conspirators or knowing that a conspiracy exists, but rather must agree to

6    participate in the conspiracy.  The government must show that the defendant was aware of the

7    unlawful object toward which the agreement was directed.

8                                            **Authority**

9    *United States v. Grasso*, 724 F.3d 1077, 1086 (9th Cir.) *cert. denied*, 134 S. Ct. 484, 187 L. Ed.
     2d 327 (2013); *United States v. Myers*, 847 F.2d 1408, 1423 (9th Cir. 1988); *United States v.*
10   *Krasovich*, 819 F.2d 253, 255 (9th Cir. 1987); *United States v. Carroll*, 73 F. App'x 222, 226 (9th
     Cir. 2003); *United States v. Estrada-Macias*, 218 F.3d 1064, 1066 (9th Cir. 2000).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 55

VISA FRAUD — FORGED, COUNTERFEITED, ALTERED,
OR FALSELY MADE IMMIGRATION DOCUMENT
(COUNTS TWO – FOUR)

The defendant is charged in Count Two through Count Four of the indictment with fraud in the use of an immigration document in violation of Section 1546(a) of Title 18 of the United States Code. **The government can prove this crime was committed in either of two ways.** In order for the defendant to be found guilty of **the** charge **in either way**, the government must prove each of the elements beyond a reasonable doubt.

**The elements that the government must prove for the first way this crime can be committed are:**

First, the defendant forged or falsely made a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, **namely a Form I-20 for the following individuals (identified by initials) on the following dates:**

(1)     For D.K. on September 20, 2010 (Count Two);

(2)     For S.J. on September 21, 2010 (Count Three); and

(3)     For T.K. on September 23, 2010 (Count Four);

and

Second, the defendant acted knowingly.

**The elements that the government must prove for the second way this crime can be committed are:**

First, the defendant knowingly used, attempted to use, possessed, obtained, or received a document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, **namely a Form I-20 for the following individuals (identified by initials) on the following dates:**

(1)     For D.K. on September 20, 2010 (Count Two);

(2)     For S.J. on September 21, 2010 (Count Three); and

(3)     For T.K. on September 23, 2020 (Count Four);

and

1    Second, the defendant knew the document to be forged, falsely made, or procured by

2  fraud or unlawfully obtained.

3    **A document is not forged, falsely made, procured by fraud, or unlawfully obtained**

4  **when one is authorized to sign it on behalf of another individual.  In order for the defendant**

5  **to be found guilty of this charge, the government has the burden to prove lack of authority**

6  **beyond a reasonable doubt.**

7                                                          **Authority**

8  NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) Nos. 8.132 and 133; MODEL
   PENAL CODE SEC. 224.1; *United States v. Hadima*, 160 F. App'x 224, 227 (3d Cir. 2005) ("No
9  federal court has ever found an authorized signature to be a violation of any federal false
   statement statute . . . ."); *United States v. West*, 666 F.2d 16, 20 (2d Cir. 1981) (citations omitted)
10 ("[T]he court should have informed the jury that the government had the burden of proving lack
   of authority beyond a reasonable doubt.  Appellant was entitled to have a properly instructed jury
11 consider his defense that he was authorized to sign [his spouse's] name to the documents in
   question.").
12

13 Modified where **bolded and underlined**.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROPOSED INSTRUCTION NO. 56

2

VISA FRAUD — FORGED, COUNTERFEITED, ALTERED,
OR FALSELY MADE IMMIGRATION DOCUMENT

3

(COUNTS TWO – FOUR)

4

A document is not forged, falsely made, procured by fraud, or unlawfully obtained when

5

one is authorized to sign it on behalf of another individual.  In order for the defendant to be found

6

guilty of this charge, the government has the burden to prove lack of authority beyond a

7

reasonable doubt.

8

**Authority**

9

MODEL PENAL CODE SEC. 224.1 ("'Forge' means: (A) to alter, make, complete, execute, or
authenticate any writing so that it purports: (i)  to be the act of another who did not authorize that

10

act; . . . .); *United States v. Hadima*, 160 F. App'x 224, 227 (3d Cir. 2005) ("No federal court has
ever found an authorized signature to be a violation of any federal false statement statute . . . .");

11

*United States v. West*, 666 F.2d 16, 20 (2d Cir. 1981) (citations omitted) ("[T]he court should
have informed the jury that the government had the burden of proving lack of authority beyond a

12

reasonable doubt.  Appellant was entitled to have a properly instructed jury consider his defense
that he was authorized to sign [his spouse's] name to the documents in question.").

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED INSTRUCTION NO. 57

UNAUTHORIZED ACCESS OF A GOVERNMENT COMPUTER
(COUNT FIVE)

The defendant is charged in Count Five of the indictment with unlawfully accessing a computer in violation of Section 1030(a)(3) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intentionally accessed a nonpublic computer of **the Department of Homeland Security, the Student and Exchange Visitor Information System, also known as "SEVIS"**;

Second, the defendant accessed that computer without authorization; and

Third, the computer accessed by the defendant was used nonexclusively by or for the United States government, but the defendant's conduct affected that computer's use by or for the United States government.

**A person does not access a computer without authorization if that person is acting as an agent on behalf of an individual with authorization to access the computer.**

**Authority**

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.98; *United States v. Nosal*, 676 F.3d 854, 861 (9th Cir. 2012) ("Facebook makes it a violation of the terms of service to let anyone log into your account. *See* Facebook Statement of Rights and Responsibilities § 4.8 http://www.facebook.com/legal/terms ("You will not share your password, ... let anyone else access your account, or do anything else that might jeopardize the security of your account.") (last visited Mar. 4, 2012).  Yet it's very common for people to let close friends and relatives check their email or access their online accounts. Some may be aware that, if discovered, they may suffer a rebuke from the ISP or a loss of access, but few imagine they might be marched off to federal prison for doing so."); *id.* at 858 ("Congress enacted the CFAA in 1984 primarily to address the growing problem of computer hacking."); *id.* at 963 (prohibited conduct consists of "the circumvention of technological access barriers").

Modified where **bolded and underlined**.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>PROPOSED INSTRUCTION NO. 58</u>

UNAUTHORIZED ACCESS OF A GOVERNMENT COMPUTER
(COUNT FIVE)

A person does not access a computer without authorization if that person is acting as an

agent on behalf of an individual with authorization to access the computer with the permission of

the individual with authorization.

**Authority**

*United States v. Nosal*, 676 F.3d 854, 861 (9th Cir. 2012) ("Facebook makes it a violation of the
terms of service to let anyone log into your account. *See* Facebook Statement of Rights and
Responsibilities § 4.8 http://www.facebook.com/legal/terms ("You will not share your password,
... let anyone else access your account, or do anything else that might jeopardize the security of
your account.") (last visited Mar. 4, 2012).  Yet it's very common for people to let close friends
and relatives check their email or access their online accounts. Some may be aware that, if
discovered, they may suffer a rebuke from the ISP or a loss of access, but few imagine they might
be marched off to federal prison for doing so."); *id*. at 858 ("Congress enacted the CFAA in 1984
primarily to address the growing problem of computer hacking."); *id*. at 963 (prohibited conduct
consists of "the circumvention of technological access barriers").

1

PROPOSED INSTRUCTION NO. 59

2

USE OF FALSE DOCUMENT
(COUNTS SIX – TWELVE)

3

4     The defendant is charged in Counts Six through Twelve of the indictment with knowingly

5 and willfully **<u>making or</u>** using a document containing a false statement in a matter within the

6 jurisdiction of a governmental agency or department in violation of Section 1001 of Title 18 of

7 the United States Code.  In order for the defendant to be found guilty of that charge, the

8 government must prove each of the following elements beyond a reasonable doubt:

9     First, the defendant **<u>made or</u>** used a writing which contained a false statement in a matter

10 within the jurisdiction of the Executive Branch of the United States, namely the Department of

11 Homeland Security;

12     Second, the defendant acted willfully; that is, deliberately and with knowledge **<u>both</u>** that

13 the statement was untrue **<u>and that his conduct was unlawful</u>**; and

14     Third, the statement was material to the activities or decisions of the Department of

15 Homeland Security; that is, it had a natural tendency to influence, or was capable of influencing,

16 the agency's decisions or activities.

17                              **Authority**

18 NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.73; No. 5.5 Comment

19 (approved June 2014) ("[I]n cases alleging a false statement to a government agency in violation
of 18 U.S.C. § 1001, as well as cases alleging a false statement relating to health care matters in
violation of 18 U.S.C. § 1035, the government must prove, among other things, that a defendant

20 acted deliberately and with knowledge both that the statement was untrue and that his or her
conduct was unlawful.").

21

22 Modified where **<u>bolded and underlined</u>**.

23

24

25

26

27

28

1

PROPOSED INSTRUCTION NO. 60

2

AGGRAVATED IDENTITY THEFT
(COUNTS THIRTEEN – FOURTEEN)

3

4

The defendant is charged in Counts Thirteen and Fourteen of the indictment with

5

aggravated identity theft in violation of Section 1028A of Title 18 of the United States Code.  In

6

order for the defendant to be found guilty of that charge, the government must prove each of the

7

following elements beyond a reasonable doubt:

8

First, on or about August 16, 2007, the defendant knowingly transferred, possessed, or

9

used without legal authority a means of identification of another person;

10

11

12

| Count | Name |
|-------|------|
| 13    | C.Z. |
| 14    | S.G. |

13

Second, the defendant knew that the means of identification belonged to a real person; and

14

Third, the defendant did so during and in relation to a felony violation of 18 U.S.C. §

15

1001(a)(3).

16

**Authority**

17

NINTH CIRCUIT MODEL JURY INSTRUCTION (2010) No. 8.83.

18

Modified where **bolded and underlined**.

19

20

21

22

23

24

25

26

27

sf-3521700

28