1
2
3

              UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                   SAN JOSE DIVISION

4     UNITED STATES OF AMERICA,

5              PLAINTIFF,              CASE NO.  CR-12-0581-EJD

6         VS.                         SAN JOSE, CALIFORNIA

7     JERRY WANG,                     APRIL 9, 2015

8              DEFENDANT.             PAGES 1 - 21

9

10

11

12

                   TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE EDWARD J. DAVILA
                UNITED STATES DISTRICT JUDGE

13                   A-P-P-E-A-R-A-N-C-E-S

14

15

16

17

     FOR THE PLAINTIFF:    OFFICE OF THE UNITED STATES ATTORNEY
                           BY:  HARTLEY WEST
                                MAIA PEREZ
                           450 GOLDEN GATE AVENUE
                           SAN FRANCISCO, CALIFORNIA 94102

18

19

20

     FOR THE DEFENDANT:    MORRISON & FOERSTER
                           BY:   SOMNATH RAJ CHATTERJEE
                           425 MARKET STREET
                           SAN FRANCISCO, CALIFORNIA 94105

21

22

     OFFICIAL COURT REPORTER:    IRENE L. RODRIGUEZ, CSR, CRR
                                 CERTIFICATE NUMBER 8074

23

24

         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY,
     TRANSCRIPT PRODUCED WITH COMPUTER.

25

```
 1    SAN JOSE, CALIFORNIA                    APRIL 9, 2015

 2                    P R O C E E D I N G S

 3        (COURT CONVENED.)

 4            THE CLERK:  CALLING CASE NUMBER 12-581, UNITED

 5    STATES VERSUS JERRY WANG.

 6            MS. WEST:  GOOD MORNING, YOUR HONOR.  HARTLEY WEST

 7    AND MAIA PEREZ FOR THE UNITED STATES.

 8            THE COURT:  THANK YOU.  GOOD MORNING.

 9            MS. PEREZ:  GOOD MORNING.

10            MR. CHATTERJEE:  GOOD MORNING, YOUR HONOR.  RAJ

11    CHATTERJEE FOR MR. WANG WHO IS PRESENT IN COURT.

12            THE COURT:  GOOD MORNING, SIR.

13            THE DEFENDANT:  GOOD MORNING.

14            THE COURT:  I UNDERSTAND THAT A PLEA AGREEMENT HAS

15    BEEN REACHED.

16            MS. WEST:  THAT IS CORRECT, AND I'M HANDING UP A

17    SIGNED COPY OF IT NOW.

18            MR. CHATTERJEE:  THAT'S CORRECT.

19            THE COURT:  THANK YOU.

20        (PAUSE IN PROCEEDINGS.)

21            THE COURT:  ALL RIGHT.  THANK YOU.  MR. WANG, YOUR

22    LAWYER TELLS ME THAT IT'S YOUR DESIRE TO PLEAD GUILTY THIS

23    MORNING TO COUNT 12 OF THE SUPERSEDING INDICTMENT.

24        IS THAT WHAT YOU'RE GOING TO DO, SIR?

25            THE DEFENDANT:  YES, YOUR HONOR.
```

```
1              THE COURT:  ALL RIGHT.  YOU AND I, SIR, WILL HAVE A

2     CONVERSATION ABOUT THAT, BUT FIRST I WANT TO GO OVER A FEW

3     THINGS.

4              THE DEFENDANT:  YES.

5              THE COURT:  FIRST OF ALL, DURING OUR CONVERSATION IF

6     AT ANY TIME YOU WISH TO SPEAK PRIVATELY WITH YOUR LAWYER,

7     PLEASE LET ME KNOW AND I'LL, OF COURSE, ALLOW YOU TO DO THAT.

8     ALL RIGHT, SIR?

9              THE DEFENDANT:  THANK YOU.

10              THE COURT:  ALSO, SIR, IF AT ANY TIME DURING OUR

11     CONVERSATION YOU DO NOT UNDERSTAND SOMETHING I SAY OR YOU'D

12     LIKE ME TO REPEAT MYSELF, PLEASE LET ME KNOW, AND I'LL BE HAPPY

13     TO ACCOMMODATE THAT REQUEST AS WELL.

14              THE DEFENDANT:  THANK YOU.

15              THE COURT:  ALL RIGHT, SIR?

16              THE DEFENDANT:  THANK YOU.

17              THE COURT:  AND ONE FINAL THING, IN RESPONSE TO MY

18     QUESTIONS I'M GOING TO INVITE YOU TO ANSWER OUT LOUD IN A RICH

19     VOICE SO THE YOUNG LADY IN FRONT OF US CAN ACCURATELY REPORT

20     YOUR ANSWERS.  ALL RIGHT, SIR?

21              THE DEFENDANT:  YES, YOUR HONOR.

22              THE COURT:  ALL RIGHT.  SO IF YOU WOULD RAISE YOUR

23     RIGHT HAND, OUR COURTROOM DEPUTY WILL PLACE YOU UNDER OATH.

24         (DEFENDANT WAS GIVEN THE OATH.)

25              THE DEFENDANT:  YES.
```

1              THE CLERK:  THANK YOU.

2              THE COURT:  THANK YOU, SIR.  ALL RIGHT.  YOU'VE JUST

3    NOW TAKEN AN OATH TO TELL THE TRUTH AND YOU MUST UNDERSTAND,

4    SIR, THAT IF YOU NOW SAY SOMETHING THAT IS NOT TRUE, THE

5    GOVERNMENT COULD ENGAGE A PROSECUTION AGAINST YOU FOR PROVIDING

6    FALSE INFORMATION.

7         DO YOU UNDERSTAND THAT, SIR?

8              THE DEFENDANT:  YES, YOUR HONOR.

9              THE COURT:  ALL RIGHT.  SO FIRST OF ALL MAY I KNOW

10   YOUR TRUE NAME?

11             THE DEFENDANT:  YES.  MY NAME IS JERRY WANG.

12             THE COURT:  THANK YOU.  AND YOU'RE OVER THE AGE OF

13   18, SIR?

14             THE DEFENDANT:  YES, I AM.

15             THE COURT:  AND COULD YOU TELL ME AGAIN YOUR

16   EDUCATION?

17             THE DEFENDANT:  YES.  I GRADUATED FROM U.C. SANTA

18   BARBARA WITH A BACHELOR'S DEGREE.

19             THE COURT:  ARE YOU PRESENTLY RIGHT NOW UNDER THE

20   INFLUENCE OF ANY DRUG, ALCOHOL OR MEDICATION?

21             THE DEFENDANT:  NO, SIR.

22             THE COURT:  HAVE YOU TAKEN ANY OF THOSE SUBSTANCES

23   WITHIN THE LAST 48 HOURS?

24             THE DEFENDANT:  NO, SIR.

25             THE COURT:  DO YOU HAVE A CLEAR MIND THIS MORNING?

1          THE DEFENDANT:  YES, I DO.

2          THE COURT:  THANK YOU, SIR.  I HAVE BEFORE ME A PLEA

3    AGREEMENT.  IT'S EIGHT PAGES LONG.  ON PAGE 7 AT LINE 19 ABOVE

4    YOUR PRINTED NAME THERE APPEARS TO BE A SIGNATURE IN BLUE INK.

5        IS THIS YOUR SIGNATURE, SIR?

6          THE DEFENDANT:  YES, YOUR HONOR, THIS IS MY

7    SIGNATURE.

8          THE COURT:  ALL RIGHT.  AND DO YOU UNDERSTAND THIS

9    AGREEMENT, SIR?

10          THE DEFENDANT:  YES, I DO.

11          THE COURT:  AND DID YOU HAVE SUFFICIENT TIME TO READ

12    AND REVIEW THIS PLEA AGREEMENT WITH YOUR ATTORNEY BEFORE YOU

13    SIGNED IT?

14          THE DEFENDANT:  YES, I DID.

15          THE COURT:  AND HAS YOUR ATTORNEY BEEN ABLE TO

16    ANSWER ANY AND ALL OF THE QUESTIONS YOU MAY HAVE HAD ABOUT THIS

17    PLEA AGREEMENT?

18          THE DEFENDANT:  YES, HE DID.

19          THE COURT:  ARE YOU SATISFIED WITH THE SERVICES YOUR

20    ATTORNEYS HAVE PROVIDED YOU?

21          THE DEFENDANT:  YES, I DO.

22          THE COURT:  OTHER THAN, SIR, THE PROMISES CONTAINED

23    IN THIS PLEA AGREEMENT, HAS ANYONE PROMISED YOU ANYTHING OF ANY

24    KIND TO CAUSE YOU TO PLEAD GUILTY THIS MORNING?

25          THE DEFENDANT:  NO, YOUR HONOR.

1      THE COURT:  DOES THE PLEA AGREEMENT THEN REPRESENT

2  THE ENTIRE AGREEMENT YOU HAVE WITH THE GOVERNMENT?

3      THE DEFENDANT:  YES, YOUR HONOR.

4      THE COURT:  HAS ANYONE THREATENED YOU OR ANYONE

5  CLOSE TO YOU TO CAUSE YOU TO PLEAD GUILTY THIS MORNING?

6      THE DEFENDANT:  NO, YOUR HONOR.

7      THE COURT:  ARE YOU DOING THIS THEN, THAT IS,

8  PLEADING GUILTY, FREELY, AND VOLUNTARILY OF YOUR OWN FREE WILL?

9      THE DEFENDANT:  YES, YOUR HONOR.

10      THE COURT:  AND ARE YOU PLEADING GUILTY TO THIS

11  COUNT, SIR, BECAUSE IN TRUTH AND, IN FACT, YOU ARE GUILTY OF

12  THE CHARGE AS INDICATED IN THE PLEA AGREEMENT?

13      THE DEFENDANT:  YES, YOUR HONOR.

14      THE COURT:  NOW, SIR, THIS IS A PLEA AGREEMENT

15  PURSUANT TO 11(C)(1)(C) OF THE FEDERAL RULES OF CRIMINAL

16  PROCEDURE AND 11(C)(1)(A).

17      AND WHAT THAT MEANS, SIR, IS THAT IF I ACCEPT THIS PLEA

18  AGREEMENT, I, TOO, AM BOUND BY THE TERMS THAT THESE LAWYERS

19  HAVE DEVELOPED IN THIS PLEA AGREEMENT.

20      DO YOU UNDERSTAND THAT SIR?

21      THE DEFENDANT:  YES, I DO.

22      THE COURT:  AND, SIR, THE LAWYERS HAVE INDICATED

23  WHAT THEY BELIEVE IS AN APPROPRIATE DISPOSITION IN YOUR CASE.

24  AND AS YOU KNOW FROM READING THE PLEA AGREEMENT, THIS IS --

25  IT'S SOMETIMES CALLED A TOP AND A BOTTOM.  THIS PLEA AGREEMENT

1    INDICATES, SIR, AND I WANT YOU TO UNDERSTAND THIS, THIS PLEA

2    AGREEMENT CONTEMPLATES THAT YOU WILL BE SENT TO PRISON.

3         DO YOU UNDERSTAND THAT?

4              THE DEFENDANT:  YES, YOUR HONOR.

5              THE COURT:  THE PLEA AGREEMENT AS I READ IT -- AND,

6    COUNSEL, YOU'LL PLEASE CORRECT ME IF I'M NOT INTERPRETING THIS

7    CORRECTLY -- THIS APPEARS IN PARAGRAPH 8 FOUND ON PAGE 5, THIS

8    AGREEMENT INDICATES, SIR, THAT AT THE TIME OF SENTENCING THE

9    COURT COULD IMPOSE NO LESS THAN THREE MONTHS IMPRISONMENT AND

10   NO MORE THAN TWO YEARS OF IMPRISONMENT.

11        DO YOU UNDERSTAND THAT, SIR?

12             THE DEFENDANT:  YES, YOUR HONOR.

13             THE COURT:  AND SO THOSE ARE THE TOP AND THE MAXIMUM

14   AND THE MINIMUM TERM.  SO BY VIRTUE OF THIS PLEA AGREEMENT,

15   SIR, YOU UNDERSTAND THAT YOU -- THAT I WILL AT SOME POINT IN

16   TIME IN THE FUTURE BE SENTENCING YOU TO A TERM OF PRISON WITHIN

17   THAT RANGE.

18        DO YOU UNDERSTAND THAT?

19             THE DEFENDANT:  YES, YOUR HONOR.  YES.

20             THE COURT:  ALL RIGHT, SIR.  NOW, YOU UNDERSTAND,

21   SIR, THAT AT THE TIME OF SENTENCING IF I DECIDE THAT I CANNOT

22   ACCEPT THIS PLEA AGREEMENT, THAT IS, IF I REJECT THE PLEA

23   AGREEMENT, YOU WOULD BE PERMITTED TO WITHDRAW YOUR PLEA OF

24   GUILTY AND YOU WOULD BE -- YOUR PLEA OF NOT GUILTY WOULD BE

25   REINSTATED AND YOU COULD CONTINUE ONTO YOUR TRIAL IF YOU WISH.

1        DO YOU UNDERSTAND THAT?

2            THE DEFENDANT:  YES, I DID.

3            THE COURT:  NOW, SIR, IN REACHING THIS AGREEMENT,

4    THE LAWYERS HAVE CONSULTED WHAT ARE CALLED THE UNITED STATES

5    SENTENCING GUIDELINES.

6            THE DEFENDANT:  YES.

7            THE COURT:  AND THOSE GUIDELINES ARE NOT MANDATORY.

8    THE COURT MUST REVIEW THEM AS WELL BEFORE IT IMPOSES

9    SENTENCING, BUT THEY ARE NOT MANDATORY.

10        HAVE YOU HAD SUFFICIENT TIME TO DISCUSS THE UNITED STATES

11    SENTENCING GUIDELINES WITH YOUR ATTORNEY?

12            THE DEFENDANT:  YES, I DO.

13            THE COURT:  AND HAS YOUR ATTORNEY BEEN ABLE TO

14    EXPLAIN TO YOU HOW THOSE GUIDELINES APPLY TO YOU AND THE FACTS

15    AND CIRCUMSTANCES OF YOUR CASE?

16            THE DEFENDANT:  YES, THEY DID.

17            THE COURT:  AND HAVE YOUR ATTORNEYS BEEN ABLE TO

18    ANSWER ANY AND ALL OF THE QUESTIONS THAT YOU MAY HAVE HAD ABOUT

19    THOSE GUIDELINES AND HOW THEY APPLY TO YOU?

20            THE DEFENDANT:  YES, THEY DID.

21            THE COURT:  NOW, SIR, IN ORDER TO GAIN CONVICTION OF

22    YOU FOR THIS OFFENSE THE GOVERNMENT WOULD HAVE TO PROVE CERTAIN

23    THINGS, ELEMENTS, AND THEY MUST PROVE THOSE BEYOND A REASONABLE

24    DOUBT.  I'D LIKE TO GO OVER THOSE ELEMENTS WITH YOU NOW.

25        FIRST OF ALL, IN ORDER TO GAIN CONVICTION OF YOU FOR A

1    VIOLATION OF 18 UNITED STATES CODE SECTION 1001, SUBSECTION

2    (A)(3), THE GOVERNMENT WOULD HAVE TO PROVE BEYOND A REASONABLE

3    DOUBT THAT, ONE, YOU MADE A FALSE STATEMENT OR USED A DOCUMENT

4    CONTAINING A FALSE STATEMENT IN A MATTER WITHIN THE

5    JURISDICTION OF A GOVERNMENT AGENCY OR DEPARTMENT, IN THIS

6    CASE, THE DEPARTMENT OF HOMELAND SECURITY;

7         SECOND, THE GOVERNMENT WOULD HAVE TO PROVE BEYOND A

8    REASONABLE DOUBT THAT YOU ACTED WILLFULLY, THAT IS,

9    DELIBERATELY AND WITH KNOWLEDGE THAT THE STATEMENT WAS UNTRUE;

10   AND,

11        THREE, THE GOVERNMENT WOULD HAVE TO PROVE BEYOND A

12   REASONABLE DOUBT THAT THE STATEMENT WAS MATERIAL TO THE

13   ACTIVITIES OR DECISIONS OF THE AGENCY OR DEPARTMENT; THAT IS,

14   IT HAD A NATURAL TENDENCY TO INFLUENCE OR WAS CAPABLE OF

15   INFLUENCING THE AGENCY'S DECISIONS OR ACTIVITIES.

16        DO YOU UNDERSTAND THE THINGS THAT THE GOVERNMENT WOULD

17   HAVE TO PROVE BEYOND A REASONABLE DOUBT IN ORDER TO GAIN

18   CONVICTION OF YOU FOR THIS OFFENSE?

19             THE DEFENDANT:  YES, I DO.

20             THE COURT:  AND, FINALLY, THE GOVERNMENT WOULD HAVE

21   TO PROVE THAT THIS CONDUCT OCCURRED IN THE NORTHERN DISTRICT OF

22   CALIFORNIA.

23        DO YOU UNDERSTAND THAT, SIR?

24             THE DEFENDANT:  YES, I DO.

25             THE COURT:  NOW, SIR, THE MAXIMUM PENALTIES FOR THIS

1    COUNT ARE AS FOLLOWS:  THE MAXIMUM PRISON TERM IS FIVE YEARS.

2        DO YOU UNDERSTAND THAT?

3            THE DEFENDANT:  YES.

4            THE COURT:  AND THE MAXIMUM FINE IS $250,000 OR

5    TWICE THE GROSS GAIN OR LOSS, WHICHEVER IS GREATER.

6        DO YOU UNDERSTAND THAT?

7            THE DEFENDANT:  YES, SIR.

8            THE COURT:  AND THERE'S A MAXIMUM SUPERVISED RELEASE

9    TERM OF THREE YEARS AND A MANDATORY SPECIAL ASSESSMENT OF $100

10   WHICH I MUST IMPOSE.

11       DO YOU UNDERSTAND THAT, SIR?

12           THE DEFENDANT:  YES, YOUR HONOR.

13           THE COURT:  AND NOW, SIR, I MUST ADVISE YOU AS I DO

14   EVERYONE WHO IS CONVICTED OF A FELONY IN THIS COURT THAT IF YOU

15   ARE NOT A UNITED STATES CITIZEN, CONVICTION OF THIS OFFENSE

16   COULD CAUSE YOU TO BE DEPORTED, DENIED NATURALIZATION OR DENIED

17   REENTRY INTO THIS COUNTRY PURSUANT TO THE LAWS OF THE UNITED

18   STATES GOVERNMENT.

19       DO YOU UNDERSTAND THAT, SIR?

20           THE DEFENDANT:  YES, YOUR HONOR.

21           THE COURT:  AND YOU'VE HAD SUFFICIENT TIME TO

22   DISCUSS THIS WITH YOUR ATTORNEYS?

23           THE DEFENDANT:  YES, YOUR HONOR.

24           THE COURT:  FINALLY, SIR, THERE'S THE ELEMENT OF

25   FORFEITURE.  THIS PLEA AGREEMENT CALLS FOR AN AGREEMENT AS TO

1    FORFEITURE -- PARDON ME.

2         AND, COUNSEL, I'M LOOKING FOR IT NOW AND I DON'T SEE IT.

3              MS. WEST:  PARAGRAPH 12.

4              THE COURT:  THANK YOU.

5              MS. WEST:  YOU'RE WELCOME.

6              THE COURT:  SIR, PARAGRAPH 12 FOUND ON PAGE 6 TELLS

7    US THAT PURSUANT TO THIS PLEA AGREEMENT YOU ALSO AGREE THAT THE

8    COURT MAY ENTER INTO A FORFEITURE MONEY JUDGMENT IN THE AMOUNT

9    OF $700,000.

10   DO YOU UNDERSTAND THAT?

11             THE DEFENDANT:  YES, YOUR HONOR.

12             THE COURT:  NOW, THE PLEA AGREEMENT ALSO INFORMS US,

13   SIR, ON PAGE 3 IN PARAGRAPHS 4 AND 5 THAT YOU AGREE ALSO TO

14   GIVE UP YOUR RIGHT TO APPEAL YOUR CONVICTION, THE JUDGMENT,

15   WHICH IS THE SENTENCE AND THE ORDERS OF THE COURT.   DO YOU

16   UNDERSTAND THAT?

17             THE DEFENDANT:  YES, YOUR HONOR.

18             THE COURT:  AND YOU ALSO GIVE UP ANY APPELLATE

19   RIGHTS REGARDING ORDERS -- REGARDING FORFEITURE OR RESTITUTION.

20   DO YOU UNDERSTAND THAT?

21             THE DEFENDANT:  YES, YOUR HONOR.

22             THE COURT:  PARAGRAPH 5, SIR, TELLS US THAT YOU

23   AGREE NOT TO FILE ANY COLLATERAL ATTACK ON YOUR CONVICTION OR

24   SENTENCE INCLUDING PETITIONS UNDER 28 UNITED STATES CODE

25   SECTIONS 2255 OR 2241 EXCEPT YOU DO RESERVE THE RIGHT TO CLAIM

1    THAT YOUR ATTORNEY WAS LESS THAN EFFECTIVE IN NEGOTIATING YOUR

2    PLEA AGREEMENT AND ENTERING INTO THE GUILTY PLEA.

3        DO YOU UNDERSTAND THAT, SIR?

4            THE DEFENDANT:  YES, YOUR HONOR.

5            THE COURT:  NOW, SIR, I WILL BE REFERRING YOU TO THE

6    PROBATION DEPARTMENT FOR A PREPARATION OF WHAT IS CALLED A

7    PRESENTENCE REPORT.  THAT REPORT WILL BE PROVIDED.  IT WILL BE

8    PROVIDED TO COUNSEL AND YOUR LAWYER AND THE GOVERNMENT LAWYER.

9    I WILL GET A COPY OF THAT, AND WE WILL ALL USE THAT PROBATION

10   REPORT AT THE TIME OF SENTENCING TO DETERMINE IN MY MIND WHAT

11   THE APPROPRIATE SENTENCE IS.

12       DO YOU UNDERSTAND THAT, SIR.

13           THE DEFENDANT:  YES, YOUR HONOR.

14           THE COURT:  NOW, SIR, YOU WILL BE PLACED, AS I

15   INDICATED, ON A PERIOD OF SUPERVISED RELEASE OF UP TO

16   THREE YEARS.  THERE WILL BE TERMS AND CONDITIONS OF THAT

17   SUPERVISED RELEASE.

18       IF YOU WERE TO SUBSEQUENTLY VIOLATE A TERM OF THAT

19   SUPERVISED RELEASE AND FOLLOWING A HEARING IF YOU WERE FOUND IN

20   VIOLATION, YOU UNDERSTAND, SIR, THAT YOU COULD BE RETURNED TO

21   PRISON FOR SUCH VIOLATION.

22       DO YOU UNDERSTAND THAT?

23           THE DEFENDANT:  YES, YOUR HONOR.

24           THE COURT:  NOW, SIR, WHAT I'D LIKE TO DO NOW IS TO

25   GO OVER WITH YOU THE CONSTITUTIONAL RIGHTS THAT YOU CURRENTLY

1    ENJOY.  I'M GOING TO EXPLAIN EACH RIGHT TO YOU.  I'LL THEN ASK

2    YOU IF YOU UNDERSTAND THE RIGHT.  I'LL THEN ASK YOU IF YOU WISH

3    TO WAIVE OR GIVE UP THAT RIGHT SO THAT I CAN THEN ACCEPT YOUR

4    PLEA OF GUILTY.

5         NOW, FIRST OF ALL, SIR, YOU DO UNDERSTAND THAT YOU DO HAVE

6    THE RIGHT TO CONTINUE WITH YOUR PLEA OF NOT GUILTY AND PROCEED

7    TO TRIAL.  WE HAVE A TRIAL SET FOR THIS MATTER, I THINK IT'S

8    SET TO BEGIN MAY 5 -- MAY 4, PARDON ME, MAY 4.

9         DO YOU UNDERSTAND THAT?

10            THE DEFENDANT:  YES, YOUR HONOR.

11            THE COURT:  AND DO YOU ALSO UNDERSTAND, SIR, THAT

12   YOU DO HAVE THE RIGHT TO A JURY TRIAL.  A JURY TRIAL IS A

13   HEARING WHERE 12 MEMBERS OF THE COMMUNITY ARE SELECTED, THEY

14   SEE AND HEAR THE EVIDENCE AND THE ARGUMENTS OF COUNSEL, AND

15   THEY THEN MAKE A DECISION AS TO GUILT OR INNOCENCE IF THEY'RE

16   ABLE TO.  THAT'S WHAT A JURY TRIAL IS.

17        DO YOU UNDERSTAND THEN YOUR RIGHT TO A JURY TRIAL?

18            THE DEFENDANT:  YES, I DO.

19            THE COURT:  AND DO YOU GIVE UP THAT RIGHT?

20            THE DEFENDANT:  YES, YOUR HONOR.

21            THE COURT:  AT YOUR TRIAL, SIR, YOU HAVE THE RIGHT

22   TO BE REPRESENTED BY AN ATTORNEY.  IF YOU COULD NOT AFFORD AN

23   ATTORNEY, I WOULD APPOINT AN ATTORNEY TO REPRESENT YOU AT NO

24   COST TO YOU.

25        DO YOU UNDERSTAND THAT RIGHT?

1          THE DEFENDANT:  YES, YOUR HONOR.

2          THE COURT:  AND DO YOU GIVE UP THAT RIGHT?

3          THE DEFENDANT:  YES, YOUR HONOR.

4          THE COURT:  AT YOUR TRIAL, SIR, YOU HAVE THE RIGHT

5     TO SEE AND HEAR AND ASK QUESTIONS OF ALL OF THE WITNESSES THAT

6     WOULD TESTIFY AGAINST YOU.  THAT'S CALLED YOUR RIGHT OF

7     CONFRONTATION.

8         DO YOU UNDERSTAND THAT RIGHT?

9          THE DEFENDANT:  YES, YOUR HONOR.

10          THE COURT:  AND DO YOU GIVE UP THAT RIGHT?

11          THE DEFENDANT:  YES, YOUR HONOR.

12          THE COURT:  YOU HAVE A RIGHT TO PUT ON A DEFENSE AND

13     YOU COULD USE THE SUBPOENA POWER OF THE COURT TO COMPEL, TO

14     MAKE WITNESSES COME TO COURT AND TESTIFY FOR YOU.

15         DO YOU UNDERSTAND THAT RIGHT?

16          THE DEFENDANT:  YES.

17          THE COURT:  AND DO YOU GIVE UP THAT RIGHT?

18          THE DEFENDANT:  YES, YOUR HONOR.

19          THE COURT:  YOU HAVE THE RIGHT TO TESTIFY IN YOUR

20     OWN DEFENSE IF YOU WISH.  HOWEVER, YOU MAY NOT BE COMPELLED TO

21     TESTIFY IF YOU DO NOT WISH TO DO SO.  THAT'S CALLED YOUR RIGHT

22     AGAINST SELF-INCRIMINATION.

23         NOW, YOU MUST UNDERSTAND, SIR, THAT BY PLEADING GUILTY

24     THIS MORNING YOU DO INCRIMINATE YOURSELF TO THE HIGHEST DEGREE.

25          DO YOU UNDERSTAND THEN YOUR RIGHT AGAINST

1    SELF-INCRIMINATION?

2              THE DEFENDANT:  YES, I DO.

3              THE COURT:  AND DO YOU GIVE UP THAT RIGHT?

4              THE DEFENDANT:  YES, YOUR HONOR.

5              THE COURT:  NOW, SIR, I'M GOING TO ASK THE

6    GOVERNMENT NOW, MS. WEST IS GOING TO DESCRIBE FOR US A

7    STATEMENT THAT DESCRIBES THE EVENTS AND FACTS THAT DESCRIBE

8    THIS PROSECUTION.  I'M GOING TO INVITE YOU TO LISTEN VERY

9    CLOSELY TO THIS EXPLANATION OF FACTS THAT THE GOVERNMENT IS

10   PREPARED TO PROVE AT TRIAL IN THIS CASE.

11        AT ITS CONCLUSION WHEN MS. WEST IS FINISHED WITH ITS

12   DESCRIPTION, I'M GOING TO ASK YOU IF YOU WERE ABLE TO HEAR AND

13   UNDERSTAND THE THINGS THAT THE GOVERNMENT IS PREPARED TO PROVE

14   IN THEIR CASE AGAINST YOU.

15        I'LL THEN ASK YOU, SIR, IF THOSE FACTS ARE TRUE AND

16   CORRECT AND I'LL THEN ASK YOU FOR YOUR PLEA.

17        MS. WEST.

18              THE DEFENDANT:  YES.

19              MS. WEST:  THANK YOU.  IF THIS CASE WERE TO PROCEED

20   TO TRIAL THE GOVERNMENT WOULD BE PREPARED TO PROVE BEYOND A

21   REASONABLE DOUBT THAT ON OR ABOUT SEPTEMBER 16TH, 2010, THE

22   DEFENDANT WAS THE CHIEF EXECUTIVE OFFICER AND SOLE DESIGNATED

23   SCHOOL OFFICIAL FOR HERGUAN UNIVERSITY LOCATED IN SUNNYVALE,

24   CALIFORNIA.

25        ON THIS DATE THE DEFENDANT KNOWINGLY MADE AND USED A FALSE

1   DOCUMENT, SPECIFICALLY AN ACADEMIC WARNING LETTER FOR HERGUAN

2   UNIVERSITY KNOWING THAT IT CONTAINED A MATERIALLY FALSE,

3   FICTITIOUS OR FRAUDULENT STATEMENT IN THE MATTER WITHIN THE

4   JURISDICTION OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, PART

5   OF THE EXECUTIVE BRANCH OF THE UNITED STATES, BY PROVIDING IT

6   TO DHS'S STUDENT EXCHANGE VISITOR PROGRAM KNOWN AS SEVP.

7        THE DEFENDANT ALSO, THE GOVERNMENT WOULD BE PREPARED TO

8   PROVE, PARTICIPATED IN A SCHEME TO COMMIT VISA FRAUD WHICH

9   INVOLVED MORE THAN 100 IMMIGRATION RELATED DOCUMENTS KNOWN AS

10  FORMS I-20.

11       THE GOVERNMENT WOULD PROVE THAT THE DEFENDANT KNOWINGLY

12  AND INTENTIONALLY ASSISTED HERGUAN EMPLOYEES IN ACCESSING

13  WITHOUT GOVERNMENT AUTHORIZATION SEVIS NONPUBLIC DATABASE KNOWN

14  AS THE STUDENT AND EXCHANGE VISITOR INFORMATION SYSTEM, OR

15  SEVIS.

16       THE GOVERNMENT WOULD BE ABLE TO PROVE THAT THIS COMPUTER

17  WAS USED NONEXCLUSIVELY BY OR FOR THE UNITED STATES GOVERNMENT

18  BUT THAT THE UNAUTHORIZED ACCESS THAT THE DEFENDANT FACILITATED

19  AFFECTED THAT COMPUTER'S USE BY OR FOR THE UNITED STATES

20  GOVERNMENT.

21            THE COURT:  ALL RIGHT.  THANK YOU.  AND YOU WOULD --

22  THAT INFORMATION WAS GARNERED FROM INVESTIGATION INTO THE

23  GOVERNMENT RECORDS THAT THE GOVERNMENT HAS FROM THE RESPECTIVE

24  UNIVERSITY?

25            MS. WEST:  YES, AS WELL AS WITNESS INTERVIEWS.

```
 1                THE COURT:  ALL RIGHT.  THANK YOU.  SIR, WERE YOU
 2      ABLE TO HEAR AND UNDERSTAND THE THINGS THAT THE GOVERNMENT IS
 3      PREPARED TO PROVE IN THEIR CASE AGAINST YOU AS TO THIS CASE?
 4                THE DEFENDANT:  YES, YOUR HONOR.
 5                THE COURT:  ARE THOSE FACTS TRUE AND CORRECT, SIR?
 6                THE DEFENDANT:  YES, YOUR HONOR.
 7                THE COURT:  THANK YOU.  I JUST NEED TO GET THE
 8      SUPERSEDING INDICTMENT.  I THINK IT'S HERE.  LOOKING THROUGH
 9      THE CHARGING DOCUMENT.
10                MS. WEST:  I CAN PASS THE ONE I HAVE UP TO THE
11      COURT.
12                THE COURT:  THE ONE I HAVE IN THE FILE IS JULY 24,
13      2012.
14                MS. WEST:  THAT WAS THE ORIGINAL.  THE SUPERSEDING
15      INDICTMENT WAS OCTOBER 30TH, 2014, AND I'LL PASS MY COPY TO THE
16      COURT.
17                THE COURT:  THANK YOU.  ALL RIGHT.  THANK YOU.  I DO
18      HAVE THE SUPERSEDING INDICTMENT IN FRONT OF ME.  THE FILING
19      DATE IS OCTOBER 30TH, 2014.
20           IS THAT THE OPERATIVE DOCUMENT THEN, COUNSEL?
21                MS. WEST:  IT IS.
22                MR. CHATTERJEE:  YES, YOUR HONOR.
23                THE COURT:  ALL RIGHT.  THANK YOU.  IT IS ALLEGED,
24      SIR, IN THE SUPERSEDING INDICTMENT AS TO COUNT 12 THAT ON OR
25      ABOUT DECEMBER 16, 2010, IN THE NORTHERN DISTRICT OF CALIFORNIA
```

```
1    AND ELSEWHERE YOU DID KNOWINGLY MAKE AND USE A FALSE WRITING

2    AND DOCUMENT KNOWING IT TO CONTAIN A MATERIALLY FALSE,

3    FICTITIOUS AND FRAUDULENT STATEMENT IN A MATTER WITHIN THE

4    JURISDICTION OF THE EXECUTIVE BRANCH OF THE UNITED STATES,

5    SPECIFICALLY THE DEPARTMENT OF HOMELAND SECURITY, BY PROVIDING

6    SEVP PERSONNEL WITH THE FOLLOWING, AND, AGAIN, ON DECEMBER 16,

7    2010, THE HERGUAN ACADEMIC WARNING LETTER, ALL IN VIOLATION OF

8    TITLE 18, UNITED STATES CODE SECTION 1001, SUBSECTION (A)(3).

9        TO THAT CHARGE, SIR, WHAT IS YOUR PLEA?  IS YOUR PLEA

10   GUILTY OR NOT GUILTY?

11              THE DEFENDANT:  I PLEAD GUILTY.

12              THE COURT:  AND, COUNSEL, YOU CONCUR IN YOUR

13   CLIENT'S PLEA?

14              MR. CHATTERJEE:  I DO.

15              THE COURT:  AND STIPULATE TO A FACTUAL BASIS FOR IT?

16              MR. CHATTERJEE:  I DO.

17              THE COURT:  THE COURT WILL ACCEPT THE PLEA AND FIND

18   THAT THE DEFENDANT HAS MADE A KNOWING, INTELLIGENT AND FREE AND

19   VOLUNTARY WAIVER OF CONSTITUTIONAL RIGHTS AND ENTRY OF PLEA AND

20   THERE'S AN INDEPENDENT FACTUAL BASIS FOR EACH ELEMENT OF THE

21   OFFENSE, AND THE COURT WILL ORDER THE PLEA RECORDED AT THIS

22   TIME.

23       I WILL REFER YOUR CLIENT, COUNSEL, TO THE PROBATION

24   DEPARTMENT FOR PREPARATION OF A PRESENTENCE REPORT.

25       DO COUNSEL HAVE A SUGGESTED DATE FOR SENTENCING?
```

1        MR. CHATTERJEE:  YOUR HONOR, WE HAVEN'T CONFERRED

2    ABOUT THAT.

3        MS. WEST:  I WOULD ASSUME THE COURT WOULD JUST SET

4    IT 90 DAYS OUT.

5        THE COURT:  WELL, THAT'S WHAT WE TYPICALLY DO.  I

6    DON'T KNOW IF THIS CASE PRESENTS ANY DIFFERENTLY, COUNSEL?

7        MR. CHATTERJEE:  IF WE COULD ASK FOR A FEW -- A

8    LITTLE BIT LONGER THAN THAT I WOULD APPRECIATE IT.  FOR ONE

9    THING WE HAVE A LONG TRIAL IN JULY AND AUGUST.

10        THE COURT:  IS THAT WITH JUDGE BREYER?

11        MR. CHATTERJEE:  IT IS.

12        THE COURT:  YES.

13        MR. CHATTERJEE:  AND I WOULD ASK FOR A DATE IN

14    SEPTEMBER.

15        MS. WEST:  THAT'S FINE WITH THE GOVERNMENT.

16        THE COURT:  OKAY.  SO THIS WOULD TYPICALLY BE ON A

17    MONDAY UNLESS YOU HAVE ANOTHER DATE THAT COMPORTS WITH YOUR

18    SCHEDULES THAT YOU'D LIKE TO REQUEST.

19        MR. CHATTERJEE:  MONDAY IS FINE.

20        THE COURT:  OKAY.  MS. GARCIA, CAN YOU IDENTIFY A

21    MONDAY FOR US?

22        THE CLERK:  SEPTEMBER 14TH.

23        MS. WEST:  THAT'S FINE.

24        MR. CHATTERJEE:  NOVEMBER 14TH IS FINE.

25        THE CLERK:  SEPTEMBER.

1          THE COURT:  SEPTEMBER 14TH, SEPTEMBER 14TH AT 1:30.

2     AND, COUNSEL, YOU SHOULD KNOW THAT WE'LL CALENDAR IT AT 1:30,

3     AND I KNOW YOU BOTH TRAVEL FROM SAN FRANCISCO.

4          WE TYPICALLY CALL THE SENTENCING MATTERS AT THE FOOT OF

5     OUR CALENDAR.  SO IT MAY NOT BE, DEPENDING ON THE SIZE OF THE

6     CALENDAR WHICH TYPICALLY IS LARGE, I PROBABLY WOULDN'T GET THIS

7     TO CASE UNTIL 3:00 O'CLOCK.  THAT'S WHAT I'M GUESSING.  WE'LL

8     LEAVE IT ON THE 1:30 CALENDAR, BUT I GIVE YOU THAT FOR YOUR

9     TRAVEL INFORMATION.

10          MS. WEST:  THANK YOU.

11          THE COURT:  AND THE REMAINING COUNTS ARE UNDER

12     SUBMISSION UNTIL THE TIME OF SENTENCING.

13          MS. WEST:  YES.  THANK YOU.

14          THE COURT:  I WILL AT THIS TIME VACATE THE TRIAL

15     DATES PREVIOUSLY SET AND ALL OF THE OTHER OBLIGATIONS ATTACHED

16     TO THOSE.  THOSE ARE VACATED.

17          ANYTHING ELSE, COUNSEL?

18          MS. WEST:  I DON'T BELIEVE SO.

19          MR. CHATTERJEE:  I DON'T BELIEVE SO.

20          THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

21          MR. CHATTERJEE:  THANK YOU.

22          THE COURT:  YOU'RE WELCOME.

23          MS. WEST:  AND THANK YOU AGAIN FOR ACCOMMODATING US

24     ON VERY SHORT NOTICE.

25          THE COURT:  OH, YOU'RE WELCOME.

1          MR. CHATTERJEE:  THANK YOU, YOUR HONOR.

2       (COURT CONCLUDED AT 9:33 A.M.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3                        CERTIFICATE OF REPORTER

4

5

6

7        I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE UNITED

8    STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA,

9    280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

10   CERTIFY:

11       THAT THE FOREGOING TRANSCRIPT, CERTIFICATE INCLUSIVE, IS

12   A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE

13   ABOVE-ENTITLED MATTER.

14

15

16   _____
     IRENE RODRIGUEZ, CSR, CRR
     CERTIFICATE NUMBER 8076

17

18

19                  DATED:  APRIL 20, 2015

20

21

22

23

24

25