EDWIN PRATHER, SBN 190536
MAX MIZONO, SBN 286573
PRATHER LAW OFFICES
461 Bush Street, Suite 350
San Francisco, CA 94108
Telephone: 415.881.7774
Email: edwin@pratherlawoffices.com
        max@pratherlawoffices.com

Attorneys for Defendant
JERRY WANG

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERRRY WANG,<br><br>Defendant. | Case No.: CR-12-581-EJD<br><br>**DEFENDANT JERRY WANG'S NOTICE OF MOTION AND MOTION TO MODIFY THE TERMS AND CONDITIONS OF PRETRIAL RELEASE TO ALLOW FOR TRAVEL; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER**<br><br>Date: May 21, 2015<br>Time: 1:30 p.m.<br>Judge: Magistrate Judge Howard R. Lloyd |

## NOTICE OF MOTION AND MOTION

TO:     UNITED STATES OF AMERICA, PLAINTIFF; AND MELINDA HAAG, UNITED

        STATES ATTORNEY; AND HARTLEY M.K. WEST AND MAIA T. PEREZ,

        ASSISTANT UNITED STATES ATTORNEYS:

Defendant Jerry Wang's Notice of Motion and Motion to Modify the Terms and Conditions of Pretrial Release to Allow for Travel; Memorandum of Points and Authorities; [Proposed] Order [Case No.: CR-12-581-EJD]

1

1        PLEASE TAKE NOTICE that on May 21, 2015, at 1:30 p.m., or as soon thereafter as

2   this matter may be heard, in the courtroom of Magistrate Judge Howard R. Lloyd, defendant

3   JERRY WANG will and hereby does move this Court to modify the conditions of his pretrial

4   release to allow for out-of-district travel.  Mr. Wang seeks permission to travel to Honolulu,

5   Hawaii, located in the District of Hawaii in May or June 2015, on an itinerary to be preapproved

6   by Pretrial Services.

7        This motion is based on this notice of motion and motion, the attached memorandum of

8   points and authorities, the pleadings and records on file in this matter, the United States

9   Constitution, the Federal Rules of Criminal Procedure, all relevant statutory and case law, and

10  such arguments and evidence as the Court will entertain at the motion hearing.

11

12  Dated: May 12, 2015                         Respectfully submitted,

13

14

15  EDWIN PRATHER
    MAX MIZONO
16  PRATHER LAW OFFICES
    Attorneys for Defendant
17  JERRY WANG

18

19

20

21

22

23

24

25

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## I. INTRODUCTION

Defendant Jerry Wang stands before the Court having pled guilty to Use of a False Document in violation of 18 U.S.C. § 1001(a)(3).  Sentencing in Mr. Wang's matter is set for September 15, 2015.

Prior to sentencing, and pursuant to the Bail Reform Act, 18 U.S.C. § 3141, *et seq.,* Mr. Wang moves this Court to modify the terms and conditions of his pretrial release to permit out-of-district travel to the state of Hawaii, in May or June 2015.  Mr. Wang's request to modify the terms and conditions of his pretrial release to allow for out-of-district travel should be granted for four reasons: Mr. Wang has complied with the terms of pretrial release, Pretrial Services does not oppose the instant travel request, this Court has granted six of Mr. Wang's previous requests to travel out-of-district, and, Mr. Wang is not a flight risk.

## II. PROCEDURAL HISTORY AND BACKGROUND

On July 24, 2012, the United States Government filed a fifteen-count Indictment against Mr. Wang alleging, *inter alia,* conspiracy to commit visa fraud, etc.  On August 2, 2012, Mr. Wang made his initial appearance before this Court.  At his initial appearance, the Court released Mr. Wang on terms and conditions of pretrial release including, *inter alia,* a secured bond in the amount of $300,000, and the standard condition that Mr. Wang not leave the Northern District of California.  Mr. Wang surrendered his United States passport at this time.  On August 22, 2012, the Court amended the terms and conditions of Mr. Wang's pretrial release and lowered the bond amount to $263,000.

Between Mr. Wang's initial appearance in August 2012 and April 2015, the Court modified the terms and conditions of Mr. Wang's pretrial release six times to allow travel outside

Defendant Jerry Wang's Notice of Motion and Motion to Modify the Terms and Conditions of Pretrial Release to Allow for Travel; Memorandum of Points and Authorities; [Proposed] Order [Case No.: CR-12-581-EJD]

3

the Northern District of California.  On each of those six occasions, Mr. Wang traveled outside of the district without incident.

Recently, on April 9, 2015, Mr. Wang entered a guilty plea in this case to a single violation of 18 U.S.C. § 1001(a)(3), Use of a False Document.  The Court accepted Mr. Wang's entry of a guilty plea and deferred acceptance of the plea agreement submitted to the Court under Fed. R. Crim. P. 11(c)(1)(C) until Mr. Wang's sentencing hearing on September 15, 2105.

### III. ARGUMENT

The Bail Reform Act, 18 U.S.C. § 3141, *et seq.,* provides for the release of a defendant pending sentencing or appeal.  Section 3143 permits the release of a defendant pending sentencing if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."  18 U.S.C. § 3143(a).

On August 2, 2012, well before Mr. Wang's change of plea hearing, this Court determined by clear and convincing evidence that Mr. Wang was neither a flight risk nor a danger to the safety of the community and released him from custody.  The Court determined that the posting of a $300,000 bond, secured by both property and cash, later lowered to $263,000, was sufficient to guarantee Mr. Wang's personal appearance in court.

With sentencing set to occur on September 15, 2015, Mr. Wang now requests that the Court modify the terms of his release pursuant to Section 3145 of the Act, which states in pertinent part: "if a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court – the person may file, with the court having original jurisdiction over the offense, a motion for the amendment of the conditions of release."  18 U.S.C. § 3145(a)(2).

Defendant Jerry Wang's Notice of Motion and Motion to Modify the Terms and Conditions of Pretrial Release to Allow for Travel; Memorandum of Points and Authorities; [Proposed] Order [Case No.: CR-12-581-EJD]

4

Accordingly, Mr. Wang's request to modify the terms and conditions of his pretrial release to allow for out-of-district travel to the state of Hawaii during May or June 2015 should be granted for four reasons.  First, Mr. Wang has complied with the terms of his pretrial release.  Second, United States Pretrial Services Officer LaDreena Walton does not oppose Mr. Wang's current travel request.  Third, this Court has indeed granted six of Mr. Wang's prior requests for out-of-district travel.  Fourth, and combined with the three preceding reasons, Mr. Wang is not a flight risk.

**1. Mr. Wang Has Complied with the Terms of Pretrial Release**

Mr. Wang's history of compliance with the terms and conditions of his pretrial release supports the granting of the instant motion.  Mr. Wang has been on pretrial release since August 2012 and has complied with and abided by the terms and conditions of his pretrial release.  Among those terms, Mr. Wang has appeared at all proceedings as ordered by the Court.  Mr. Wang has complied with his travel restrictions to remain within the Northern District of California, except in those occasions where Mr. Wang requested and was granted out-of-district travel.  Mr. Wang has further surrendered his United States passport to Pretrial Services and has not applied for another travel document.

It should be noted that Mr. Wang's compliance with his pretrial release has not been without its difficulties.  On three occasions, Mr. Wang was tardy in contacting his Pretrial Services officer via telephone, as required on the 1st and 15th of each month.  Mr. Wang also received a speeding ticket during this period.  For each instance, the Court agreed with Pretrial Services that no action was necessary.

The Government will likely point to Mr. Wang's failures as why he should not be allowed to travel outside of the district.  In nearly three years on pretrial release, however, Mr.

Defendant Jerry Wang's Notice of Motion and Motion to Modify the Terms and Conditions of Pretrial Release to Allow for Travel; Memorandum of Points and Authorities; [Proposed] Order [Case No.: CR-12-581-EJD]

5

Wang was tardy only three times in contacting Pretrial Services and rectified his errors almost immediately. Moreover, since August 2012, Mr. Wang has checked in with Pretrial Services via telephone sixty-three times, and has been otherwise exemplary on pretrial release since May 2014. As such, Mr. Wang's compliance with the terms and conditions of his pretrial release nearly without incident supports his instant request.

**2. Pretrial Services Does Not Object to Mr. Wang's Request**

Counsel for Mr. Wang contacted United States Pretrial Services Officer LaDreena Walton, who stated that she has no objection to Mr. Wang's present travel request. Officer Walton explained she does not oppose the travel request because Mr. Wang has been compliant with the terms of his pretrial release for over a year since May 2014. Officer Walton further indicated that Mr. Wang's mistakes have been minor which did not require further action by Pretrial Services or the Court.

**3. The Court Has Granted Six of Mr. Wang's Previous Travel Requests**

Mr. Wang's instant travel request should be granted to parallel the Court's rulings on six of Mr. Wang's prior travel requests. The Court granted Mr. Wang's first travel request only two months after his initial appearance in this case on October 3, 2012. *See* Docket ("Dkt.") No. 13. On November 13, 2012, the Court granted Mr. Wang's request to travel to Las Vegas, Nevada. *See* Dkt. No. 16. On April 25, 2013, however, the Court denied Mr. Wang's request to travel to the state of Hawaii. This was the lone time the Court denied Mr. Wang's request for out-of-district travel. *See* Dkt. No. 32.

The Court granted Mr. Wang's subsequent travel request to Southern California on May 15, 2014. *See* Dkt. No. 37. It must be noted that the United States Attorney's Office ("USAO") stipulated to Mr. Wang's request, even though Mr. Wang provided no business, medical, or

Defendant Jerry Wang's Notice of Motion and Motion to Modify the Terms and Conditions of Pretrial Release to Allow for Travel; Memorandum of Points and Authorities; [Proposed] Order [Case No.: CR-12-581-EJD]

6

1    family need for the travel. *See* Dkt. No. 36. On August 14, 2013, Mr. Wang again requested

2    out-of-district travel to Las Vegas, Nevada. No reason was provided for the travel and the

3    USAO did not oppose the request. *See* Dkt. No. 58. The Court granted Mr. Wang's request on

4    August 20, 2013. *See* Dkt. No. 59

5         Seven months later, on March 12, 2014, Mr. Wang requested out-of-district travel to

6    Seattle, Washington. Mr. Wang again did not specify the reason for the travel and the USAO did

7    not oppose it. The Court granted the request on March 14, 2014. *See* Dkt. No. 82. Most

8    recently, on December 18, 2014, Mr. Wang's requested holiday travel to Lake Tahoe, California

9    and to Reno, Nevada from December 20-22, 2014, and again from December 26-29, 2014. *See*

10   Dkt. No. 145. It is presumed this travel was for vacation. The Court granted the request on

11   December 18, 2014.

12        As the Court is surely aware, Mr. Wang did not specify in writing the need for travel on

13   his last four requests. Moreover, the Court permitted Mr. Wang to travel outside the state of

14   California on his last three trips. For example, Mr. Wang's most recent trip was for "holiday

15   travel" - to Lake Tahoe, California and also to Reno, Nevada in December 2014. The Court

16   granted this personal travel request, part of it outside the state, as well as the three preceding it,

17   despite previous opposition from the USAO's for travel unrelated to "business, medical, or

18   family" necessity. *See* Dkt. No. 36.

19        Mr. Wang's instant request for travel to Hawaii is also for personal reasons. He seeks the

20   guidance and advice of a world-renowned spiritual advisor and psychic located in Honolulu,

21   Hawaii regarding the disposition of his case prior to his sentencing hearing on September 15,

22   2015. His travel request, like the three preceding it, is also for travel outside the state of

23   California.

Defendant Jerry Wang's Notice of Motion and Motion to Modify the Terms and Conditions of Pretrial
Release to Allow for Travel; Memorandum of Points and Authorities; [Proposed] Order
[Case No.: CR-12-581-EJD]

7

Accordingly, given the Court's willingness to grant Mr. Wang's previous travel requests for personal reasons, as well as for travel outside the state of California, Mr. Wang's instant request should be similarly granted.

**4. Mr. Wang is Not a Flight Risk**

Mr. Wang is not a flight risk.  The lone time the Court denied Mr. Wang's travel request, which incidentally was also to Hawaii, the USAO filed an opposition arguing that Mr. Wang was a flight risk.  For the reasons listed below, such a position is currently without merit.

First, Mr. Wang is not a flight risk because his release from custody is secured by a $263,000 bond in both property and cash.  *See* Dkt. No. 9.  The return of this bond rests on the successful resolution of Mr. Wang's case, namely, the completion of sentencing on September 15, 2015.  Were Mr. Wang to leave the Northern District of California without the approval of Pretrial Services and abscond, or alternatively, deviate from pre-approved out-of-district-travel and abscond, Mr. Wang would forfeit the entirety of the bond, a circumstance Mr. Wang and his family cannot afford.  As such, there is no chance Mr. Wang will flee the jurisdiction and risk forfeiture.

Second, Mr. Wang is not a flight risk because such a position is antithetical to the current posture of the case.  Mr. Wang has previously surrendered his United States passport and has pled guilty pursuant to a plea agreement, with sentencing set for September 15, 2015.  Mr. Wang's exposure per the terms of his plea agreement ranges from a period or incarceration of three to twenty-four months, a relevant factor in assessing risk of flight.

Prior to his guilty plea, however, Mr. Wang faced a significant custodial sentence well over twenty-four months based on the numerous charges against him.  The Court considered his high criminal exposure, and nevertheless released Mr. Wang from custody, after clear and

Defendant Jerry Wang's Notice of Motion and Motion to Modify the Terms and Conditions of Pretrial Release to Allow for Travel; Memorandum of Points and Authorities; [Proposed] Order [Case No.: CR-12-581-EJD]

8

convincing evidence demonstrated Mr. Wang was neither a flight risk nor a danger to the community.  Indeed, throughout the duration of this case, Mr. Wang validated the Court's determination and has proved he is not a flight risk.

Third, and perhaps most importantly, on all prior trips outside the Northern District of California, Mr. Wang promptly returned to the Northern District of California as directed by Officer Walton and the Court.  Each time, Mr. Wang traveled on itineraries submitted to Pretrial Services and fully complied with the terms and conditions of his pretrial release.

Should the Court have any concerns or reservations regarding Mr. Wang's travel to the state of Hawaii, counsel for Mr. Wang is willing and able to accompany him there to ensure that Mr. Wang promptly returns to the Northern District of California as directed by Pretrial Services.

Accordingly, the modification of the terms and conditions of Mr. Wang's pretrial release to permit out-of-district travel to Hawaii in May or June 2015 is appropriate.  Mr. Wang's history of compliance with the terms and conditions of his pretrial release, the lack of an objection by Officer Walton regarding this travel request, the Court's prior rulings on Mr. Wang's travel requests, and the fact that Mr. Wang is not a flight risk, provide compelling reasons for the granting of the instant motion.

### IV. CONCLUSION

For the reasons set forth above, as well as for any others that this Court may deem appropriate, Mr. Wang respectfully requests that the Court modify the conditions of his pretrial release to permit out-of-district travel to Honolulu, Hawaii, located in the District of Hawaii in May or June 2015, on an itinerary to be preapproved by Pretrial Services.

//

//

Defendant Jerry Wang's Notice of Motion and Motion to Modify the Terms and Conditions of Pretrial Release to Allow for Travel; Memorandum of Points and Authorities; [Proposed] Order [Case No.: CR-12-581-EJD]

9

1   Dated: May 12, 2015                                  Respectfully submitted,

2

3                                                        _____

4                                                        EDWIN PRATHER
                                                         MAX MIZONO
5                                                        PRATHER LAW OFFICES
                                                         Attorneys for Defendant
6                                                        JERRY WANG

7

8

9                              **[PROPOSED] ORDER**

10          GOOD CAUSE APPEARING, the Court hereby GRANTS defendant Jerry Wang's

11  Motion to Modify the Terms and Conditions of Pretrial Release to Allow for Travel.  The terms

12  and conditions of Mr. Wang's pretrial released are hereby modified to allow Mr. Wang to travel

13  to the state of Hawaii on dates and an itinerary to be preapproved by Pretrial Services.  All other

14  terms and conditions of Mr. Wang's pretrial release are to remain the same.

15          IT IS SO ORDERED.

16

17  Dated: _____             _____

18                                         THE HONORABLE HOWARD R. LLOYD
                                           MAGISTRATE JUDGE
19

20

21

22

23

24

25

Defendant Jerry Wang's Notice of Motion and Motion to Modify the Terms and Conditions of Pretrial
Release to Allow for Travel; Memorandum of Points and Authorities; [Proposed] Order
[Case No.: CR-12-581-EJD]

10