1  BRIAN J. STRETCH (CABN 163973)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  HARTLEY M. K. WEST (CABN 191609)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6747
7       FAX: (415) 436-7234
        Hartley.West@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CR 12-0581 EJD |
|---|---|
| Plaintiff, | ) UNITED STATES' SENTENCING MEMORANDUM |
| v. | ) |
| JERRY WANG, | ) |
| Defendant. | ) |

## I.   INTRODUCTION

Defendant Jerry Wang was indicted in July 2012 for conspiracy to commit visa fraud, visa fraud, unauthorized access of a government computer, use of false documents, and aggravated identity theft. A few weeks before trial on a 14-count superseding indictment, Wang pleaded guilty to one count of using a false document. The plea agreement provides that the government will not seek a sentence of imprisonment greater than 24 months (the mandatory term for the aggravated identify theft counts that will be dismissed upon sentencing), and Wang will not seek a sentence lower than three months. The United States now recommends a sentence of 24 months' imprisonment, forfeiture of $700,000, three years' supervised release, and a $100 special assessment.

U.S. SENTENCING MEMORANDUM
CR 12-581 EJD

## II.     DISCUSSION

### A.     Offense Conduct Admitted by Defendant in Plea Agreement

Paragraph 2 of the plea agreement summarizes the core facts underlying Wang's offense of conviction.  On or about December 16, 2010, Wang was the Chief Executive Officer and sole Designated School Official for Herguan University, located in Sunnyvale, California.  On this date, he knowingly made and used a false document, specifically an Academic Warning Letter for Herguan University, knowing that it contained a materially false, fictitious, or fraudulent statement, in a matter within the jurisdiction of the U.S. Department of Homeland Security, part of the executive branch of the United States, by providing it to DHS's Student and Exchange Visitor Program (SEVP).

The plea agreement also sets forth facts underlying other criminal conduct by Wang.  Wang admitted participating in a scheme to commit visa fraud, which involved more than one hundred immigration-related documents known as Forms I-20.  He further admitted having knowingly and intentionally assisted Herguan employees in the unauthorized access of DHS's database known as the Student and Exchange Visitor Information System (SEVIS).

### B.     Calculation of the Sentencing Guidelines

In Paragraph 17 of the Plea Agreement, the government agreed to recommend the Sentencing Guidelines calculations set forth in the Paragraph 7 of the Plea Agreement:

|  | U.S.S.G. § | Level/Pts |
|---|---|---|
| **Visa Fraud/Conspiracy** |  |  |
| Base offense level | 2L2.1(a) | 11 |
| 100+ documents | 2L2.1(b)(2)(C) | +9 |
| Adjusted offense level |  | 20 |
| **Unauthorized Access** |  |  |
| Base offense level, Use Attempt guideline | 2B2.3(a) | 4 |
| Computer system used by government in furtherance of national security | 2B2.3(b)(1) | +2 |
| Cross-reference to Attempt Gdln | 2B2.3(c)(1)/ 2X1.1(a) | 20 |

| | | |
|---|---|---|
| Adjusted offense level | | 20 |
| **Use of False Documents** | | |
| Base offense level | 2B1.1(a)(2) | 6 |
| Adjusted offense level | | 6 |
| **Grouped Offense Level** | | |
| Group I (visa fraud/conspiracy, false docs): 20 (1 unit)<br>Group II (unauthorized access):             20 (1 unit) | 3D1.4 | +2 |
| Combined Offense Level | | 22 |
| Acceptance of Responsibility: | 3E1.1 | -3 |
| **Total Offense Level** | | 19 |

The government understands that U.S. Probation has applied an obstruction of justice enhancement relating to Wang's use of false document, which does not affect the guidelines calculation, and a different grouping application, which lowers the total offense level to 17. The government stands by its promises in the Plea Agreement, but does not dispute Probation's lower guideline calculation. The advisory guideline range under the Plea Agreement is 30-37 months. Under Probation's calculation it is 24-30 months.

**C.     18 U.S.C. § 3553(a) Factors**

Title 18, United States Code, Section 3553(a) requires the court to "impose a sentence sufficient, but not greater than necessary" after considering "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with training, medical care, or other correctional treatment; the Sentencing Guidelines; and the need to avoid unwarranted sentencing disparity between similarly situated defendants.

The nature and circumstances of Wang's offense, and his admitted conduct surrounding it, are serious. The CEO of a school approved by the U.S. Government to admit foreign students, Wang engaged in a broad scheme to commit visa fraud that involved more than one hundred immigration-

related documents. He manufactured a false document, an Academic Warning Letter, and fraudulently presented it to DHS. Using his special Designated School Official status, Wang aided and abetted the unauthorized access of DHS's SEVIS database.

There is nothing about Wang's history and characteristics that excuses his conduct. Although he faced social challenges immigrating to the United States at 13, he ultimately graduated from UC Santa Barbara. He started working for his parents – who founded and ran Herguan as well as its co-located school, University of East West Medicine, and affiliated business, Vital Core – right after college.

There are no similarly situated defendants and thus no sentencing disparity issue. Nor does the defendant apparently require any training, medical care, or other correctional treatment.

**D.   Government's Sentencing Recommendation**

The serious nature of these offenses and the circumstances surrounding them demands an appropriately serious sentence, one that will promote this defendant's respect for the law and provide just punishment, and afford adequate deterrence. The government believes that a sentence of 24 months' imprisonment appropriately meets these needs, while adequately taking into account Wang's history and characteristics. The United States further recommends that the Court impose forfeiture of $700,000, as required under the Plea Agreement (and which Wang has just paid). In light of Wang's forfeiture and his lack of financial resources, the government agrees with Probation that a fine is unnecessary. Finally, the government recommends a supervised release term of three years and a special assessment of $100.

### III.   CONCLUSION

For the foregoing reasons, the United States asks the Court to sentence the defendant, Jerry Wang, to an imprisonment term of 24 months; a supervised release term of three years; $700,000 in forfeiture; and a $100 in special assessment.

MELINDA HAAG
United States Attorney

/s/

HARTLEY M. K. WEST
Assistant United States Attorney